# WILLKIE FARR & GALLAGHER LLP

BENITO ROMANO
212 728 8258
bromano@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 8, 2008

**VIA FACSIMILE**

Hon. Barbara S. Jones
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Fax: (212) 805-6191



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/08

Re: *Leslie Dick Worldwide, Ltd. et al. v. George Soros, et al.*, Case No. 08 Civ. 7900

Dear Judge Jones:                MEMO ENDORSED

We represent defendants George Soros and Soros Fund Management LLC (collectively, "the Soros Parties") in the above-captioned action[1] and have been authorized to submit this letter on behalf of several other defendants who purportedly have been served with the summons and complaint (collectively, "defendants")[2] We write on behalf of defendants to request an extension of the time for defendants to answer, move or otherwise respond to the complaint in this matter, which request was denied by plaintiffs' counsel in a telephone call yesterday. This is the first request for such relief in this action. For the reasons stated below, we respectfully request an extension until December 22, 2008, which is less than 60 days from the time we would otherwise have to respond to the complaint.[3]

---

[1] SFM Management LLC, also named as a defendant, is unrelated to the Soros Parties and is apparently an entity on Long Island that plaintiffs have mistakenly named in this lawsuit.

[2] These include: Conseco Inc; Carmel Fifth LLC; Kirkland & Ellis LLP; Vornado Realty Trust; Cerberus Capital Management, LP; Eastdil Secured, LLC; Deutsche Bank, AG; German American Capital Corp; Harry Macklowe; and Fried, Frank, Harris Shriver & Jacobson LLP. Lazard Freres & Co., LLC, which we understand from its counsel has not yet been served, nevertheless joins in this letter.

[3] Different defendants have been served at different times, and plaintiffs' counsel has indicated that at least one defendant remains to be served, so there is no single response date for all defendants. In a telephone call on October 7, plaintiffs' counsel, Mr. Relkin, indicated that the Soros Parties had until October 22, 2008 to



Hon. Barbara S. Jones
October 8, 2008
Page 2

## The Complaint

The 95-page, 458-paragraph complaint in this matter alleges a RICO and antitrust conspiracy between the Soros Parties; Donald Trump; the law firms of Fried Frank and Kirkland & Ellis; Deutsche Bank; the Conseco insurance company; the Lazard investment bank; the private investment firm, Cerberus Capital Management, LP, and assorted others. The complaint contains an incomprehensible jumble of groundless allegations, including that a litigation between Conseco and Trump was "fabricated" so that George Soros, the "mastermind" of the alleged racketeering enterprise could "launder money" through the sale of the General Motors Building (Compl. ¶ 97); and that Conseco and Mr. Trump engaged in motions to disqualify party-appointed arbitrators when "no actual conflict existed," and other procedural machinations, including fraudulent statements of intentions to appeal, all as part of a "scheme to keep the General Motors Building in arbitration" and outside of bankruptcy court jurisdiction so that it could be sold to Harry Macklowe as a "front man" for George Soros. (Compl. ¶¶ 245-53, 316, 322, 342.) Sprinkled throughout the complaint are wholly irrelevant allegations ranging from Latin American cocaine and drug trafficking, to alleged failures by Conseco to pay health care claims, to unrelated accounting frauds, financial restatements and SEC charges; and executive signing bonuses and compensation. The prolixity of the complaint alone renders it all but impossible to respond to and deficient under Rule 8(a).

As best we can tell, the gravamen of plaintiffs' complaint, though not beginning until page 71, is that Mr. Dick was defrauded out of the opportunity to successfully bid on the sale of the GM Building in 2003, which he contends was sold in a "sham" auction. (*See* Compl. ¶¶ 339-373). That plaintiff seeks to obscure his core claim is perhaps explainable by the fact that (1) he previously sued, and lost, on the very same claim in New York State Court, resulting in a dismissal of his complaint by Justice Moskowitz and affirmance by the First Appellate Department that is *res judicata* here (*see Leslie Dick Worldwide, Ltd. v. Macklowe Props., Inc.*, 50 A.D.3d 596, 857 N.Y.S.2d 86 (1st Dep't 2008), *leave to appeal denied*, 11 N.Y.3d 702 (2008) (the "State Action")); and (2) the alleged RICO and antitrust injury was sustained at the time of the sale in 2003, and thus the claims are barred under the four-year statute of limitations applicable to RICO and the Sherman Act. Thus, quite apart from the total lack of factual merit to the myriad allegations, the complaint is legally deficient on its face for these and other reasons.[4]

## The Refusal of an Extension

Because of the length, prolixity, and virtual incomprehensibility of the complaint, and in order to enable more than a dozen defendants to try to coordinate their efforts to file at least one global brief

---

respond to the complaint, and represented that he would forbear from seeking any default judgment prior to that date.

[4] Among the complaint's other legal infirmities, which we will not belabor here, are (1) failure to plead relatedness and continuity sufficient to establish a "pattern" of racketeering; failure to plead fraud with particularity under Rule 9(b); failure to plead a RICO "enterprise" among all defendants; and failure to plead injury to competition for antitrust purposes.

4502812.2



Hon. Barbara S. Jones
October 8, 2008
Page 3

addressing common issues (rather than multiple duplicative briefs), and more targeted briefs from some defendants on matters particular to them, we contacted plaintiffs' counsel, David Relkin, Esq. to seek an extension of time on behalf of all defendants who have been served. In a telephone conversation on October 7, Mr. Relkin refused, citing as the sole reason his client's instruction not to agree to any extensions because of purported unspecified "death threats" Mr. Dick had received and his client's desire for a prompt response to the complaint.[5] Not only would the request for time, to make a more efficient and streamlined presentation, be in the interests of defendants and the Court, but it would be in plaintiffs' interests as well given that some or all defendants intend to file Rule 11 motions and seek related relief, in the form of a Local Rule 54.2 motion to secure the payment of costs for sanctions. Plaintiff could use the time as an opportunity to assess those motions and consider whether to withdraw his complaint within 21 days after service of the motion. *See* Fed. R. Civ. P. 11(c)(2).

Request for Relief

For the above reasons, defendants respectfully submit that an extension of time until December 22, 2008 to answer, move or otherwise respond to the complaint is appropriate and desirable. Defendants are flexible as to allowing plaintiffs sufficient time to brief any motions and, further, are amenable to accepting service and/or waiving any defects in service in return. The Court may also wish to consider other mechanisms, such as requiring a RICO Case Statement,[6] ordering repleading consistent with Rule 8(a), and/or a conference to discuss these matters, in the event plaintiffs elect to go forward with this case.

Respectfully submitted,

Benito Romano

cc: David H. Relkin, Esq. (via Fax)
All Defense Counsel

APPLICATION GRANTED.
Defendants' deadline to respond to complaint is extended to 12/22/08

SO ORDERED
Dated:
BARBARA S. JONES
U.S.D.J.
10/14/08

---

[5] Mr. Dick has often displayed a vivid imagination in the past. In the State Action, he filed an affidavit asserting that Mr. Soros was personally spying on him at a bar at Grand Central Terminal. In a prior, equally spurious RICO suit against American Express (No. 92 Civ. 7753), which also was filed in this Court after Mr. Dick lost the same claim in prior state and federal court actions, Mr. Dick submitted an affidavit alleging that Judge Thomas Griesa was involved in a conspiracy of "corruption and obstruction of justice" along with American Express, apparently involving Richard Nixon, Gerald Ford, Henry Kissinger, as well as Mr. Dick's former lawyer and the Clerk of the Southern District. Later in the same case, in open court before Judge Denny Chin, Mr. Dick accused the Court of having "trampled on" his rights for refusing to enter a default judgment.

[6] *See, e.g., Larsen v. Nikko America, Inc.*, No. 89 Civ. 2809, 1996 U.S. Dist. LEXIS 11163 (S.D.N.Y. Aug. 5, 1996) (Jones, J.) (referencing RICO Case Statement).

4502812.2