# FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

One New York Plaza
New York, NY 10004-1980
Tel: 212.859.8000
Fax: 212.859.4000
www.friedfrank.com

Direct Line: 212.859.8259
Fax: 212.859.4000
douglas.flaum@friedfrank.com

December 5, 2008

[Received stamp: DEC -8 2008]

[Filed stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 12/8/08]

**By Hand**

Hon. Theodore H. Katz
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1660
New York, NY 10007-1312

Re: *Leslie Dick Worldwide, Ltd. v. George Soros, et al.,*
No. 08 Civ. 7900 (BSJ/TK)

Dear Magistrate Judge Katz:

    We respectfully submit this letter on behalf of defendants Harry Macklowe and Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), in response to this Court's request for a brief response to Plaintiffs' request to seek disqualification of certain counsel in this matter, including Fried Frank. As detailed further herein, Plaintiffs — who have never been represented by Fried Frank on any matter — do not have a good faith basis for pursuing a disqualification motion, and Plaintiffs should not be permitted to tactically use the specter of such a motion as a means to delay the resolution of the dismissal motions that we understand each Defendant will be filing on December 22, 2008 in accordance with the Court's order of October 14, 2008.

    Longstanding precedent in this Circuit holds that "motions to disqualify counsel are generally disfavored" (*Drag Racing Techs. Inc. v. Universal City Studios, Inc.*, No. 02 Civ. 0958 (BSJ/JF), 2003 U.S. Dist. LEXIS 6861, at *7 (S.D.N.Y. April 23, 2003)) because courts recognize that such motions "are often tactically motivated, cause undue delay, add expense and have an immediate adverse effect on the client by separating him from counsel of his choice." *Id.* (citations and quotations omitted). *See also Med. Diagnostic Imaging, PLLC v. Carecore Nat'l LLC*, 542 F. Supp. 2d 296, 306 (S.D.N.Y. 2008) (same); *Solow v. Conseco, Inc.,* No. 06 Civ. 5988 (BSJ/THK), 2007 U.S. Dist. LEXIS 40479, at *13 (S.D.N.Y. June 4, 2007) ("Disqualification motions are often brought for tactical reasons, and even when made in good faith, delay litigation."). Accordingly, a moving party must satisfy a high standard of proof to disqualify counsel of a party's choosing. *Id.*

    A disqualification motion in this case would be solely about tactics and delay. It is not just that Plaintiffs have never been clients of Fried Frank (or any of the other law firms about which Plaintiffs complain), and thus the main circumstance that might justify disqualification is

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Hon. Theodore H. Katz                                                                                   Page 2

entirely absent. *Board of Educ. of the City of N.Y. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979) (most common situation for disqualification is where an attorney is adverse to a current or former client). Rather, Plaintiffs' current threats to disqualify Fried Frank come on the heels of years of litigation where Mr. Macklowe was successfully represented by Fried Frank in state court over the very same issue that is at the core of this action: whether Plaintiffs were defrauded in connection with the sale of the General Motors building. Notably, throughout the state court action — indeed, up to the New York Court of Appeals' denial of Plaintiffs' motion for leave to appeal its dismissal just six days before Plaintiffs commenced this proceeding — Plaintiffs never challenged Fried Frank's representation of Mr. Macklowe. Having already endured more than two years of litigation with Plaintiffs, Mr. Macklowe should not now be required to drop his preferred counsel and bear the added expense of retaining new counsel to deal with claims that are substantively identical to those that have already been resolved in his favor.

Plaintiffs' suspect motivations are only compounded by the utter lack of any substantive basis for disqualifying Fried Frank. As noted above, Plaintiffs have never been clients of Fried Frank, and thus none of the concerns that might be raised about sharing confidences of a client exist here. *Nyquist*, 590 F.2d at 1246; *Med. Diagnostic Imaging*, 542 F. Supp. 2d at 306. Nor have Plaintiffs presented any other plausible grounds for disqualification. Plaintiffs note that Fried Frank is representing itself and Mr. Macklowe, as if this were *per se* improper. It certainly is not. Merely because Plaintiffs, having lost in state court, have chosen to name Fried Frank as a defendant does not disqualify it from representing Mr. Macklowe where, as here, no conflict exists between Fried Frank and Mr. Macklowe. *H&H Acquisition Corp. v. Fin. Intranet Holdings, et al.*, No. 98 Civ. 5269 (BSJ), 2000 U.S. Dist. LEXIS 5463, at **5-9 (S.D.N.Y. Apr. 26, 2000) (permitting counsel to represent itself and several other defendants). In any event, Mr. Macklowe has consented to Fried Frank representing him along with itself. Likewise, Plaintiffs mention Fried Frank's court-approved representation of the Unsecured Creditors Committee in the Conseco bankruptcy, but provide no reason as to why its representation of a committee in a bankruptcy proceeding that concluded prior to the sale of the GM building precludes its representation of Mr. Macklowe in this action. Again, there is none (*cf. Solow*, 2007 U.S. Dist. LEXIS 40479, at *24) and "mere conjecture and speculation [are] insufficient to support a motion for disqualification." *In re Enron Corp.*, No. 02 Civ. 5638 (BSJ), 2003 U.S. Dist. LEXIS 1442, at **24-25 (S.D.N.Y. Jan. 28, 2003).

Lastly, because Plaintiffs have absolutely no legitimate grounds for seeking disqualification, if Plaintiffs actually were to file such a motion, it should not prevent Defendants from filing clearly meritorious dismissal motions against a complaint that is entirely frivolous. *See, e.g., BDO Seidman, LLP v. Am. Inst. of CPAs*, No. 01 Civ. 8983 (WK), 2001 U.S. Dist. LEXIS 20321 (S.D.N.Y. Dec. 10, 2001) (denying motion to stay resolution of dismissal motions pending determination of disqualification motion).[1] Defendants should be allowed to proceed

---

1   While we recognize that, in some instances, courts have exercised their discretion to defer resolution of dismissal motions pending ruling on a disqualification motion, in those cases — unlike here — the disqualification issue centered on whether a party's counsel had represented its adversary as well. *E.g.*,

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Hon. Theodore H. Katz                              Page 3

with their dismissal motions on the schedule set by the Court in October — an order that was only necessitated by Plaintiffs' refusal to agree to Defendants' request for a reasonable extension and briefing schedule. Mr. Macklowe has already endured lengthy litigation with Plaintiffs over the sale of the GM building, and should not be further delayed simply because Plaintiffs now claim they intend to proceed with a disqualification motion that they have been threatening for the last six weeks and which, quite frankly, has no merit or proper purpose.

       We are prepared to address any additional issues the Court may have.

                                       Respectfully submitted,

                                       Douglas H. Flaum
                                       Howard W. Goldstein

DF:jz/7141925

cc: David H. Relkin, Esq. (by e-mail)
     Defense Counsel of Record (by e-mail)

*[Handwritten order:]* Plaintiff may file his disqualification motion, but the Court will not stay the submission of motions to dismiss the Complaint on the basis of the proposed disqualification motion. Plaintiff was never represented by Defendants' counsel and, thus, any purported conflict of interest poses no direct threat to Plaintiff's.

**SO ORDERED**

12/8/08      Theodore H. Katz
_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Corona v. Hotel & Allied Servs. Union Local 758, No. 04 Civ. 1004 (RCC), 2005 U.S. Dist. LEXIS 11688, at *4 (S.D.N.Y. June 10, 2005).