UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
LESLIE DICK WORLDWIDE, LTD. and LESLIE  :
DICK,                                    :
                                         :
                    Plaintiffs,          :
          v.                             :
                                         :
GEORGE SOROS, SOROS FUND MANAGEMENT      :
LLC, SFM MANAGEMENT, LLC, CONSECO, INC., :   Hon. Barbara S. Jones
VORNADO REALTY TRUST, GERMAN             :
AMERICAN CAPITAL CORP., DEUTSCHE BANK,   :   No. 08 CV 7900 (BSJ) (THK)
AG., EASTDIL SECURED, LLC, HARRY         :
MACKLOWE, FIG, LLC, CERBERUS CAPITAL     :   ECF Case
MANAGEMENT, LP, LAZARD FRERES & CO.,     :
LLC, KIRKLAND & ELLIS, LLP, FRIED, FRANK,:
HARRIS, SHRIVER & JACOBSON LLP, CARMEL   :
FIFTH, LLC, 767 MANAGER, LLC, DONALD J.  :
TRUMP and John Does "1" through "10,"    :
                                         :
                    Defendants.          :
------------------------------------------------------------------ x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CERBERUS CAPITAL MANAGEMENT, LP'S MOTION TO DISMISS THE COMPLAINT

Howard O. Godnick
David K. Momborquette
Jason Mitchell

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Tel. (212) 756-2000
Fax (212) 593-5955

*Attorneys for Cerberus Capital Management, LP*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii
PRELIMINARY STATEMENT ................................................................................................... 1
STATEMENT OF FACTS ............................................................................................................ 3
ARGUMENT .................................................................................................................................. 4
I.    PLAINTIFFS' RICO CLAIMS ASSERTED AGAINST CERBERUS SHOULD BE DISMISSED. ...................................................................................................................... 4
    A.    Plaintiffs' RICO Claims Are Barred By The Doctrines Of Res Judicata And Collateral Estoppel. ........................................................................................... 4
    B.    Plaintiffs' RICO Claims Are Barred By The Statute Of Limitations. ...................... 7
    C.    Plaintiffs Have Failed To Adequately Plead A RICO Claim Against Cerberus. ..... 8
II.    PLAINTIFFS HAVE FAILED TO STATE A SHERMAN ACT CLAIM AGAINST CERBERUS. ...................................................................................................................... 9
III.    THE CLAIMS SHOULD BE DISMISSED WITH PREJUDICE. ..................................... 9
CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*Adler v. Berg Harmon Assocs.*,
  790 F. Supp. 1222 (S.D.N.Y. 1992) ................................................................................9

*Allen v. New World Coffee, Inc.*,
  No. 00-CV-2610, 2002 WL 432685 (S.D.N.Y. Mar. 19, 2002) .................................8

*Calka v. Kucker & Bruh, LLP*,
  No. 99-CV-4999, 2000 WL 557266 (S.D.N.Y. May 8, 2000) ...................................6

*Corto v. Lefrak*,
  610 N.Y.S.2d 214 (1st Dep't 1994) .................................................................................6

*Discon, Inc. v. NYNEX Corp.*,
  93 F.3d 1055 (2d Cir. 1996) ...........................................................................................8

*Discon, Inc. v. NYNEX Corp.*,
  86 F.Supp.2d 154 (W.D.N.Y. 2000) ..............................................................................5

*Dongelewicz v. PNC Bank Nat'l Assoc.*,
  104 Fed. Appx. 811, 818 (3d Cir. 2004) ......................................................................9

*Evans v. Ottimo*,
  469 F.3d 278 (2d Cir. 2006) ...........................................................................................6

*First Capital Asset Mgmt. v. Satinwood*,
  385 F.3d 159 (2d Cir. 2004) ...........................................................................................8

*Kaufman v. Eli Lilly & Co.*,
  65 N.Y.2d 449 (1985) ......................................................................................................6

*Klehr v. A. O. Smith Corp.*,
  521 U.S. 179 (1997) .........................................................................................................7

*Litle v. Arab Bank, PLC*,
  507 F.Supp.2d 267 (E.D.N.Y. 2007) .............................................................................7

*In re Merrill Lynch Ltd. P'ships Litig.*,
  154 F.3d 56 (2d Cir. 1998) .............................................................................................7

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
  465 U.S. 75 (1984) ...........................................................................................................6

*Morin v. Trupin*,
   711 F.Supp. 97 (S.D.N.Y. 1989) ......................................................................................... 8

*Official Publ'ns, Inc. v. Kable News Co.*,
   811 F.Supp. 143 (S.D.N.Y. 1993) ....................................................................................... 5

*Rotella v. Wood*,
   528 U.S. 549 (2000) ........................................................................................................... 7

*Ruskay v. Jensen*,
   342 F.Supp. 264 (S.D.N.Y. 1972) ....................................................................................... 5

*Sandhu v. Mercy Med. Ctr.*,
   864 N.Y.S.2d 124 (2d Dep't 2008) ..................................................................................... 5

*Singh v. Parnes*,
   199 F. Supp. 2d 152 (S.D.N.Y. 2002) ................................................................................ 6

*Somerville House Mgmt., Ltd. v. Arts & Entm't Television Network*,
   No. 92-CV-4705, 1993 WL 138736 (S.D.N.Y. April 28, 1993) ........................................ 5

*Strauss v. Credit Lyonnais, S.A.*,
   No. 06-CV-0702, 2007 WL 2296832 (E.D.N.Y. Aug. 6, 2007) ........................................ 7

## STATUTES

18 U.S.C. § 1962 (2008) ............................................................................................... 4, 8, 9

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1

Defendant Cerberus Capital Management, LP ("Cerberus"), through its attorneys Schulte Roth & Zabel LLP, respectfully submits this Memorandum of Law in support of its motion to dismiss the complaint (the "Complaint" or "Compl.") brought by Leslie Dick Worldwide, Ltd. and Leslie Dick in the above-captioned action (the "Action"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  To minimize unnecessary duplication and burden on the Court, Cerberus joins in the Brief in Support of the Soros Defendants' Motion to Dismiss (the "Soros Defendants' Brief" or "Soros Br."), and incorporates by reference all of the factual statements and legal arguments made therein.

## PRELIMINARY STATEMENT

In its 458 paragraphs of often verbose and frequently incomprehensible allegations, Plaintiffs assert the existence of a worldwide RICO and antitrust conspiracy involving prominent members of the business, financial and legal communities, including Cerberus.  Although it is difficult to discern given the confusing mess that is Plaintiffs' pleading, the gravamen of the Complaint is that the Defendants engaged in a conspiracy to launder money through the purchase of an entity known as Conseco Finance Corp. ("Conseco Finance") as part of the bankruptcy proceeding of defendant Conseco, Inc. ("Conseco"), as well as through the sale of the General Motors Building ("GM Building").  In furtherance of that goal, Defendants allegedly engaged in acts constituting violations of the civil RICO laws and the Sherman Antitrust Act.  Whatever may be said about the plausibility of these allegations, and putting aside the detours that the Complaint often takes into irrelevant topics such as Latin American drug trafficking and European insider trading laws, it is clear that Plaintiffs utterly fail to plead one single element of any of their claims asserted against Cerberus, claims which are, in any event, clearly barred by the preclusion doctrines of *res judicata* and collateral estoppel, as well as the applicable four-year statutes of limitation.

The Complaint's allegations regarding Cerberus' role in the purported RICO enterprise are virtually nonexistent and wholly conclusory in nature, and the claims asserted against it are frivolous. Indeed, the inclusion of Cerberus as a defendant in this action appears to be nothing more than an attempt (and a desperate one at that) by Plaintiffs to differentiate this action from an earlier action commenced by them in May, 2006, in New York state court against certain of the defendants sued here (the "State Action"). The State Action asserted various common law claims arising from the alleged wrongful rejection of Plaintiffs' bid submitted in connection with the sale process held for the GM Building. That action was dismissed by the trial court on the merits, and the New York Appellate Division subsequently affirmed that dismissal. In September, 2008, the Court of Appeals denied Plaintiffs' leave to appeal their action. Wasting no time whatsoever, Plaintiffs filed this action a mere six days after that denial.

However, although Plaintiffs have asserted federal claims instead of state law claims in this Action, and have sued certain additional parties not named as defendants in the State Action, including Cerberus, Plaintiffs simply cannot escape the fact that this Action is grounded in the very same nucleus of operative facts as their State Action, namely, the sale of the GM Building. Given that fact, Plaintiffs' failure to assert a RICO claim in the State Action bars the assertion of such claims against Cerberus in this Action under the doctrines of *res judicata* and collateral estoppel. (*See* Section I.A.) Plaintiffs' RICO claim suffers an additional fatal defect in that it is barred by the applicable four-year statute of limitation governing such claims, having been filed over five years since the rejection of their bid for the GM Building and the date that Plaintiffs expressly asserted that they had suffered injury from violations of RICO and the Sherman Act purportedly caused by members of the RICO enterprise alleged to exist here. (*See* Section I.B.) While *res judicata* and collateral estoppel, and the statute of limitations

alone compel dismissal of Plaintiffs' RICO claims, Plaintiffs have also completely failed to plead the necessary elements of the civil RICO claim they assert against Cerberus. (*See* Section I.C.) Plaintiffs' Sherman Act claim fares no better. In addition to being time-barred, that claim fails because Plaintiffs have not alleged any cognizable antitrust injury. (*See* Section II.) Indeed, since Plaintiffs' allegations against Cerberus are so hopelessly flawed, they should be dismissed with prejudice. (*See* Section III.)

## STATEMENT OF FACTS

Whatever might be said about the Complaint's allegations with respect to the other defendants, it is clear that very little of the 95 pages of allegations contained in the Complaint make any reference whatsoever to Cerberus.[1] Indeed, Plaintiffs' allegations regarding Cerberus' purported role in the alleged RICO enterprise are almost nonexistent and what allegations are made are pled in the most conclusory of ways. Specifically, Plaintiffs allege that the RICO enterprise created an entity known as CFN Holdings to acquire Conseco Finance in the Conseco bankruptcy proceeding. (Compl. ¶ 188.) The Complaint does not contain any allegations describing what role Cerberus played in this purported RICO enterprise, but, instead merely alleges that Cerberus, along with defendant Fortress Investment Group and non-party J.C. Flowers & Co were "members" of CFN Holdings. (Compl. ¶ 189.) Indeed, although Plaintiffs allege that CFN Holdings purportedly used fraud to acquire Conseco Finance from the bankruptcy estate of Conseco "at a below-fire-sales price," (Compl. ¶¶ 188-200), the Complaint contains absolutely no allegations whatsoever attempting to describe what Cerberus' role in this fraud purportedly was except for the allegation that Cerberus objected to a subpoena served on it

---

[1] The Statement of Facts portion of the Soros Defendants' Brief contains a detailed statement of the relevant allegations of the Complaint common to all of the defendants, as well as the relevant facts regarding the State Action, and is incorporated herein. (*See* Soros Br. at 4-14.)

in the Conseco bankruptcy by the Official Committee of Unsecured Creditors of Conseco Finance (Compl. ¶ 227). Nor does the Complaint contain any allegations, even ones conclusory in form, of what, if any, role Cerberus played in the purported RICO enterprise, and what, if anything, Cerberus actually did that was wrong. In addition, Plaintiffs do not allege that they suffered *any* injury whatsoever as a result of any action of Cerberus. Indeed, the only allegations made in the Complaint regarding any injury to Plaintiffs concern their failure to win the sale process held for the sale of the GM Building (*see* Compl. ¶ 451) -- a process that Plaintiffs have not alleged involved Cerberus at all. Yet, Plaintiffs would have the Court infer from these allegations that Cerberus was a co-conspirator in a world-wide RICO and antitrust conspiracy.

Further, it is not even clear precisely what causes of action Plaintiffs are asserting against Cerberus. Although Plaintiffs have requested that a judgment be entered against Cerberus for participating in a RICO conspiracy in violation of 18 U.S.C. § 1962 (*see* Compl. at 94), the Complaint does not name Cerberus in any of the RICO counts (Compl. ¶¶ 429, 437, 445, 451). In addition, although Cerberus is named as a defendant in the Complaint's anti-trust count (Compl. ¶ 445), Plaintiffs do not seek any judgment against Cerberus for a violation of the Sherman Act (*see* Compl. at 94). In short, Cerberus is left to guess what it purportedly did wrong and what claims Plaintiffs are asserting against it based on those wrongs.

## ARGUMENT

### I. PLAINTIFFS' RICO CLAIMS ASSERTED AGAINST CERBERUS SHOULD BE DISMISSED.

#### A. Plaintiffs' RICO Claims Are Barred By The Doctrines Of Res Judicata And Collateral Estoppel.

As demonstrated in the Soros Defendants' Brief, Plaintiffs' RICO claims asserted against the defendants in this Action that also were defendants in the State Action are barred by the doctrine of *res judicata*. (*See* Soros Br. at Section II.A.) Cerberus incorporates by reference

4

and adopts the arguments set forth in the Soros Defendants' Brief because they are equally applicable to Cerberus despite the fact that it was not named as a defendant in the State Action. This is so because a defendant who was not a party to a prior litigation may still assert a *res judicata* defense if that defendant is in privity with or has a sufficiently close relationship with one or more of the defendants named in the earlier action. *See Sandhu v. Mercy Med. Ctr.*, 864 N.Y.S.2d 124, 124 (2d Dep't 2008); *Official Publ'ns, Inc. v. Kable News Co.*, 811 F.Supp. 143, 147 (S.D.N.Y. 1993) ("Where the 'new' defendants are sufficiently related to one or more of the defendants in the previous action which arises from the same transaction all defendants may invoke res judicata.").

The concept of privity is a flexible one, and extends to parties that are alleged to be co-conspirators. *See Discon, Inc. v. NYNEX Corp.*, 86 F.Supp.2d 154, 166 (W.D.N.Y. 2000) ("Courts have held that alleged co-conspirators are 'in privity' with one another for *res judicata* purposes."); *Somerville House Mgmt., Ltd. v. Arts & Entm't Television Network*, No. 92-CV-4705, 1993 WL 138736, *2-3 (S.D.N.Y. April 28, 1993) (finding that where plaintiff had prior opportunity to raise all claims related to the disputed transaction and the same conspiracy was alleged in both actions, *res judicata* applied); *Ruskay v. Jensen*, 342 F.Supp. 264, 271 (S.D.N.Y. 1972) (applying *res judicata* where the newly added defendants were "named merely as 'co-conspirators with the [defendants named in the prior action]'"). Since Cerberus is alleged to be a co-conspirator with defendants that also were named as defendants in the State Action, it is entitled to the benefit of claims preclusion in this Action.

Plaintiffs' claims against Cerberus are also barred by the doctrine of collateral estoppel. As a federal court, this Court is required to give full faith and credit to the decisions in the State Action to the same extent that New York courts would credit those decisions. *See*

5

*Migra* v. *Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80-81 (1984); *Singh* v. *Parnes*, 199 F. Supp. 2d 152, 158 (S.D.N.Y. 2002).  In New York courts, "collateral estoppel is available to protect those defendants who were not parties to the earlier proceedings from having to litigate those issues previously raised and rejected."  *Corto* v. *Lefrak*, 610 N.Y.S.2d 214, 216 (1st Dep't 1994); *see also Calka* v. *Kucker & Bruh, LLP*, No. 99-CV-4999, 2000 WL 557266 at *10 (S.D.N.Y. May 8, 2000) ("Under New York law, relitigation of an issue is barred by collateral estoppel, whether or not the party invoking the estoppel would have been barred by a judgment adverse to that party.").  Collateral estoppel "bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action."  *Evans* v. *Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman* v. *Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)).

All of the elements of the collateral estoppel test are met here.  Plaintiffs' bid-rigging and fraud allegations regarding the sale of the GM Building -- the only transaction alleged to have injured Plaintiffs -- are identical to the issues litigated and decided in the State Action.  (*See* Soros Br. at Section II.A.)  The prior dismissal of all claims in the State Action "with prejudice" constitutes a "full and fair opportunity to litigate in the prior proceeding."  (*See id.*)  Finally, the bid-rigging allegations formed the basis of Plaintiffs' State Action claims and were thus necessary to support the final judgment on the merits.  (*See id.*)  Thus, any RICO claims based on the sale of the GM Building clearly are barred by collateral estoppel.

6

B.   **Plaintiffs' RICO Claims Are Barred By The Statute Of Limitations.**

Plaintiffs' civil RICO claims are governed by a four year statute of limitations. *Rotella v. Wood*, 528 U.S. 549, 552 (2000); *Klehr v. A. O. Smith Corp.*, 521 U.S. 179, 190 (1997). The limitations period commences when the plaintiff discovers or should have discovered the injury. *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 58 (2d Cir. 1998); *see also Rotella* 528 U.S. at 555 ("the discovery of the injury, not discovery of other elements of a claim, is what starts the clock" in a civil RICO action). As demonstrated in the Soros Defendants' Brief, the limitations period on Plaintiffs' RICO claims began to run on August 27, 2003, but, in any event, no later than November 24, 2003, the date of Plaintiffs' letter asserting that they had suffered RICO injuries in connection with the sale of the GM Building. (*See* Soros Br. at Section II.B.) Since that letter was written well over four years before the filing of the Complaint, Plaintiffs' RICO claims against Defendants are barred by the statute of limitations.

Even though Cerberus is not identified by name in that letter, the statute of limitations still began to run as of that date with respect to Plaintiffs' claims against it because it is the discovery of their injury, not discovery of the other elements of their claim, that starts the limitations period running. *See Litle v. Arab Bank*, *PLC,* 507 F.Supp.2d 267, 274 (E.D.N.Y. 2007) ("'[T]he fact that [plaintiffs] were not aware of all possible defendants is not determinative of plaintiffs' awareness of their potential cause of action and does not delay the date of accrual, even if identification of other defendants was not immediately knowable.'") (quoting *Strauss v. Credit Lyonnais, S.A.*, No. 06-CV-0702, 2007 WL 2296832, at *7 (E.D.N.Y. Aug. 6, 2007)); *see also Rotella*, 528 U.S. at 555 (rejecting the argument that a civil RICO claim accrues only when the claimant discovers, or should discover, both an injury and a pattern of RICO activity).

Accordingly, Plaintiffs' RICO claim asserted against Cerberus is time-barred and, therefore, should be dismissed.

### C. Plaintiffs Have Failed To Adequately Plead A RICO Claim Against Cerberus.

As demonstrated in the Soros Defendants' Brief, the Complaint utterly fails to allege any facts sufficient to state a claim for a RICO conspiracy under § 1962(d). (*See* Soros Br. at Section II.C.4.) First, where no underlying section 1962(a), (b) or (c) claim has been stated, no § 1962(d) claim can be sustained. *See First Capital Asset Mgmt. v. Satinwood*, 385 F.3d 159, 182 (2d Cir. 2004); *Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1064 (2d Cir. 1996); *Allen v. New World Coffee, Inc.*, No. 00-CV-2610, 2002 WL 432685, at *6 (S.D.N.Y. Mar. 19, 2002) ("The dismissal of all of plaintiffs' RICO claims leaves the conspiracy cause of action without a leg to stand on"). As the Soros Defendants' Brief demonstrates, the Complaint does not state a claim under § 1962(a), (b), or (c). (*See* Soros Br. at Section II.C.2-3.) Accordingly, their § 1962(d) claim must fail for that reason alone.

Separately, the Complaint contains absolutely no factual allegations supporting a claim of conspiracy. To state a claim for conspiracy under § 1962(d), a plaintiff must specifically allege an agreement or some factual basis for finding a conscious agreement; conclusory allegations are not sufficient. *See Morin v. Trupin,* 711 F.Supp. 97, 111 (S.D.N.Y. 1989) ("bare allegations of 'conspiracy'" are "insufficient to support a civil RICO claim"). Instead, Plaintiffs must allege some facts demonstrating "that the defendants understood the scope of the enterprise and knowingly agreed to further its affairs through the commission of various offenses." *Id.* (citation omitted). No such allegations are pled with respect to Cerberus anywhere in the Complaint. Indeed, no facts are pled that shed any light on exactly what it was that Cerberus did wrong, and the Complaint certainly contains no facts indicating in any way how Defendants reached

8

agreement on entry into a conspiracy or whether they knew that they had done so. *See, e.g.*, *Adler v. Berg Harmon Assocs.*, 790 F. Supp. 1222, 1234 (S.D.N.Y. 1992) (dismissing conspiracy claim where the complaint lacked "factual allegations supporting an inference that the various defendants consciously agreed to become part of a RICO conspiracy"). *Cf. Dongelewicz v. PNC Bank Nat'l Assoc.*, 104 Fed. Appx. 811, 818 (3d Cir. 2004) ("[T]he fact that First Eastern provided financing to CBG in no way gives rise to an inference (i) that First Eastern agreed to commit predicate acts; or (ii) that First Eastern knew that the predicate acts were part of a racketeering activity, two necessary elements of a RICO conspiracy").

Accordingly, Plaintiffs' § 1962(d) claim asserted against Cerberus should be dismissed.

## II.   PLAINTIFFS HAVE FAILED TO STATE A SHERMAN ACT CLAIM AGAINST CERBERUS.

As demonstrated in the Soros Defendants' Brief, Plaintiffs have failed to state a Sherman Act claim against any of the defendants because such claims are time-barred under the applicable four year limitations period, and, in any event, the Complaint fails to allege that any of the Plaintiffs suffered a compensable antitrust injury. (*See* Soros Br. at Section III.) Accordingly, Plaintiffs' Sherman Act claim asserted against Cerberus should be dismissed.

## III.   THE CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

Plaintiffs' RICO and Sherman Act claims asserted against Cerberus should be dismissed with prejudice for the same reasons set forth in the Soros Defendants' Brief as to why Plaintiffs' claims should be dismissed with prejudice against those defendants. (*See* Soros Br. at Section V.)

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' civil RICO and Sherman Act claims asserted against Cerberus should be dismissed with prejudice.

Dated: December 22, 2008                                      Respectfully submitted,

/s/ David K. Momborquette
Howard O. Godnick
David K. Momborquette
Jason Mitchell

Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York  10022
(212) 756-2000
david.momborquette@srz.com

*Attorneys for Defendant Cerberus Capital Management, LP*