# EXHIBIT D

1

```
SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY - CIVIL TERM - PART 3
-------------------------------------------X

LESLIE DICK WORLDWIDE, LTD.,

                    Plaintiff,

          -against-

MACKLOWE PROPERTIES, INC., et al.,

                    Defendants.
-------------------------------------------X
Index # 600222/06
PROCEEDINGS
                              60 Centre Street
                              New York, New York 10007
                              January 18, 2007

B E F O R E:

                    HONORABLE KARLA MOSKOWITZ,

                              Justice.

A P P E A R A N C E S:

     EDWARD W. MILLER, ESQ.
     575 Lexington Avenue - 28th Floor
     New York, New York 10022
          BY:  EDWARD W. MILLER, ESQ.
               Attorney for Plaintiff


     BUTLER, FITZGERALD, FIVESON & McCARTHY
     350 Fifth Avenue - Suite 6215
     New York, New York 10118
          BY:  DAVID J. McCARTHY, ESQ.
               Attorney for Defendant



                              ALDORINE WALKER, RPR
                              Official Court Reporter
```

FILED
2/28/07
COUNTY CLERK
NEW YORK COUNTY

AW

2

Proceedings

1
2  THE COURT: This is a motion to dismiss by
3  the remaining defendants, or are there other defendants
4  also?
5  MR. McCARTHY: The remaining defendants.
6  THE COURT: Remaining defendants, George
7  Soros and Soros Fund Management, LLC. And in the
8  interim, between the making of the motion, and I guess
9  the service of the opposition papers, I handed out a
10 decision on the motion to dismiss by the other
11 defendants, and that is dated November 29th and filed
12 December 5th. It looks like it was filed in the County
13 Clerk's office.
14 I don't know what there is to argue because,
15 certainly, Soros defendants are even more removed from
16 the transaction than the defendants for which I granted
17 dismissals. So I will hear from the plaintiff.
18 MR. MILLER: Judge, my name is Ed Miller. I
19 filed a notice of appearance this morning.
20 THE COURT: I guess I don't have your card.
21 Do you happen to have a card with you?
22 MR. McCARTHY: Your Honor, before we start, I
23 have the original reply memorandum. I think you might
24 have received a courtesy copy.
25 THE COURT: Fine. Do you want to give me the
26 original, and I will do something with the photocopy.

3

|  | Proceedings |
|---|---|
| 1 | |
| 2 | Go ahead, Mr. Miller. |
| 3 | MR. MILLER: Judge, there is two Appellate |
| 4 | Division cases that I honestly believe control the |
| 5 | question before the Court. May I hand them up to the |
| 6 | bench? |
| 7 | THE COURT: Have you shown counsel copies? |
| 8 | MR. MILLER: I have copies for him. |
| 9 | MR. McCARTHY: He did not show me, and they |
| 10 | were not cited in the appropriate brief. |
| 11 | THE COURT: Who were they cited by? |
| 12 | MR. MILLER: The defendant cited Banner, as |
| 13 | it was cited in the judge's decision, but there is a |
| 14 | prior Appellate Division decision in Banner that's |
| 15 | never been cited. The Banner case has been cited, but |
| 16 | not the full story. |
| 17 | THE COURT: Are we going to sit here and read |
| 18 | these? Banner we used, right? |
| 19 | MR. MILLER: Yes. But only the second |
| 20 | Appellate decision, not the first one. |
| 21 | THE COURT: Do you want an opportunity to |
| 22 | read these decisions, Mr. McCarthy? |
| 23 | MR. McCARTHY: David McCarthy. I represent |
| 24 | Soros. |
| 25 | THE COURT: Do you want an opportunity to |
| 26 | read these decisions, Mr. McCarthy? Because I would. |

AW

4

Proceedings

That's what you are relying on, these decisions that you are handing up?

MR. MILLER: Yes, these two decisions, yes.

MR. McCARTHY: Your Honor, let's proceed with the argument.

THE COURT: All right, where are they?

MR. MILLER: The pertinent language in both decisions is that there is a duty upon those who conduct auctions to conduct them fairly. That is the beginning and middle and end of my argument here today.

There was a duty upon all those who participated in this auction to each other to do it fairly. And that duty was violated by the participant who have been sued, according to the allegations of the complaint.

Now, Banner was later dismissed out because of an agreement, which excused any prior misrepresentations. However, what's of interest for this decision is the lower court's decision, which denied a motion to dismiss and let the case proceed on duty to conduct a fair auction.

I believe that the allegations in the complaint are sufficient against the Soros entities. I think they are clearly sufficient to state an action for a violation of this duty.

Now, on a motion to dismiss, if defendant says

AW

5

Proceedings

well, we never said that before; he is right. But we don't have to. I'd like to just read into the record a quote, just one sentence from Wiener versus Lazard Freres, 241 A.D.2d 114, First Department 1998: "So liberal is the standard under these provisions," talking about CPLR Section 3211(a)(1), that the test is simply whether the proponent of the pleading has a cause of action, not even whether he has stated one."

So the question, and there is other law cited, many cases cited, saying that whether or not we stated the cause of action, whether or not we vocalized proper legal theory in our complaint or even in our argument up to this point is not controlling. What's controlling is whether or not there is a viable legal theory that can convert a bunch of facts into a lawsuit. So I concede before the Court that we have not vocalized the theory I'm coming here with, but submit that that's irrelevant to the Court's decision. This theory is either viable or not.

I'd like to just read the citation, if I may, of Valeo and the first Banner Appellate decision, which recognize the duty to conduct an auction fairly. Valeo Engine Cooling versus Atkinson, 240 A.D.2d 176, First Department 1997, which would be after the Banner second decision, which is relied upon by defendants throughout

AW

6

|   | Proceedings |
|---|---|
| 1 | |
| 2 | this. And the Banner decision, which recognizes a duty |
| 3 | to conduct a fair auction, which is at 181 A.D.2d 479, |
| 4 | First Department, again, 1992. There are cases in |
| 5 | other states recognizing the same duty on that. I'm |
| 6 | not citing them at this time, unless the Court would |
| 7 | request that I do so. |
| 8 | In the event that the Court would be -- |
| 9 | THE COURT: I have read these cases. |
| 10 | Do you want to comment on these decisions? |
| 11 | MR. McCARTHY: Your Honor, I do, but I think |
| 12 | what's important to perceive is that this is rearguing |
| 13 | your Honor's decision. |
| 14 | THE COURT: Let me cut you off. I have read |
| 15 | these decisions. And the way I read these decisions, |
| 16 | the Appellate Division is saying that once the parties, |
| 17 | and this is a quote from Valeo, V-A-L-E-O, and it's |
| 18 | underlined by counsel: "Once the parties agree to a |
| 19 | private auction to select a potential purchasers who |
| 20 | submit bids, the auction have to be conducted fairly |
| 21 | pursuant to its terms." The terms of the auction in |
| 22 | this case were set forth in the two documents that the |
| 23 | plaintiff received. I don't know if he signed them. |
| 24 | One is called the confidentiality agreement, and the |
| 25 | other is -- I'm sorry. I have to go back to my |
| 26 | decision. They were the two documents, right? |

AW

7

| | |
|---|---|
| 1 | Proceedings |
| 2 | MR. McCARTHY: Yes, your Honor. |
| 3 | THE COURT: And you can't say, oh, there were |
| 4 | only oral representations or anything like that. |
| 5 | MR. MILLER: We are not saying that. |
| 6 | THE COURT: No, but the two written documents |
| 7 | control this auction. One is entitled "principal |
| 8 | confidentiality statement," right? That was July 16, |
| 9 | 2003. And then there is another one, right? |
| 10 | MR. MILLER: A letter, but that's irrelevant. |
| 11 | We agree to those two -- |
| 12 | THE COURT: But the terms of those writings |
| 13 | control. And as long as the seller abided by the terms |
| 14 | of those writings, which they did -- |
| 15 | MR. MILLER: There was -- |
| 16 | THE COURT: No, I'm sorry. You are really |
| 17 | rearguing a decision I have already made. And these |
| 18 | cases don't say anything different than what has |
| 19 | already been stated in my decision, which says there |
| 20 | was a fair auction, according to its terms and the |
| 21 | written terms, and that's it. I'm not going beyond it. |
| 22 | You are not arguing anything different about the Soros |
| 23 | defendants. You are not arguing anything as to these |
| 24 | particular defendants that's any different from the |
| 25 | arguments that you would have to make to keep into the |
| 26 | case the other defendants. There is nothing particular |

AW

Proceedings

about the Soros defendants. In fact, there is even less as to the Soros defendants, because they are not the ones that were running this auction. So, therefore, I don't see any reason why my decision, on the motion to dismiss by the Soros defendants, should be any different. And it is actually controlled by my decision as to the other defendants.

MR. MILLER: Can I take one minute, 60 seconds?

THE COURT: Yes.

MR. MILLER: The written agreement simply say that there is discretion on the part of the seller who to sell to. And in fact, we have been wronged the whole time. It doesn't say it has to sell to the highest bidder. But what it says, and what distinguishes it from Banner is that it is a rationale selection process, not there has been a pre-selected buyer, which is what the complaint alleges. In Banner, there was exculpatory clause lacking in this confidentiality agreement, which said that there is no liability. There has not been a waiver of liability here. What there is, there is a statement saying that the seller has discretion. But discretion doesn't equal preselecting a winner in an auction. That's a fixed auction.

9

| | Proceedings |
|---|---|
| 1 | |
| 2 | THE COURT: Counsel, if you want to make that |
| 3 | argument, you don't make that argument against the |
| 4 | Soros defendants, right, because the Soros defendants |
| 5 | did not conduct this auction, okay. And all your |
| 6 | arguments in your papers, as opposed to what you are |
| 7 | saying now about some sort of scheme or conspiracy or |
| 8 | whatever, I found there was -- I'm not going to repeat |
| 9 | my decision. What you are arguing has nothing to do |
| 10 | with these particular defendants. They should have |
| 11 | moved at the same time as the other defendants, and it |
| 12 | would have been in the same decision. If you have |
| 13 | another argument you want to make, you have the |
| 14 | Appellate Division, if you feel this was an argument |
| 15 | you should have made but didn't make, because you |
| 16 | didn't make it. No one made that argument before. |
| 17 | MR. MILLER: Which we do. |
| 18 | THE COURT: The argument you are making now |
| 19 | was never made before in the first one. This is not |
| 20 | the time or place. So I am granting the motion of the |
| 21 | Soros defendants, dismissing all the causes of action |
| 22 | asserted against them for the same reasons that are |
| 23 | articulated in my decision of November 29, 2006. |
| 24 | Thank you. |
| 25 | *      *      *      * |
| 26 | |

AW

10

1                     Proceedings

2   It is hereby certified that the foregoing is a true and accurate transcript cf the proceedings.

3

4         *[signature]*

5   ALDORINE WALKER, RPR
    Official Court Reporter

6

7                   FILED
                  2/28/07
8                 COUNTY CLERK
9              NEW YORK COUNTY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AW