UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| LESLIE DICK WORLDWIDE, LTD. and LESLIE DICK, | : | 08-CV-07900 (BSJ) |
| Plaintiffs, | : | ECF Case |
| v. | : | Electronically Filed |
| GEORGE SOROS, et al., | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF
## THE DEUTSCHE BANK DEFENDANTS'
## MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE

Jerome S. Hirsch (jerome.hirsch@skadden.com)
Scott D. Musoff (scott.musoff@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
 FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Defendants Deutsche Bank AG,
 New York Branch and German American
 Capital Corp.

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................... 1

BACKGROUND .......................................................................................... 3

ARGUMENT .............................................................................................. 4

I.      THE COMPLAINT FAILS TO MEET RULE 8 REQUIREMENTS. .............................. 4

II.     PLAINTIFFS' CLAIMS ARE TIME-BARRED. .......................................... 6

III.    PLAINTIFFS FAIL TO ADEQUATELY PLEAD VIOLATIONS OF RICO
        SECTIONS 1962(a-d). .................................................................. 7

        A.      Plaintiffs fail to adequately plead an enterprise. .......................... 7

                1.      Plaintiffs do not allege any common purpose ........................... 7

                2.      Plaintiffs fail to adequately plead a continuing unit ................. 8

                3.      Plaintiffs do not allege any ascertainable structure ................. 8

        B.      Plaintiffs fail to adequately plead a pattern of racketeering activity. .................... 9

                1.      Plaintiffs fail to allege two or more predicate acts by Deutsche
                        Bank Defendants. ...................................................... 9

                2.      Plaintiffs fail to allege the continuity requirement of a pattern. ............... 10

        C.      Plaintiffs fail to adequately plead predicate acts of racketeering activity ............ 10

                1.      Bid-rigging is not a predicate act under RICO. ...................... 10

                2.      Plaintiffs fail to allege any bankruptcy fraud ........................ 10

                3.      Plaintiffs' money laundering allegations fail. ....................... 11

                        i.      Plaintiffs fail to adequately plead that any of the
                                transactions were derived from specified unlawful activity. ........ 11

                        ii.     Plaintiffs fail to allege the requisite state of mind. ...................... 12

IV.     PLAINTIFFS FAIL TO ADEQUATELY PLEAD THE SPECIFIC
        REQUIREMENTS OF RICO SECTIONS 1962(a-d) ................................... 12

        A.      Plaintiffs fail to allege any "investment injury" under 1962(a) ........................ 12

B.    Plaintiffs fail to allege an acquisition through a "pattern of racketeering activity" under Section 1962(b). ............................................................ 14

C.    Plaintiffs fail to adequately plead "conduct or participation" under § 1962(c). ...................................................................................................... 15

D.    Plaintiffs fail to allege a conspiracy under 1962(d). .............................. 17

V.    RES JUDICATA OR COLLATERAL ESTOPPEL BARS PLAINTIFFS' CLAIMS. ................................................................................................................ 17

VI.   PLAINTIFFS' SHERMAN ACT CLAIM MUST BE DISMISSED. ............................. 18

A.    Plaintiffs fail to allege an antitrust violation by Deutsche Bank. ......................... 18

B.    Plaintiffs fail to adequately plead an antitrust claim against German American Capital. ............................................................................... 18

1.    Plaintiffs do not allege any harm to competition. .................................... 18

2.    Plaintiffs do not have standing to bring an antitrust claim. ...................... 19

CONCLUSION ......................................................................................................... 19

## TABLE OF AUTHORITIES

**CASES**                                                                                    **page(s)**

Adelphia Communications Corp. v. Bank of America (In re Adelphia
    Communications Corp.), Bankr. No. 02-41729(REG), Adv. No. 03-
    04942(REG), 2007 WL 2403553 (Bankr. S.D.N.Y. Aug. 17,  2007) ....................... 15

Appalachian Enterprises, Inc. v. ePayment Solutions Ltd., No. 01 CV
    11502(GBD), 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ......................................... 5

Arista Records LLC v. Lime Group LLC, 532 F. Supp.2d 556 (S.D.N.Y. 2007) ........... 19

Arnold Chevrolet LLC v. Tribune Co., 418 F. Supp. 2d 172 (E.D.N.Y. 2006) .............. 18

Bank v. Brooklyn Law School, No. 97-CV- 7470(JG), 2000 WL 1692844
    (E.D.N.Y. Oct. 6, 2000) ...................................................................................... 8, 16

Bell v. Hubbert, No. 95 Civ. 10456(RWS), 2007 WL 60513 (S.D.N.Y. Jan. 8,
    2007) ........................................................................................................................... 5

Benedict v. Amaducci, No. 92 Civ. 5239 (KMW), 1995 WL 413206 (S.D.N.Y.
    July 12, 1995) .............................................................................................................. 4

Bernstein v. Misk, 948 F. Supp. 228 (E.D.N.Y. 1997) ................................................... 12

Berry v. Deutsche Bank Trust Co. Americas, No. 07 Civ. 7634(WHP), 2008 WL
    4694968 (S.D.N.Y. Oct. 21, 2008) ..................................................................... 15, 16

Casio Computer Co. v. Sayo, No. 98CV3772 (WK), 2000 WL 1877516 (S.D.N.Y.
    Oct. 13, 2000) ........................................................................................................... 12

Cedar Swamp Holdings, Inc. v. Zaman, 487 F. Supp. 2d 444 (S.D.N.Y. 2007) ............... 8

DeFazio v. Wallis, 500 F. Supp. 2d 197 (E.D.N.Y. 2007) .............................................. 13

De Jesus v. Sears, Roebuck & Co., 87 F.3d 65 (2d Cir. 1996) .......................................... 3

Deutsche Bank Trust v. Donald J. Trump, Index No. 603483/2008 (N.Y. Sup. Ct.
    N.Y. County Nov. 26, 2008) ....................................................................................... 8

Dubai Islamic Bank v. Citibank, N.A., 256 F. Supp. 2d 158 (S.D.N.Y. 2003) ............... 16

E & L Consulting, Ltd. v. Doman Industrial Ltd., 472 F.3d 23 (2d Cir. 2006), cert.
    denied, 128 S. Ct. 97 (2007) ..................................................................................... 18

EQ Financial, Inc. v. Personal Financial Co., 421 F. Supp. 2d 1138 (N.D. Ill. 2006) ...................................................................................................... 9

First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763 (2d Cir. 1994) ....................... 3

GICC Capital Corp. v. Technology Finance Group, Inc., 67 F.3d 463 (2d Cir. 1995) ................................................................................................... 7, 9

Globe Wholesale Tobacco Distributors Inc. v. Worldwide Wholesale Trading Inc., No. 06 Civ. 2865(LAK), 2007 WL 2826630 (S.D.N.Y. Sept. 28, 2007) ................... 14

Gristede's Foods, Inc. v. Unkechauge Nation, 532 F. Supp. 2d 439 (E.D.N.Y. 2007) ................................................................................................. 14, 15

Henry v. City of New York, No. 05 CV 6023(SJ)(RML), 2007 WL 1062519 (E.D.N.Y. Mar. 30, 2007) ...................................................................... 17

Invamed, Inc. v. Barr Laboratories, Inc., 22 F. Supp. 2d 210 (S.D.N.Y. 1998) ......... 18, 19

Kades v. Organic Inc., No. 00 Civ. 3671LTSRLE, 2003 WL 470331 (S.D.N.Y. Feb. 24, 2003) ...................................................................................... 7

Linens of Europe, Inc. v. Best Manufacturing, Inc., No. 03 Civ. 9612, 2004 WL 2071689 (S.D.N.Y. Sept. 16, 2004) ........................................................... 9

M'Baye v. N.J. Sports Production, Inc., No. 06 Civ. 3439 DC, 2007 WL 431881 (S.D.N.Y. Feb. 7, 2007) ......................................................................... 9

National Group for Communications & Computers Ltd. v. Lucent Technologies Inc., 420 F. Supp. 2d 253 (S.D.N.Y. 2006) .............................................. 7

Procapui-Productores de Camaroes De Icapui Ltda. v. Layani, No. 07-CV-6627 (BSJ), 2008 WL 3338199 (S.D.N.Y. Jan. 11, 2008) ................................... 11

Pyke v. Laughing, No. 92-CV-555, 1998 WL 37599 (N.D.N.Y. Jan. 26, 1998) ............. 12

Ray Larsen Assocs., Inc. v. Nikko America, Inc., No. 89 Civ. 2809 (BSJ), 1996 WL 442799 (S.D.N.Y. Aug. 6, 1996) ......................................... 10, 17

Rosner v. Bank of China, 528 F. Supp. 2d 419 (S.D.N.Y. 2007) .............................. 13, 16

Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988) ...................................................... 5, 6

Soberman v. Groff Studios Corp., No. 99 Civ. 1005, 1999 WL 349989 (S.D.N.Y. June 1, 1999) ......................................................................................... 14

Stolow v. Greg Manning Auctions Inc., 258 F. Supp. 2d 236 (S.D.N.Y.), aff'd 80 F. App'x 722 (2d Cir. 2003) .................................................................................. 13

Sundial Intern. Fund Ltd. v. Delta Consultants, Inc., 923 F.Supp. 38 (S.D.N.Y. 1996) .............................................................................................................. 16

Tenamee v. Schmukler, 438 F. Supp. 2d 438 (S.D.N.Y. 2006) ......................................... 7

Trump v. Deutsche Bank Trust Co. Americas, et al., Index No. 26841/2008 (N.Y. Sup. Ct. N.Y. County Nov. 3, 2008) ....................................................................... 8

U.S. Steel Corp. v. Fortner Enterprises, Inc., 429 U.S. 610 (1977) ................................. 19

United States v. Bonanno Organized Crime Family of La Cosa Nostra, 683 F. Supp. 1411 (E.D.N.Y. 1988), aff'd, 879 F.2d 20 (2d Cir. 1989) ............................. 4, 5

United States v. Turkette, 452 U.S. 576 (1981) ............................................................... 8

W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch, No. 03 Civ. 8606RWS, 2004 WL 2187069 (S.D.N.Y. Sept. 29, 2004) ......................................................... 11

WIXT Television, Inc. v. Meredith Corp., 506 F. Supp. 1003 (S.D.N.Y. 1980) ............. 19

Warren v. Goord, No. 99 CV 296F, 2006 WL 1582385 (W.D.N.Y. May 26, 2006), aff'd, 2008 WL 5077004 (2d Cir. Nov 26, 2008) ............................................ 6

Wiltshire v. Dhanraj, 421 F. Supp. 2d 544 (E.D.N.Y. 2005) ............................................ 7

Wolf v. Wagner Spray Tech Corp., 715 F. Supp. 504 (S.D.N.Y. 1989) ........................... 6

Zhu v. First Atlantic Bank, No. 05 Civ. 96(NRB), 2005 WL 2757536 (S.D.N.Y. Oct. 25, 2005) ........................................................................................................ 9

**<u>STATUTES</u>**                                                                    **<u>page(s)</u>**

Federal Rules of Civil Procedure 8(a)(2) ................................................................4

Federal Rules of Civil Procedure 9(b) ...................................................................1

15 U.S.C. §§ 1 & 15 ...............................................................................................1

18 U.S.C. § 1961(1) ..............................................................................................11

18 U.S.C. § 1962(a) ......................................................................................1, 5, 13

18 U.S.C. § 1962(b) ...............................................................................................1

18 U.S.C. § 1962(c) ...............................................................................................1

18 U.S.C. § 1962(d) ...............................................................................................1

Defendants Deutsche Bank AG, New York Branch ("Deutsche Bank") and German American Capital Corp. ("German American Capital") (collectively, the "Deutsche Bank Defendants"), by and through their counsel, respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), for an order dismissing with prejudice the complaint brought by Leslie Dick Worldwide Ltd. and Leslie Dick ("Plaintiffs") dated September 8, 2008 (the "Complaint" or "Compl.").[1]  To avoid unnecessary duplication, the Deutsche Bank Defendants join and incorporate by reference the arguments and exhibits set forth in the concurrently filed motion to dismiss by the Soros Defendants (the "Soros Brief"), and those of other co-defendants, to the extent they apply to Plaintiffs' claims against the Deutsche Bank Defendants and as noted throughout.

## PRELIMINARY STATEMENT

Over the course of 458 rambling and disconnected paragraphs, Plaintiffs contrive a misconceived tale centered on the 2003 sale of the GM Building and the sellers' failure to accept Plaintiffs' purported offer to purchase.  At the time, the GM Building sale was the largest commercial real estate transaction in New York City history, and involved a number of entities and transactions to effectuate a closing.  The complexity of these transactions coupled with Plaintiffs' disappointment over their failed bid to form the backdrop of the Complaint and the alleged factual "support" of Plaintiffs' claims.

---

[1]   More specifically, the Complaint sets forth five claims against the Deutsche Bank Defendants: alleged violations of (1) Section 1962(a) of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a) ("Count I"), (Compl. ¶¶ 426-34) (alleged against German American Capital only); (2) RICO Section 1962(b), 18 U.S.C. § 1962(b) ("Count II"), (Compl. ¶¶ 435-42); (3) RICO Section 1962(c), 18 U.S.C. § 1962(c) ("Count III"), (Compl. ¶¶  443-48); (4) RICO Section 1962(d), 18 U.S.C. § 1962(d) ("Count IV"), (Compl. ¶¶ 449-53); and (5) the Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. §§ 1 and 15 ("Count V"), (Compl. ¶¶ 454-58).  All five counts fail as a matter of law for the reasons outlined below.

While otherwise verbose, Plaintiffs are surprisingly short when it comes to the Deutsche Bank Defendants, whose role in these transactions is limited to just sixteen appearances in the factual background.  (Compl. ¶¶ 51; 106-07; 171 n.6; 343; 361; 382; 385; 390-92; 403; 408; 415; 418; 420.)  From these sixteen paragraphs, the crux of Plaintiffs' "case" is that the Deutsche Bank Defendants provided financial services to a handful of defendants in connection with the GM Building sale.  Indeed, Plaintiffs allege nothing more than that the Deutsche Bank Defendants acted as a lender.   Plaintiffs are wildly inaccurate in their allegations and mischaracterize, misconstrue or otherwise fabricate the events described; however, even when treating the allegations as entirely accurate, Plaintiffs still fall woefully short of any actionable RICO or Sherman Act violation by either of the Deutsche Bank Defendants.

As shown below, the Complaint must be dismissed with prejudice because Plaintiffs have not plead, and cannot in good faith plead, the requisite elements of each claim.

- The Complaint fails to meet the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  See infra Part I.

- All five counts are barred by the four year statute of limitations period applicable to RICO and Sherman Act claims.  See infra Part II.

- The RICO claims fail because Plaintiffs have not plead the elements required to bring any RICO action: that the Deutsche Bank Defendants (i) were a part of a RICO "enterprise;" (ii) engaged in a "pattern" of racketeering activity; and (iii) engaged in predicate acts.  See infra Part III.

- Plaintiffs' RICO claims also fail to meet the specific requirements of each RICO subsection: (i) Count I fails to allege an "investment injury;" (ii) Count II fails to allege an acquisition through a "pattern of racketeering activity;" (iii) Count III fails to allege sufficient conduct or participation; and (iv) Count IV fails to allege any agreement between the Deutsche Bank Defendants and the other defendants to commit any RICO predicate acts.  See infra Part IV.

- Plaintiffs' claims are barred by res judicata, or in the alternative by collateral estoppel, even as against non-parties to the State Action.  See infra Part V.

- Count V must be dismissed against Deutsche Bank because Plaintiffs make no allegations of wrongdoing by Deutsche Bank, and against German American Capital because Plaintiffs: (i) do not allege any injury to competition; and (ii) do not have standing to bring an antitrust claim.  See infra Part VI.

## BACKGROUND[2]

Deutsche Bank New York is a branch of Deutsche Bank AG, an international financial institution headquartered in Germany with more than eighty thousand employees and offices in more than seventy-five countries.  German American Capital is an indirect, wholly-owned subsidiary of Deutsche Bank AG.  Deutsche Bank AG is involved in many facets of the financial industry, including lending for commercial real estate transactions.

The allegations of the Complaint purportedly relate to the 2003 sale of the famed GM Building from Defendant Conseco, Inc. to Defendant Macklowe for $1,400,000,000.00.  While Plaintiffs fail to state a RICO or Sherman Act claim against any defendant, the allegations against the Deutsche Bank Defendants are particularly scant and weak.  Indeed, Plaintiffs have simply alleged that the Deutsche Bank Defendants acted as a lender and purportedly engaged in the following financial services:[3]

- Prepared a proposal for Defendant Trump to refinance the debt on the GM Building (Compl. ¶ 106-07) ("Transaction I");

- Invested in Trump International Hotel & Tower, or "Trump Illinois" (id. ¶¶ 171 n.5; 415) ("Transaction II");

---

[2]     On a motion to dismiss, the Court must accept all well-pleaded facts as true, but not "'unwarranted deductions of fact,'" De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 69-70 (2d Cir. 1996) (citation omitted), and conclusory allegations or "'legal conclusions masquerading as factual conclusions,'" First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (citation omitted).  Thus, while the Deutsche Bank Defendants categorically deny Plaintiffs' claims of bankruptcy fraud, bid-rigging, and money laundering, they recognize that, for purposes of this motion, the well-pleaded factual allegations will be accepted as true.

[3]     The Deutsche Bank Defendants do not concede the accuracy of the factual allegations.

3

- Borrowed $25,000,000.00 from both Soros Credit Funding II, an entity formed by Defendant Soros, and Vornado General Motors III, a subsidiary of Defendant Vornado Realty Trust and "never repaid" these loans (id. ¶ 385; 391) ("Transaction III");

- Loaned $50,000,000.00 to Fifth Avenue Mezzanine Fourth, an entity Plaintiffs describe as "owned or controlled by [Defendant] Soros or other members of the Enterprise" (id. ¶ 390) ("Transaction IV");

- Loaned money for the purchase of the GM Building and took a first position mortgage (id. ¶¶ 392, 408) ("Transaction V");

- Loaned $5,800,000,000.00 to Defendant Macklowe to purchase seven office buildings (id. ¶ 417-18) ("Transaction VI"); and

- Invested in 25% of equity owned by Defendant Fortress Investment Group (id. ¶ 420) ("Transaction VII").

These seven alleged events – that a bank <u>loaned</u>, <u>borrowed</u> and <u>invested</u> money – are the <u>full extent</u> of Plaintiffs' factual allegations against the Deutsche Bank Defendants.  In connection with these largely inaccurate allegations, Plaintiffs have not provided any factual support of RICO and Sherman Act violations.  Indeed, what is lacking in Plaintiffs' claims could fill far more than sixteen paragraphs.

<u>**ARGUMENT**</u>

## I.   <u>THE COMPLAINT FAILS TO MEET RULE 8 REQUIREMENTS</u>.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint that fails to comport with Rule 8 should be dismissed under Rule 12(b)(6).  <u>United States v. Bonanno Organized Crime Family of La Cosa Nostra</u>, 683 F. Supp. 1411, 1428 (E.D.N.Y. 1988), <u>aff'd</u>, 879 F.2d 20 (2d Cir. 1989).  Rule 8 ensures the complaint "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Benedict v. Amaducci</u>, No. 92 Civ. 5239 (KMW), 1995 WL 413206, at *10 (S.D.N.Y. July 12,

1995).  In the case of multiple defendants, a complaint must "clearly specify the claims with which each particular defendant is charged."  Bonanno, 683 F. Supp. at 1429.

Plaintiffs claim the Deutsche Bank Defendants violated the Sherman Act and were both participants and conspirators in a RICO enterprise – "the litigation equivalent of a thermonuclear device."  Bell v. Hubbert, No. 95 Civ. 10456(RWS), 2007 WL 60513, at *5 (S.D.N.Y. Jan. 8, 2007).  The allegations against the Deutsche Bank Defendants contained within each Count of the Complaint (see Compl. ¶¶ 426-58) simply track the statutory language of the relevant sections[4] and thus are not to be considered when assessing the sufficiency of the Complaint.  See Benedict, 1995 WL 413206, at *10 (dismissing complaint for Rule 8 deficiencies where the complaint "largely tracks the statutory language").  Of the sixteen paragraphs of factual background that mention either of the Deutsche Bank Defendants, seven "lump[] all the defendants together" and thus are facially deficient under Rule 8.[5]  Appalachian Enters., Inc. v. ePayment Solutions Ltd., No. 01 CV 11502(GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004).

The remaining nine paragraphs are so limited in their factual scope as to render the Complaint "confused, ambiguous, vague, or otherwise unintelligible."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  For example, in introducing the parties, Plaintiffs name German

---

[4]      By way of example, Count I is replete with paragraphs simply tracking the statutory language.  Compare, e.g., (Compl. ¶ 429) ("German American Bank . . . received income from a pattern of racketeering activity and used such income in connection with investments and purchases from Conseco in interstate commerce.") with 18 U.S.C. § 1962(a) ("It shall be unlawful for any person who has received any income . . . from a pattern of racketeering activity . . . to use or invest . . . in acquisition of any interest in . . . any enterprise which is engaged in . . . interstate  . . . commerce."); (Compl. ¶ 431) ("German American Capital . . . violated 17 USC § 1961 by concealing the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity or by disguising the source, ownership or control of the proceeds of unlawful activity in or to acquire, maintain or operate an enterprise affecting interstate commerce . . . ") with 18 U.S.C. § 1956 ("Whoever . . . (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity . . . .").

[5]      (Compl. ¶¶ 51; 171; 343; 361; 382; 403; 415.)

American Capital Corp. as a "member of the RICO Enterprise" but name Deutsche Bank as solely a "conspirator pursuant to 18 USC §1962(d)."  (Compl. ¶¶ 27-28.)  Yet, Plaintiffs later assert claims against Deutsche Bank under 1962(b) and (c), as well as (d), and thus apparently also view Deutsche Bank as a member of the enterprise.  (Id. ¶¶ 435-53.)  Additionally, Plaintiffs claim in the factual background that the Deutsche Bank Defendants engaged in some kind of "hidden quid pro quo . . . in violation of [the Sherman Act]" (id. ¶ 392), yet when making their antitrust claim, Plaintiffs mention only that "[d]efendants . . . predetermined who would win the purportedly open bid."  (Id. ¶ 456.)  The Complaint is replete with similar deficiencies, leaving the Deutsche Bank Defendants to "select the relevant material from a mass of verbiage" regarding the other defendants in order to respond to the nine claims based on just nine paragraphs.  Salahuddin, 861 F.2d at 42 (dismissing complaint under Rule 8 that forces defendant "to select the relevant material from a mass of verbiage").  Indeed, the pleadings require "a herculean effort to discern [the] precise claims" against the Deutsche Bank Defendants and thus should be dismissed under Rule 8.  Warren v. Goord, No. 99 CV 296F, 2006 WL 1582385, at *8 (W.D.N.Y. May 26, 2006), aff'd, 2008 WL 5077004 (2d Cir. Nov 26, 2008).

## II.   PLAINTIFFS' CLAIMS ARE TIME-BARRED.

The statute of limitations for both RICO and Sherman Act claims is four years.  (See Soros Brief at 22-25; 40-41.)  Here, only Transactions VI and VII are alleged to have occurred after 2003.  See supra at 4.  As to these transactions, Plaintiffs make no allegation of an injury.  Thus, they cannot extend the statute of limitations period.  See, e.g., Wolf v. Wagner Spray Tech Corp., 715 F. Supp. 504, 508 (S.D.N.Y. 1989) (dismissing claim where "last act alleged to have injured plaintiffs . . . was . . . more than four years prior to the commencement of [the] action") (emphasis added).

6

**III.    PLAINTIFFS FAIL TO ADEQUATELY PLEAD VIOLATIONS OF RICO SECTIONS 1962(a-d)**.

       Plaintiffs allege that German American Capital violated RICO Sections 1962(a-d) and that Deutsche Bank violated RICO Sections 1962(b-d).  (Compl. ¶¶ 426-58.)  A RICO claim must allege acts even greater than "an egregious fraud."  Wiltshire v. Dhanraj, 421 F. Supp. 2d 544, 557 (E.D.N.Y. 2005) (emphasis added) (noting plaintiff might have a "fraud case" but not a RICO action).  All RICO sections require a showing that the defendant: (1) was a member of an enterprise, see Tenamee v. Schmukler, 438 F. Supp. 2d 438, 448 (S.D.N.Y. 2006); (2) engaged in a pattern of racketeering activity, see GICC Capital Corp. v. Technology Finance Group, Inc., 67 F.3d 463, 465 (2d Cir. 1995); (3) consisting of two or more predicate acts.  See id.  "These 'requirements . . . must be established as to each individual defendant.'"  Kades v. Organic Inc., No. 00 Civ. 3671LTSRLE, 2003 WL 470331, at *8 (S.D.N.Y. Feb. 24, 2003) (alteration in original) (quoting De Falco v. Barnes, 244 F.3d 286, 306 (2d Cir. 2001)).

**A.    Plaintiffs fail to adequately plead an enterprise**.

    1.    Plaintiffs do not allege any common purpose.

       At the core of the Complaint is Plaintiffs' attempt to establish a RICO claim by weaving together seventeen defendants and two distinct events – the Conseco Bankruptcy and the GM Building sale.  Outside of conclusory allegations, the Complaint is bereft of a connection between the Deutsche Bank Defendants and the Conseco Bankruptcy.  See infra Part III(C)(3).  Thus, Plaintiffs fail to allege that the Deutsche Bank Defendants shared a "common purpose" with the other defendants, many of whom were primarily involved in the Conseco Bankruptcy.  Plaintiffs' attempt to connect the Deutsche Bank Defendants to "two distinct schemes or conspiracies" to bring a RICO claim must fail.  Nat'l Group for Commc'ns & Computers Ltd. v.

Lucent Techs. Inc., 420 F. Supp. 2d 253, 271-72 (S.D.N.Y. 2006) (dismissing RICO claim because of "significant differences in the personnel and objectives of these two conspiracies").

      2.    <u>Plaintiffs fail to adequately plead a continuing unit</u>.

      The Complaint is devoid of any allegation that the Deutsche Bank Defendants were functioning as a "continuing unit" with the other defendants.  <u>United States v. Turkette</u>, 452 U.S. 576, 583 (1981).  A "continuing unit" does not exist where, as here and as illustrated throughout the Complaint, the alleged "unit" was repeatedly engaged in internal litigation and threatened litigation <u>about the very subject of Plaintiffs' Complaint</u>.  (Compl. ¶¶ 112-113; 144-146.)  Indeed, further illustrating the contentious relationships between the alleged enterprise members, the Deutsche Bank Defendants and Defendant Trump are involved in litigation currently pending in New York state court.  <u>See</u> <u>Trump v. Deutsche Bank Trust Co. Americas, et al.</u>, Index No. 26841/2008 (N.Y. Sup. Ct. N.Y. County Nov. 3, 2008); <u>Deutsche Bank Trust v. Trump</u>, Index No. 603483/2008 (N.Y. Sup. Ct. N.Y. County Nov. 26, 2008).  Frequent litigation between the alleged enterprise members certainly cuts against a showing that all defendants "operated symbiotically," <u>Cedar Swamp Holdings, Inc. v. Zaman</u>, 487 F. Supp. 2d 444, 451 (S.D.N.Y. 2007), and "were actually working with one another . . . in a single . . . continuing unit."  <u>See</u> <u>National Group for Communications</u>, 420 F. Supp. 2d at 271.

      3.    <u>Plaintiffs do not allege any ascertainable structure</u>.

      The Complaint fails to allege how the Deutsche Bank Defendants were a part of an "ascertainable structure" of the RICO enterprise.  <u>Bank v. Brooklyn Law School</u>, No. 97-CV-7470(JG), 2000 WL 1692844, at *4 (E.D.N.Y. Oct. 6, 2000).  Plaintiffs appear to have included the Deutsche Bank Defendants by "merely stringing together a list of defendants" with any connection to the GM Building sale "and labeling them an enterprise." <u>Cedar Swamp</u>, 487 F. Supp. 2d at 450.  Notably absent are allegations as to:

- How the Deutsche Bank Defendants entered the enterprise;
- How the Deutsche Bank Defendants interacted and communicated with other members of the enterprise; or
- How decisions were made within the organization regarding the role the Deutsche Bank Defendants would play.

Such deficiencies evidence a lack of any ascertainable structure.  See EQ Fin., Inc. v. Pers. Fin. Co., 421 F. Supp. 2d 1138, 1144 (N.D. Ill. 2006); see also Zhu v. First Atl. Bank, No. 05 Civ. 96(NRB), 2005 WL 2757536, at *5 (S.D.N.Y. Oct. 25, 2005) (dismissing RICO claim where plaintiff failed to "'explain the members' coordinated roles in the enterprise or the interrelationship of the members' actions'" or allege "organizational elements binding the banks and [the enterprise]" (citation omitted)).

**B.      Plaintiffs fail to adequately plead a pattern of racketeering activity**.

      1.      Plaintiffs fail to allege two or more predicate acts by Deutsche Bank Defendants.

Stripped of any conclusory, inflammatory, or superfluous assertions, Plaintiffs allege only one potential "predicate act" by either Deutsche Bank Defendant.  (Compl. ¶¶ 390-92.)  There has been absolutely no showing of two or more acts by each defendant as the statute requires.  This deficiency alone warrants dismissal of Counts I-IV against the Deutsche Bank Defendants.  See GICC Capital Corp., 67 F.3d at 465 ("Under any prong of § 1962, a plaintiff . . . must establish . . . at least two predicate acts . . . .").

Even to the extent the Complaint is read to allege more than one action by the Deutsche Bank Defendants, the multiple actions would only qualify as a single "predicate act," where, as here, the actions are "really subparts of the same [predicate act]" and thus Plaintiffs are "'artificially fragmenting a singular act into multiple acts.'"  See M'Baye v. N.J. Sports Prod., Inc., No. 06 Civ. 3439 DC, 2007 WL 431881, at *9 (S.D.N.Y. Feb. 7, 2007) (citations omitted); see also Linens of Eur., Inc. v. Best Mfg., Inc., No. 03 Civ. 9612, 2004 WL 2071689, at *16

(S.D.N.Y. Sept. 16, 2004) ("[M]ultiple acts in furtherance of a <u>single</u> extortion episode constitute only a single predicate act of attempted extortion . . . .").

        2.    <u>Plaintiffs fail to allege the continuity requirement of a pattern</u>.

Plaintiffs fail in their attempt to "buttress [a] weak argument with respect to 'continuity'" and "extend the duration of the scheme" by alleging additional acts by the Deutsche Bank Defendants beyond 2003. <u>Ray Larsen Assocs., Inc. v. Nikko Am., Inc.</u>, No. 89 Civ. 2809 (BSJ), 1996 WL 442799, at *7 (S.D.N.Y. Aug. 6, 1996) (Jones, J.). Transactions VI and VII, the only alleged acts by the Deutsche Bank Defendants after 2003, both involve the financing of additional real estate investments of Defendant Macklowe. <u>See</u> <u>supra</u> at 4. Neither transaction has any direct connection to the sale of the GM Building, except that Defendant Macklowe pledged his interest in the GM Building as security. <u>See</u> <u>supra</u> at 4. Plaintiffs do not allege – and could not allege – any injury by these two acts. Where Plaintiffs fail to show an injury by the later acts, the scheme is not extended. <u>Ray Larsen</u>, 1996 WL 442799, at *7.

**C.    Plaintiffs fail to adequately plead predicate acts of racketeering activity**.

Plaintiffs allege the Deutsche Bank Defendants committed three predicate acts: (1) bid-rigging; (2) bankruptcy fraud; and (3) money laundering.

        1.    <u>Bid-rigging is not a predicate act under RICO</u>.

Bid-rigging is not "racketeering activity" as defined in 18 U.S.C. § 1961(1)(B), and thus cannot constitute a predicate act. (<u>See</u> Soros Brief at 30-31.)

        2.    <u>Plaintiffs fail to allege any bankruptcy fraud</u>.

Over the course of 358 paragraphs of factual background, Plaintiffs make <u>not one specific allegation</u> that the Deutsche Bank Defendants had even a passing participation in the bankruptcy proceeding giving rise to the alleged bankruptcy fraud – let alone the who, what, when and where required of fraud allegations under Rule 9(b) of the Federal Rules of Civil

Procedure.  Lest there be any doubt, the Deutsche Bank Defendants are not mentioned <u>even once</u>

in any of the sections of the Complaint addressing the Conseco Bankruptcy and alleged

bankruptcy fraud.  (Compl. ¶¶ 180-330.)  Astonishingly, despite providing absolutely no factual

basis for so doing, Plaintiffs still lump the Deutsche Bank Defendants into their bankruptcy fraud

claim.  (<u>See</u> <u>id.</u> ¶¶ 432; 437; 445-46.)  This total lack of factual support warrants dismissal

pursuant to Rule 9(b).  <u>See</u> <u>Procapui-Productores de Camaroes De Icapui Ltda. v. Layani</u>, No.

07-CV-6627 (BSJ), 2008 WL 3338199, at *3 (S.D.N.Y. Jan. 11, 2008) (Jones, J.) ("[A] court

may reject, for want of particularity, complaints that group defendants together or fail to

particularize the wrongful acts attributable to each defendant.").

      3.    <u>Plaintiffs' money laundering allegations fail</u>.

          i.    <u>Plaintiffs fail to adequately plead that any of the transactions were derived</u>
                <u>from specified unlawful activity</u>.

      Plaintiffs allege only Transactions III and IV involved proceeds of purportedly

unlawful activity.  <u>See</u> <u>supra</u> at 4.  Yet, Plaintiffs fail to explain <u>what</u> unlawful activity was the

source of the funds involved in these two transactions.  "In the absence of adequate allegations as

to the existence of a <u>specified</u> unlawful activity" Plaintiffs have "failed to adequately plead

money laundering" as a predicate act.  <u>W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch</u>,

No. 03 Civ. 8606RWS, 2004 WL 2187069, at *9 (S.D.N.Y. Sept. 29, 2004) (emphasis added).

Even if Plaintiffs tried to allege that the funds are the product of money laundering – a claim that

is potentially hidden within the muddled pleadings – courts have rejected the circular logic that

the act of money laundering itself can constitute the "unlawful activity" required to show money

laundering.  <u>See</u> <u>id.</u> ("It has been established by the Court of Appeals for this circuit that the

underlying offense element of Sections 1956 and 1957 must be distinct from the money

laundering allegation itself.").

ii.    Plaintiffs fail to allege the requisite state of mind.

Plaintiffs must also show that the defendants knew the funds were derived from the specified unlawful activity.  Here, at best, Plaintiffs have made conclusory allegations that simply follow the language of the money laundering statute.  (See, e.g., Compl. ¶ 403 ("Soros had funneled the sum of 300 Million Dollars through . . . German American Bank. . . "); id. ¶ 391 (alleging a loan was "merely an attempt to hide the true source of the nature, location, source, ownership or control of the proceeds of the unlawful activity.").)  Courts routinely reject such perfunctory allegations that are conclusory or merely track the statutory language.  See Casio Computer Co. v. Sayo, No. 98CV3772 (WK), 2000 WL 1877516, at *17 (S.D.N.Y. Oct. 13, 2000) (dismissing money laundering RICO claim based on "sweeping allegations" that "only provide conclusory statements that defendants' transactions were conducted with the purpose of concealing 'the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity'" (citation omitted)); Bernstein v. Misk, 948 F. Supp. 228, 236 n.2 (E.D.N.Y. 1997) (dismissing RICO action predicated on money laundering due to "conclusory assertions . . . unsupported by any facts").

## IV.   PLAINTIFFS FAIL TO ADEQUATELY PLEAD THE SPECIFIC REQUIREMENTS OF RICO SECTIONS 1962(a-d).

In addition to showing the elements common to any RICO section, see supra Part III, Plaintiffs must also allege the specific requirements under each RICO subsection.

### A.    Plaintiffs fail to allege any "investment injury" under 1962(a).

In Count I, Plaintiffs allege German American Capital, and six other defendants, violated § 1962(a), a "'rarely used'" RICO provision,[6] by "receiv[ing] income from a pattern of racketeering activity and us[ing] such income in connection with investments and purchases

---

[6]    Pyke v. Laughing, No. 92-CV-555, 1998 WL 37599, at *6 (N.D.N.Y. Jan 26, 1998) (citation omitted).

from Conseco."  (Compl. ¶ 429.)  An investment alone is insufficient to trigger § 1962(a) liability; Plaintiffs must allege that such investment derived "from a pattern of racketeering activity."  18 U.S.C. § 1962(a).  Plaintiffs' sparing § 1962(a) allegations fail to assert that German American Capital invested income derived <u>from racketeering activity</u> in an enterprise. A dismissal is warranted where the Complaint only contains "bare bones allegations" that do not "make any statements of fact that plausibly support the conclusion that [the defendant] derived income from a pattern of racketeering activity and invested such income."  <u>See</u> <u>Rosner v. Bank of China</u>, 528 F. Supp. 2d 419, 430 (S.D.N.Y. 2007).

   Furthermore, even had Plaintiffs shown the income was derived from racketeering activity, which they cannot, Plaintiffs have failed to show <u>how</u> German American Capital invested the income in the enterprise.  Such a deficiency warrants dismissal.  <u>See</u> <u>id.</u>  Plaintiffs conclusorily allege German American Capital, and six other defendants, "used such income in connection with investments and purchases from Conseco." (Compl. ¶ 429.)  This type of conclusory allegation is insufficient because it fails to explain how "each defendant" invested income.  <u>See</u> <u>DeFazio v. Wallis</u>, 500 F. Supp. 2d 197, 208 (E.D.N.Y. 2007); <u>see also</u> <u>Stolow v. Greg Manning Auctions Inc.</u>, 258 F. Supp. 2d 236, 246 (S.D.N.Y.) (dismissing 1962(a) claim where plaintiff did not allege "how any income derived from the enterprise was used or invested"), <u>aff'd</u> 80 F. App'x 722 (2d Cir. 2003).

   Fatal to Count I, Plaintiffs have not alleged any injury "'<u>separate and apart</u> from any injury caused by the predicate acts themselves.'"  <u>See</u> <u>Rosner</u>, 528 F. Supp. 2d at 430 (emphasis added) (quoting <u>OSRecovery, Inc. v. One Groupe Int'l, Inc.</u>, 354 F. Supp. 2d 357, 371 (S.D.N.Y. 2005).  Plaintiffs merely re-allege injuries from the purported acts of bankruptcy fraud and money laundering, which also serve as the purported predicate acts.  (<u>See</u> Compl. ¶¶ 430-32

13

(re-alleging the predicate acts of money laundering and bankruptcy fraud in the context of the 1962(a) claim).)  Thus, Plaintiffs have not made any allegation of a separate and distinct injury from the Deutsche Bank Defendants' alleged investment.  See Globe Wholesale Tobacco Distribs. Inc. v. Worldwide Wholesale Trading Inc., No. 06 Civ. 2865(LAK), 2007 WL 2826630, at *5 (S.D.N.Y. Sept. 28, 2007) ("The complaint does not allege any facts to support an inference that the plaintiff suffered an investment injury distinct from any injury suffered as a result of the predicate acts.").

Plaintiffs' complete lack of any distinct investment injury is confirmed by the fact that the damages Plaintiffs claim in Count I are the exact same damages claimed in Counts II-IV: "4.2 Billion Dollars."  (Compl. ¶¶ 434; 442; 448; 453.)  "Because the [Plaintiffs have] failed to state . . . an 'investment injury' . . . its section 1962(a)" claims should be dismissed.[7]  Gristede's Foods, Inc. v. Unkechauge Nation, 532 F. Supp. 2d 439, 448 (E.D.N.Y. 2007).

**B.    Plaintiffs fail to allege an acquisition through a "pattern of racketeering activity" under Section 1962(b).**

In Count II, Plaintiffs allege the Deutsche Bank Defendants violated Section 1962(b) by "acquir[ing] or maintain[ing], . . . an interest in various assets of the Conseco Bankruptcy through a pattern of racketeering including Bankruptcy Fraud regarding Conseco Finance, and Money Laundering regarding the General Motors Building."  (Compl. ¶ 437.)  Allegedly, Plaintiffs' basis for the 1962(b) claim is the defendants' acquisition of "assets of the Conseco Bankruptcy."  (Id. ¶¶ 437.)  The only such "asset" in which the Deutsche Bank

---

[7]    To the extent Plaintiffs allege their "investment injury" is German American Capital's reinvestment into the primary schemes, "'[w]here reinvestment of racketeering proceeds back into the same RICO enterprise is alleged, the injuries stem proximately not from the investment, but from the predicate acts." Globe Wholesale Tobacco Distribs. Inc. v. Worldwide Wholesale Trading Inc., No. 06 Civ. 2865(LAK), 2007 WL 2826630, at *5 (S.D.N.Y. Sept. 28, 2007); see also Soberman v. Groff Studios Corp., No. 99 Civ. 1005, 1999 WL 349989, at *5 (S.D.N.Y. June 1, 1999) ("The allegations that the money was used or invested to further the same scheme are insufficient, since they do not allege a distinct injury.").

Defendants obtained any interest is the GM Building.  (Id. ¶ 392; 408.)  Yet, Plaintiffs make no allegation that the Deutsche Bank Defendants obtained the interest in the GM Building through a "pattern of racketeering activity;" instead, Plaintiffs allege the Deutsche Bank Defendants obtained this interest as security for a loan.  Although Plaintiffs allege this somehow constitutes a Sherman Act violation (id. ¶ 390-92 ("[A loan from German American Capital] was a hidden quid pro quo for Deutsche Bank getting the first mortgage on the General Motors Building in violation of 15 USC § 1 et seq.")), Sherman Act violations do not qualify as "racketeering activity."  See supra Part III(C)(1).  Of course, as set forth below, these allegations utterly fail to establish a Sherman Act violation.

Furthermore, similar to the 1962(a) deficiencies, see supra Part IV(A), Plaintiffs fail to allege a separate injury related to the alleged acquisition.  See Adelphia Commc'ns Corp. v. Bank of Am. (In re Adelphia Commc'ns Corp.), Bankr. No. 02-41729(REG), Adv. No. 03-04942(REG), 2007 WL 2403553, at *15 (Bankr. S.D.N.Y. Aug. 17, 2007).  Once again, Plaintiffs recite the exact same damages asserted in all the RICO claims.  (Compl. ¶¶ 434; 442; 448; 453 (repeating same damages).)  Thus, Plaintiffs' "injuries," if any, are a result of the alleged predicate acts of bid-rigging, bankruptcy fraud, and money laundering.  Dismissal of the 1962(b) claim is thus appropriate.  See, e.g., id.; Gristede's Foods, 532 F. Supp. 2d at 447-48.

**C.     Plaintiffs fail to adequately plead "conduct or participation" under § 1962(c).**

Plaintiffs allege in Count III that the Deutsche Bank Defendants violated § 1962(c) by "commit[ting] predicate acts of Money Laundering and Bankruptcy Fraud."  (Compl. ¶ 446).  Plaintiffs allege the Deutsche Bank Defendants participated in the scheme by providing the same financial services any financial institution would regularly provide to any client.  Courts have repeatedly held that providing financial services to a RICO enterprise does not constitute "conduct or participat[ion]" under § 1962(c).  See, e.g., Berry v. Deutsche Bank Trust Co.

Americas, No. 07 Civ. 7634(WHP), 2008 WL 4694968, at *6-7 (S.D.N.Y. Oct. 21, 2008)

(dismissing RICO claim against defendant bank that "loaned money [to the enterprise] in an

arms length commercial transaction"); Rosner, 528 F. Supp. 2d at 431 ("Regardless of how

indispensable or essential such [banking] services may have been, rendering a professional

service by itself does not qualify as participation in a RICO enterprise.").  Indeed, even had the

Deutsche Bank Defendants provided financial services to the enterprise knowing of the alleged

fraud, which they did not, § 1962(c) "conduct or participat[ion]" would not be found.  See, e.g.,

Berry, 2008 WL 4694968, at *6 ("'[P]roviding banking services – even with knowledge of the

fraud is not enough' to state a RICO claim." (alteration in original) (quoting Indus. Bank of

Latvia v. Baltic Fin. Corp., No. 93 Civ. 9032(LLS), 1994 WL 286162, at *3 (S.D.N.Y. Jun. 27,

1994))).  Thus, Plaintiffs also fail in their wholly conclusory allegation that "the Deutsche Bank

Defendants committed predicate acts . . . and knew that those acts were part of a pattern of

racketeering activity" (Compl. ¶ 446 (emphasis added)).  See Berry, 2008 WL 4694968, at *6-7.

Perhaps more important, Plaintiffs "do[] not even attempt to allege that [the

Deutsche Bank Defendants] participated in the operation or management of [the enterprise]."

See Bank v. Brooklyn Law School, No. 97-CV-7470 (JG), 2000 WL 1692844, at *5 (E.D.N.Y.

Oct. 6, 2000).  Plaintiffs' failure to allege participation in the operation or management of the

alleged scheme is fatal to the § 1962(c) against the Deutsche Bank Defendants.  See Dubai

Islamic Bank v. Citibank, N.A., 256 F. Supp. 2d 158, 163 (S.D.N.Y. 2003) ("Plaintiff has failed

to plead its RICO claim(s) sufficiently because the [complaint] does not adequately allege that

[defendant bank] took part in the 'operation or management' of the alleged scheme. . . .'");

Sundial Intern. Fund Ltd. v. Delta Consultants, Inc., 923 F.Supp. 38, 41 (S.D.N.Y. 1996)

16

("[U]nder no possible set of allegations could it be found that the bank defendants . . . played any role in directing the affairs of the [enterprise].").

**D.      Plaintiffs fail to allege a conspiracy under 1962(d)**.

"[E]ven if there were a RICO violation . . . '[b]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement.'" <u>Ray Larsen</u>, 1996 WL 442799, at *9 (second alteration in original) (citation omitted).  The Complaint is devoid of any specific allegation of such an agreement between the Deutsche Bank Defendants and any other defendants.  (Compl. ¶¶ 343; 361; 382; 451.)  These allegations "fail[] to allege any factual basis for a finding of conscious agreement among [the defendants] to commit predicate acts" and thus must be dismissed.  <u>Ray Larsen</u>, 1996 WL 442799, at *9; <u>see also</u> <u>Henry v. City of New York</u>, No. 05 CV 6023(SJ)(RML), 2007 WL 1062519, at *5 (E.D.N.Y. Mar. 30, 2007) ("In order to survive a motion to dismiss" a 1962(d) claim "must allege . . . 'some factual basis for a finding of a conscious agreement among the defendants'" (citations omitted)).

**V.      <u>RES JUDICATA OR COLLATERAL ESTOPPEL BARS PLAINTIFFS' CLAIMS.</u>**

Under the principle of res judicata, Plaintiffs' claims are barred by the dismissal of the State Action, (<u>See</u> Soros Brief at 17-22.), even where the Deutsche Bank Defendants were not parties to the State Action.  (<u>See</u> Defendant FIG LLC's Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Complaint ("FIG Brief"), at 8-10.)  In any event, collateral estoppel precludes Plaintiffs from alleging that the GM Building sale was unlawful or fraudulent. (<u>See</u> FIG Brief at 10-12.)

## VI.  PLAINTIFFS' SHERMAN ACT CLAIM MUST BE DISMISSED.

### A.  Plaintiffs fail to allege an antitrust violation by Deutsche Bank.

The Sherman Act claim against Deutsche Bank must be dismissed because the Complaint alleges no actions taken by it in connection with the alleged wrongful conduct. Although the Complaint does allege conduct by defendant German American Capital and "Defendants" generally, such allegations are insufficient against defendant Deutsche Bank.  See Arnold Chevrolet LLC v. Tribune Co., 418 F. Supp. 2d 172, 178 (E.D.N.Y. 2006) (dismissing claims against parent company because complaint failed to articulate specific allegations against it); Invamed, Inc. v. Barr Labs., Inc., 22 F. Supp. 2d 210, 218-19 (S.D.N.Y. 1998) (same, and allegations against "Defendants" generally are insufficient).

### B.  Plaintiffs fail to adequately plead an antitrust claim against German American Capital.

1.  Plaintiffs do not allege any harm to competition.

The antitrust claim should also be dismissed against the Deutsche Bank Defendants because German American Capital's alleged conduct did not cause any cognizable harm to competition, an essential element of a Sherman Act claim.  See E&L Consulting, Ltd. v. Doman Indus. Ltd., 472 F.3d 23, 28 (2d Cir. 2006) (affirming dismissal of Section 1 claim for failing to allege injury to competition), cert. denied, 128 S. Ct. 97 (2007).  According to the Complaint, in September 2003, German American Capital allegedly received two loans totaling $50,000,000.00, which it then loaned to Fifth Avenue Mezzanine Fourth as a "quid pro quo" for obtaining the first mortgage on the GM Building.  (Compl. ¶¶ 390-92.)  The Complaint offers not even a hint as to how this series of transactions harmed competition.  The alleged conduct did not involve bid rigging or any other recognized antitrust conspiracy.  Nor did the alleged conduct result in a single anticompetitive consequence, such as a competitor's exclusion from the market,

18

higher prices, reduced quality, or the use of economic power to coerce a customer into purchasing a product it otherwise would not have purchased.  See U.S. Steel Corp. v. Fortner Enters., Inc., 429 U.S. 610, 622 (1977) (offering unique financing terms, which other lenders would find imprudent, does not run afoul of the antitrust laws).[8]

> 2.   Plaintiffs do not have standing to bring an antitrust claim.

Even if the alleged conduct did violate the antitrust laws, Plaintiffs do not have standing to challenge such conduct because they have not suffered injury-in-fact.  To establish antitrust standing, Plaintiffs must allege injury-in-fact to its business or property.  See Arista Records LLC v. Lime Group LLC, 532 F. Supp.2d 556, 567 (S.D.N.Y. 2007) (citing 15 U.S.C. § 15(a)).  Plaintiffs, who had already lost their bid for the GM Building, were neither competing with German American Capital to finance the purchase of that property, nor seeking financing of their own.  Accordingly, they suffered no conceivable injury, antitrust or otherwise, as a result of the alleged "quid pro quo," and have no standing to challenge this conduct.  See Arista Records, 532 F. Supp. 2d at 568-69 (plaintiff suffered no injury-in-fact because it never sought to purchase defendants' products); WIXT Television, Inc. v. Meredith Corp., 506 F. Supp. 1003, 1032-33 (S.D.N.Y. 1980) (plaintiff had no standing to challenge anticompetitive conduct in markets where it did not compete).

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice.

---

[8]   The Complaint makes no allegations regarding German American Capital's involvement in the alleged "bid rigging" in connection with the sale of the GM Building.  This activity, therefore, cannot form the basis of an antitrust claim against it.  See Invamed, Inc. v. Barr Labs., Inc., 22 F. Supp. 2d 210, 218 (S.D.N.Y. 1998) (claims against "Defendants" generally insufficient).

Dated: New York, New York
       December 22, 2008

                             _/s/ Jerome S. Hirsch_____

                             Jerome S. Hirsch (jerome.hirsch@skadden.com)
                             Scott D. Musoff (scott.musoff@skadden.com)
                             SKADDEN, ARPS, SLATE, MEAGHER &
                              FLOM LLP
                             Four Times Square
                             New York, New York  10036
                             (212) 735-3000

                             Attorneys for Defendants Deutsche Bank AG,
                              New York Branch and German American
                              Capital Corp.