UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESLIE DICK WORLDWIDE, LTD. AND
LESLIE DICK,

                       Plaintiffs,

      -against-

GEORGE SOROS, SOROS FUND
MANAGEMENT LLC, SFM
MANAGEMENT, LLC, CONSECO, INC.,
VORNADO REALTY TRUST, GERMAN
AMERICAN CAPITAL CORP., DEUTSCHE
BANK, AG, EASTDIL SECURED, LLC,
HARRY MACKLOWE, FIG, LLC,
CERBERUS CAPITAL MANAGEMENT,
LP, LAZARD FRÈRES & CO. LLC,
KIRKLAND & ELLIS, LLP, FRIED,
FRANK, HARRIS, SHRIVER & JACOBSON
LLP, CARMEL FIFTH, LLC, 767
MANAGER, LLC, DONALD J. TRUMP
AND JOHN DOES "1" THROUGH "10,"

                    Defendants.

Hon. Barbara S. Jones

No. 08 CV 7900 (BSJ) (THK)

ECF Case

## MEMORANDUM OF LAZARD FRÈRES & CO. LLC
## IN SUPPORT OF MOTION TO DISMISS

HUGHES HUBBARD & REED LLP
Kenneth E. Lee (KL-6718)
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

CRAVATH SWAINE & MOORE LLP
Thomas G. Rafferty (TR-3336)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Lazard Frères & Co. LLC*

## TABLE OF CONTENTS

Page

Table of Authorities ........................................................................................................ ii

Preliminary Statement ...................................................................................................... 1

Statement of Facts ............................................................................................................ 2

ARGUMENT .................................................................................................................... 2

I.   THE RICO CLAIMS AGAINST LAZARD SHOULD BE DISMISSED ....................... 2

    A.   PLAINTIFFS HAVE NOT ALLEGED THAT LAZARD ENGAGED IN A PATTERN OF RACKETEERING ACTIVITY ................................................ 3

    B.   PLAINTIFFS HAVE NOT ALLEGED THAT LAZARD ACQUIRED OR MAINTAINED AN INTEREST IN AN ENTERPRISE ...................................... 6

    C.   PLAINTIFFS HAVE FAILED TO ALLEGE A VIOLATION OF SECTION 1962(c) .............................................................................................................. 7

        1.   Plaintiffs Have Not Alleged the Existence of a RICO Enterprise ............. 7

        2.   Plaintiffs Have Not Alleged Lazard's Participation in the Operation or Management of any RICO Enterprise ......................................................... 7

        3.   Plaintiffs Have Not Alleged Facts Suggesting that Lazard Caused Plaintiffs' Injuries ................................................................................... 8

    D.   PLAINTIFFS HAVE FAILED TO STATE A CONSPIRACY CLAIM AGAINST LAZARD ..................................................................................... 9

II.   PLAINTIFFS HAVE FAILED TO STATE AN ANTITRUST CLAIM AGAINST LAZARD .................................................................................................................. 10

    A.   PLAINTIFFS HAVE NOT ALLEGED AN ANTITRUST INJURY .................. 10

    B.   PLAINTIFFS HAVE NOT ALLEGED THAT LAZARD WAS A PARTY TO ANY AGREEMENT IN RESTRAINT OF TRADE ......................................... 11

III.   PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUE OF LIMITATIONS ........ 11

IV.   PLAINTIFFS' CLAIMS ARE BARRED BY RES JUDICATA .................................... 12

V.   PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE AMENDMENT WOULD BE FUTILE ....................................................................... 14

CONCLUSION ................................................................................................................ 15

## <u>Table of Authorities</u>

**Page(s)**

CASES

*Adelphia Commc'ns Corp. v. Bank of Am., N.A. (In re Adelphia Commc'ns Corp.)*, No. 03-0492 (REG), 2007 WL 2403553 (Bankr. S.D.N.Y. Aug. 17, 2007) .................................. 6

*Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.*, 801 F. Supp. 1450 (E.D. Pa 1992.)...........10, 11

*Amsterdam Tobacco Inc. v. Phillip Morris Inc.*, 107 F. Supp. 2d 210 (S.D.N.Y. 2000) ........... 8, 9

*Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328 (1990) ........................................... 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)........................................ 2

*Bernstein v. Misk*, 948 F. Supp 228 (E.D.N.Y. 1997) ............................................................... 4, 6

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977).......................................... 10

*Cahill v. Arthur Andersen & Co.*, 659 F. Supp. 1115 (S.D.N.Y. 1986), *aff'd*, 822 F.2d 14 (2d. Cir. 1987) ........................................................................................................................ 13

*Chamarac Props, Inc. v. Pike*, 1993 WL 427137 (S.D.N.Y. Oct 19, 1993) ................................ 8

*Silverman v. Ceo Clubs China Ltd. & China World Trade Corp. (In re Chief Executive Officers Clubs, Inc.)*, No. 02-14829 (SMB), 2006 WL 687159 (Bankr. S.D.N.Y. Mar. 8, 2006) ...................................................................................................................................... 4

*Davidson v. Capuano*, 792 F.2d 275 (2d Cir. 1986) ................................................................... 12

*Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173 (S.D.N.Y. 2006)...................... 10

*First Capital Asset Mgmt, Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d. Cir. 2004) .................... 5, 7

*GICC Capital Corp. v. Tech. Fin. Group, Inc.*, 67 F.3d 463 (2d. Cir. 1995) ...................3, 4, 5, 6

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989) ...................................................... 4

*Hayden v. Paul, Weiss, Rifkind, Wharton, & Garrison*, 955 F. Supp. 248 (S.D.N.Y. 1997)......... 8

*Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21 (2d Cir. 1990)........................................ 9

*In re Integrated Res. Real Estate P'ships Sec. Litig.*, 850 F. Supp. 1105 (S.D.N.Y. 1993) ....11, 12

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) ....................................................................... 11

*In re Lake States Commodities, Inc.*, 936 F. Supp. 1461 (N.D. Ill. 1996)..................................... 8

*Lesavoy v. Lane*, 304 F. Supp. 2d 520 (S.D.N.Y. 2004) ........................................... 3

*Leslie Dick Worldwide, Ltd., v. Macklowe Properties, Inc., et al*, Index No. 06/600222
(Moskowitz, J.) (Sup. Ct. N.Y. Cty.), *aff'd*, 50 A.D.3d 596, 857 N.Y.S.2d 86 (1st
Dep't), *lv to appeal denied*, 11 N.Y.3d 702 (2008).............................................. 13

*Linens of Europe, Inc. v. Best Mfg., Inc.*, No. 03 Civ. 9612 (EL), 2004 US LEXIS 18575
(S.D.N.Y. Sept. 16, 2004).............................................................................. 4

*In re: Merrill Lynch Ltd. P'ship. Litig.*, 154 F.3d 56 (2d Cir. 1998) ......................... 11

*Official Publ'ns, Inc. v. Kable News Co., Inc.*, 811 F. Supp. 143 (S.D.N.Y. 1993) ................... 13

*Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979) ....................................... 12

*Procapui-Productores de Camaroes de Icapui Ltda. v. G.F. Higgins, Inc*, No. 07-CV-
6627 (BSJ), 2008 WL 3338200 (S.D.N.Y. Aug 8, 2008)....................................... 7

*Reves v. Ernst & Young*, 507 U.S. 170 (1993)................................................... 7

*Rotella v. Wood*, 528 U.S. 549 (2000)........................................................... 11

*Ruskay v. Jensen,* 342 F. Supp. 264 (S.D.N.Y. 1972), *aff'd sub nom.*, *Ruskay v. Waddell*,
552 F.2d 392 (2d Cir. 1977)......................................................................... 13

*Salinas v. United States*, 522 U.S. 52, 118 S. Ct. 469 (1997)...................................... 9

*Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340 (S.D.N.Y. 1998) .............................8, 9, 10

*Sitkin Smelting & Refining Co. v. FMC Corp.*, 575 F.2d 440 (3d Cir. 1978).................10, 11

*Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178 (2d. Cir. 2008) ....................... 3

*In re Teltronics Serv., Inc.*, 762 F.2d 185 (2d Cir. 1985) ........................................ 12

*United States v. Turkette*, 452 U.S. 576 (1981) .................................................. 7

*W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch*, No. 03 Civ. 8606 (RWS),
2004 U.S. Dist. LEXIS 19501 (S.D.N.Y. Sept. 29, 2004).................................3, 5, 8

*Zenith Radio Corp., v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971) ....................... 12

## STATUTES AND RULES

18 U.S.C. § 1961 ................................................................................... 4

18 U.S.C. § 1962 ............................................................................*passim*

18 U.S.C. § 1964(c).............................................................................. 8

Fed. R. Civ. P. 9(b)...................................................................................................... 5

## Preliminary Statement

Defendant Lazard Frères & Co. LLC ("Lazard") submits this Memorandum in Support of its Motion to Dismiss the Complaint.

In a 95-page Complaint containing 458 numbered allegations, Lazard is mentioned only a handful of times; mostly to allege that Lazard was retained as financial adviser to Conseco, advised Conseco in connection with its bankruptcy filing in the U.S. Bankruptcy Court, and received a fee for its services, which was approved by the U.S. Bankruptcy Court.  Notably, there are no substantive allegations supporting the inference that Lazard, itself, committed a single predicate act of RICO, acquired or maintained any interest in or control of any enterprise, conducted any enterprise through any pattern of racketeering activity or conspired with anyone to do anything improper.  Moreover, there are no factual allegations that Lazard had any role in the key event at issue – the sale of the General Motors Building (the "GM Building").  The Complaint also lacks substantive allegations that Lazard entered into any contract in restraint of trade.  It appears that the only specific allegation against Lazard is that it served as Conseco's financial adviser and received fees for those services, with the approval of the U.S. Bankruptcy Court.  That, of course, is insufficient as a matter of law to sustain RICO (Section I, *infra*) and antitrust (Section II, *infra*) claims against Lazard, which is why those claims should be dismissed with prejudice.  It is also the case that because the alleged injury was suffered at the time of the sale of the GM Building in 2003, the RICO and antitrust claims are time-barred, which is an alternate ground on which to dismiss this action with prejudice as to Lazard.  (Section III, *infra*). Finally, the Plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel, having been litigated previously in a prior proceeding in state court.  (Section IV, *infra*).

**Statement of Facts**

For the purposes of this motion only, we treat the well-pled facts of the Complaint as true. The Complaint alleges that Conseco retained Lazard as its financial advisor in June 2002. (Compl. ¶ 163.) In the following months, Lazard and Conseco signed a second engagement letter, which was later amended two times. (*Id.* ¶ 180.) Pursuant to the final engagement letter, dated December 16, 2002, Lazard was to be paid "250 Thousand Dollars per month, 11 Million Dollars upon restructuring of Conseco, and 5 Million Dollars for the restructuring of Conseco Finance." (*Id.* ¶¶ 180, 181.)

On December 17, 2002, Conseco filed for bankruptcy under Chapter 11 in the U.S. Bankruptcy Court for the Northern District of Illinois. (*Id.* ¶ 201.) On that same day, Conseco moved the Court for an order authorizing the retention and employment of Lazard as its investment bank to assist during its reorganization. (*Id.* ¶ 207.) The Bankruptcy Court, on January 14, 2003, appointed Lazard as Investment Bank for Conseco. (*See* Order, U.S. Bankruptcy Court, dated January 14, 2003, attached to Lee Declaration ("Lee Decl.") as Ex. A.) Conseco's reorganization plan was confirmed on September 9, 2003. (Compl. ¶ 380.) The following day, on September 10, 2003, Conseco emerged from Chapter 11 Bankruptcy. (*Id.* ¶380.) On June 4, 2004, Lazard's final fee application for services rendered between December 18, 2002 and September 9, 2003, was approved by the Bankruptcy Court. (*See* Order, U.S. Bankruptcy Court, dated June 4, 2004, attached to Lee Decl. as Ex. B.)

**ARGUMENT**

I.    **THE RICO CLAIMS AGAINST LAZARD SHOULD BE DISMISSED**

To survive a 12(b)(6) motion to dismiss, a plaintiff's allegations must "be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.

2

Ct. 1955, 1965 (2007).  Conclusory allegations and bare assertions are insufficient.  *See Spool v.*

*World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d. Cir. 2008).

> As has been explained on a previous occasion, RICO is a specialized statute requiring a particular configuration of elements. These elements cannot be incorporated loosely from a previous narration, but must be tightly particularized and connected in a complaint. Parroting statutory language while generally referring the reader back to the previous 100 paragraphs in a complaint is inadequate.

*W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch*, No. 03 Civ. 8606 (RWS), 2004 U.S.

Dist. LEXIS 19501 at *13-14 (S.D.N.Y. Sept. 29, 2004) (quoting *Lesavoy v. Lane*, 304 F. Supp.

2d 520, 532 (S.D.N.Y. 2004) (internal quotations and citations omitted)).

To plead a substantive RICO violation under sections 1962 (b), (c), or (d), a plaintiff

must allege a pattern of racketeering activity.  *GICC Capital Corp. v. Tech. Fin. Group, Inc.*, 67

F.3d 463, 465 (2d. Cir. 1995); 18 U.S.C. § 1962(b-d); (*see* Section I.A., *infra*.)  Additionally, to

establish a violation of 1962(b), Plaintiffs must allege that Lazard acquired or maintained an

interest in an enterprise.  18 U.S.C. § 1962(b); (*see* Section I.B., *infra*.)  To establish a violation

of 1962(c), Plaintiffs must allege that Lazard participated in the conduct of a RICO enterprise.

18 U.S.C. § 1962(c); (*see* Section I.C., *infra*.)  Finally, to establish a violation of 1962(d),

Plaintiffs must allege that Lazard conspired to violate one of the other RICO subsections.

18 U.S.C. § 1962(d); (*see* Section I.D., *infra*.)  Plaintiffs have failed to adequately allege any of

these required constituent elements against Lazard.

## A.  PLAINTIFFS HAVE NOT ALLEGED THAT LAZARD ENGAGED IN A PATTERN OF RACKETEERING ACTIVITY

Plaintiffs purport to name Lazard in Count II pursuant to 18 U.S.C. § 1962(b), Count III

pursuant to 18 U.S.C. § 1962(c) and Count IV pursuant to 18 U.S.C. § 1962(d).  Under all three

of these RICO statutes, Plaintiffs must establish a pattern of racketeering activity, which consists

of two or more predicate acts that are "related" and "pose a threat of continued criminal

activity." *GICC Capital Corp.*, 67 F.3d at 465 (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989)); 18 U.S.C. § 1961(5).  To plead a pattern of racketeering activity, Plaintiffs must sufficiently allege the commission of at least two acts of racketeering within a period of ten years by *each* defendant. *Bernstein v. Misk*, 948 F. Supp 228, 238 (E.D.N.Y. 1997) (emphasis added).  Group pleading is insufficient.  *See  Silverman v. Ceo Clubs China Ltd. & China World Trade Corp. (In re Chief Executive Officers Clubs, Inc.)*, No. 02-14829 (SMB), 2006 WL 687159, at *7 (Bankr. S.D.N.Y. Mar. 8, 2006).

Despite filing a lengthy Complaint, replete with hundreds of allegations, Plaintiffs have failed to adequately allege that Lazard committed even a single predicate act, let alone a pattern of racketeering activity.  The allegations against Lazard are entirely conclusory and fail to allege the commission of any predicate acts.[1]  Typical of the conclusory allegations in the Complaint are paragraphs 197 and 183:

> In or about and between August 2002 and December 17, 2002, Lazard, a long-time financial adviser to  George Soros and Conseco continued to engage in a pattern of racketeering during the Bankruptcy of Conseco to (a) obtain a pre-arranged highly discounted sale of Conseco Finance to CFN, and (b) to provide the lucrative position of Debtor in Possession Financing to Conseco employing FPS DIP, an affiliate of CFN Holdings, to acquire, maintain or conduct the affairs of Conseco through a pattern of racketeering activity affecting interstate commerce by obtaining virtually complete control of the Conseco Bankruptcy proceeding.

(Compl. ¶ 197);

> Upon information and belief, from June 2002 to December 2002, the six month period prior to the planned Bankruptcy filing of Conseco, the Enterprise engaged in a pattern of racketeering activity with Soros, SFM Management, Soros Fund Management, Fortress Investment Group, Cerberus, Conseco, Lazard, Kirkland & Ellis, Fried Frank Harris Shriver & Jacobson, to prepare the Conseco bankruptcy proceeding to allow George Soros and the RICO Enterprise to Launder Money through the Conseco Bankruptcy using

---

1.  To the extent that Plaintiffs allege bid rigging as a predicate act, their claims must also fail because bid rigging is not a predicate act.  *See Linens of Europe, Inc. v. Best Mfg., Inc.*, No. 03 Civ. 9612 (EL), 2004 US Dist. LEXIS 18575, at *50 n.15 (S.D.N.Y. Sept. 16, 2004) ("A  violation of section 1 of the Sherman Act . . . is not a predicate act under 18 U.S.C. § 1961(1) [RICO].").

the purchase of Conseco Finance and the Debtor in Possession Financing to gain complete control of the Bankruptcy proceeding, and ultimately allowing Soros and the Enterprise to purchase the General Motors Building, to launder money through its sale.

(*Id.* ¶ 182.)

Plaintiffs' conclusory allegations that simply mention the words "racketeering activity" or "money laundering" in the same sentence as "Lazard" are plainly not sufficient to state a claim. *See W. 79th St. Corp.*, 2004 U.S. Dist. LEXIS 19501 at *27-29 (RICO claims premised in part, on money laundering allegations, dismissed where plaintiff *inter alia* did not identify the "specified unlawful activity").  In addition, fraudulent predicate acts, such as bankruptcy fraud, are subject to the heightened pleading standards of Rule 9(b).  *First Capital Asset Mgmt, Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d. Cir. 2004).  With such conclusory and vague allegations, Plaintiffs have clearly failed to plead the commission of a single fraudulent predicate act by Lazard.

In order to plead a pattern of racketeering activity, Plaintiffs must also allege that Lazard "pose[s] a threat of continued criminal activity" *GICC Capital Corp.*, 67 F.3d at 465.  Plaintiffs must plead facts giving rise to either "closed-ended" continuity (past criminal conduct extending over a substantial period of time) or "open-ended" continuity (continuing past criminal conduct combined with a threat of future criminal conduct).  *Id.* at 466.  Continuity must be evaluated as to each defendant individually.  *See First Capital Asset Mgmt*, 385 F.3d at 181.  Here, closed-ended continuity is not applicable because the Second Circuit has "never found a closed-ended pattern where the predicate acts spanned fewer than two years."  *Id.*  Notwithstanding the fact that no predicate acts on Lazard's part have been alleged, given that Lazard's relationship with Conseco spanned less than two years according to the Complaint (June 7, 2002 through September 9, 2003), closed-ended continuity would not be applicable.  (Compl. ¶¶ 163, 380.)  To establish open-ended continuity, Plaintiffs must adequately allege that Lazard poses a threat of

5

"future criminal conduct," and the Complaint fails to do that as well.  *See GICC Capital Corp.*, 67 F.3d at 465-66.

Therefore, Plaintiffs have failed to adequately plead that Lazard has engaged in a pattern of racketeering activity, and on this single ground alone, all of the RICO claims against Lazard should be dismissed with prejudice.

**B.    PLAINTIFFS HAVE NOT ALLEGED THAT LAZARD ACQUIRED OR MAINTAINED AN INTEREST IN AN ENTERPRISE**

To state a claim under section 1962(b), a plaintiff must allege that: (1) a defendant acquired or maintained an interest in the alleged enterprise through a pattern of racketeering activity, and (2) that the plaintiff suffered injury as a result of the acquisition of the enterprise. *Bernstein*, 948 F. Supp at 241.  Plaintiff has failed to allege either.

Plaintiffs' only allegation that Lazard "acquired or maintained" an interest in any alleged enterprise is entirely conclusory.  (*See* Compl. ¶ 437.)  There are, of course, no actual factual allegations in the Complaint to support this claim.  Lazard is not alleged to have acquired or maintained any interest in any enterprise, whether it be Conseco, Conseco Finance, CFN Holdings or any other organization.  The only specific allegations regarding Lazard's role in those entities are that Lazard served as financial adviser to Conseco.  Nor have Plaintiffs alleged that they have suffered an injury resulting specifically from the acquisition or maintenance of an interest in an enterprise separate and apart from any injury allegedly resulting from any predicate acts.  Without factual allegations establishing that Lazard acquired or maintained an interest in a RICO enterprise and that Plaintiffs were injured because of this acquisition, their 1962(b) claim should be dismissed.  *See Adelphia Commc'ns Corp. v. Bank of Am., N.A. (In re Adelphia Commc'ns Corp.)*, No. 03-0492 (REG), 2007 WL 2403553, at *14, 15 n.121 (Bankr. S.D.N.Y. Aug. 17, 2007) (section 1962(b) claim dismissed where defendants alleged motivation was

"extraordinary fees" and not acquisition or control of an enterprise and any injury suffered was a result of the predicate acts).

### C.   PLAINTIFFS HAVE FAILED TO ALLEGE A VIOLATION OF SECTION 1962(c)

#### 1.   Plaintiffs Have Not Alleged the Existence of a RICO Enterprise

A section 1962(c) claim requires the allegation of the existence of a RICO enterprise, which Plaintiffs also have failed to do.  Plaintiffs allege an "association in fact" enterprise (Compl. ¶ 42), which requires that there be an "ongoing organization, formal or informal" and facts suggesting "that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981).  Plaintiffs must "present specific details of hierarchy, organization, or unity" among the defendants.  *Procapui-Productores de Camaroes de Icapui Ltda. v. G.F. Higgins, Inc*, No. 07-CV-6627 (BSJ), 2008 WL 3338200, at *3 (S.D.N.Y. Aug. 8, 2008).  "Importantly, the enterprise is not the pattern of racketeering activity; it is an entity separate and apart from the pattern of racketeering activity in which it engages." *Turkette*, 452 U.S. at 583.

Plaintiffs, in conclusory fashion, allege that George Soros "masterminded" a RICO enterprise to launder money through the sale of the GM Building.  However, absent from this Complaint are any concrete allegations of exactly what group or organization comprises the enterprise, how the defendants joined together to form this "enterprise," or what role, if any, Lazard had in this "enterprise."  This failure requires dismissal of the 1962(c) claim against Lazard.  *See First Capital Asset Mgmt*, 385 F.3d at 174-75.

#### 2.   Plaintiffs Have Not Alleged Lazard's Participation in the Operation or Management of any RICO Enterprise.

Plaintiffs must also allege that Lazard "participated in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).  It is not enough to

7

merely "tak[e] . . . directions and perform[] . . . tasks that are necessary and helpful" to the enterprise, nor is it enough to simply "provide . . . services that ultimately benefit the enterprise." *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 346 (S.D.N.Y. 1998) (citations and internal quotations omitted). "Merely rendering services to an alleged enterprise does not establish that a person or entity controls the enterprise for purposes of section 1962(c)." *W. 79th St. Corp.*, 2004 U.S. Dist. LEXIS 19501 at *42. "[I]t is not the importance of such services . . . but whether the provision of these services allows the defendant to direct the affairs of the enterprise." *Schmidt*, 16 F. Supp. 2d at 346 (quoting *In re Lake States Commodities, Inc.*, 936 F. Supp. 1461, 1477 (N.D. Ill. 1996).

Courts have consistently held that that providing professional services is not the same as participating in the operation or management of an enterprise. *See, e.g.*, *Chamarac Props, Inc. v. Pike*, 1993 WL 427137, at *3 (S.D.N.Y. Oct 19, 1993) (providing accounting and legal services to clients is not participating in operation and management); *see also Hayden v. Paul, Weiss, Rifkind, Wharton, & Garrison*, 955 F. Supp. 248, 255 (S.D.N.Y. 1997).

Similarly, the Complaint alleges only that Lazard was Conseco's financial advisor during its reorganization. (*See, e.g.*, Compl. ¶ 34.) Lazard is not alleged to have had any degree of control or authority over any RICO enterprise, the existence of which has not been adequately alleged, and therefore, Plaintiffs' section 1962(c) claim against Lazard should be dismissed with prejudice.

### 3. Plaintiffs Have Not Alleged Facts Suggesting that Lazard Caused Plaintiffs' Injuries

Plaintiffs may not recover against Lazard under 1962(c) unless Plaintiffs were injured "by reason of" Lazard's predicate acts. 18 U.S.C. § 1964(c); *see Amsterdam Tobacco Inc. v. Phillip Morris Inc.*, 107 F. Supp. 2d 210, 218 (S.D.N.Y. 2000). This requires both "but for" and

proximate causation.  *Amsterdam Tobacco Inc.*, 107 F. Supp. 2d at 218.  Plaintiffs have not

alleged either.  Plaintiffs are seeking as damages $1.4 billion trebled, representing the difference

between the sale price of the GM Building in 2003 and the sale price in May 2008.

(Compl. ¶¶ 434, 442, 453.)  However, there is not a single factual allegation in the Complaint

that Lazard participated in any way in the sale of the GM Building, much less took any action

that was the proximate cause of any purported losses suffered by Plaintiffs as a result of the sale.

For this additional reason, Plaintiffs' section 1962(c) claim against Lazard should be dismissed

with prejudice.

### D. PLAINTIFFS HAVE FAILED TO STATE A CONSPIRACY CLAIM AGAINST LAZARD

To state a conspiracy claim pursuant to section 1962(d), Plaintiffs must allege that Lazard

was aware "of the conspiracy's goals and agreed to facilitate them."  *Schmidt*, 16 F. Supp. 2d at

353 (citing *Salinas v. United States*, 522 U.S. 52, 118 S. Ct. 469, 477-78 (1997).  This requires

"some factual basis for finding of a conscious agreement among the defendants." *Hecht v.

Commerce Clearing House, Inc.*, 897 F.2d 21, 26n.4 (2d Cir. 1990).  "Bare and conclusory

allegations are insufficient . . . ." *Schmidt*, 16 F. Supp. 2d at 354 (citations omitted).

While Plaintiffs allege in entirely conclusory fashion that Lazard "conspired" with other

defendants (Compl. ¶ 451), the Complaint is devoid of any alleged facts supporting these

conclusory allegations and fails to suggest how Lazard furthered the alleged conspiracy.  Indeed,

Plaintiffs do not allege, even in conclusory fashion, that Lazard "knowingly agreed to participate

in a conspiracy," nor do they allege facts supporting the notion that Lazard "understood the

scope of the enterprise or knew what . . . the other members of the [alleged] enterprise were up

to." *Schmidt*, 16 F. Supp. 2d at 354.  Therefore, for these reasons, the conspiracy claim against

Lazard pursuant to section 1962(d) must be dismissed with prejudice.[2]

## II.   PLAINTIFFS HAVE FAILED TO STATE AN ANTITRUST CLAIM AGAINST LAZARD

To state a claim under the Sherman Act, Plaintiff must "allege facts establishing the three

required elements of an antitrust violation: (1) relevant product and geographic markets; (2)

antitrust injury; and (3) conduct by defendants in restraint of trade."  *Doron Precision Sys., Inc.*

*v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 (S.D.N.Y. 2006).  Plaintiffs have not adequately alleged

any of these elements as to Lazard.

### A.   PLAINTIFFS HAVE NOT ALLEGED AN ANTITRUST INJURY

To have standing under the antitrust laws, Plaintiffs must have suffered "injury of the

type the antitrust laws were intended to prevent and that flows from that which makes

defendants' acts unlawful."  *Id.* at 180.  (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*,

429 U.S. 477, 489 (1977)).  The Sherman Act protects competition and not individual

competitors.  *Id.*  Thus, Plaintiffs may recover for bid rigging "only if the defendants' conduct is

competition reducing."  *Id.* (citing *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328,

343-44 (1990)).

Generally, "agreements to rig bids among persons who are not actual or potential

competitors are meaningless for Sherman Act purposes" because they do not affect the market.

*Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.*, 801 F. Supp. 1450, 1463 (E.D. Pa 1992.); *see*

*also Sitkin Smelting & Refining Co. v. FMC Corp.*, 575 F.2d 440, 445 (3d Cir. 1978) ("sham

---

2.   Moreover, a conspiracy claim must be dismissed where the underlying substantive claims are dismissed.  *See*, *e.g.*, *First Capital Asset Mgm't*, 385 F.3d at 164.

bidding in the sense that one bidder was preordained to obtain the contract if that bidder would match the high bid submitted" does not violate the Sherman Act").

Plaintiffs allege that they were injured when it was "predetermined" that Macklowe would win the bid for the GM Building (Compl. ¶ 456), but the Complaint alleges no anticompetitive effects in the broader market.  Without more, Plaintiffs lack standing and their Sherman Act claim must be dismissed.  *See Sitkin Smelting & Refining Co.*, 575 F.2d at 447-48 (agreement allowing single bidder to match highest bid was not a violation of the Sherman Act); *Advanced Power Sys., Inc.*, 801 F. Supp. at 1463 (vertical conspiracy claim between bidder and biddee dismissed because it did not restrict competition in a relevant market).

> ### B.     PLAINTIFFS HAVE NOT ALLEGED THAT LAZARD WAS A PARTY TO ANY AGREEMENT IN RESTRAINT OF TRADE

Plaintiffs' antitrust claim against Lazard also fails for the simple reason that the Complaint does not adequately allege that Lazard was a party to any agreement in restraint of trade.  There are no substantive allegations that Lazard was itself a participant in the bidding process, entered into any contract that rigged the bidding process, or otherwise agreed to restrain trade.  Therefore, the antitrust claim against Lazard should be dismissed with prejudice.

## III.     PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUE OF LIMITATIONS

The statute of limitations for both the Sherman Act and the RICO Act is four years. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 183 (1997).  For RICO, it begins to run on the date on which Plaintiffs knew or should have known of the injury.  *In re: Merrill Lynch Ltd. P'ship. Litig.*, 154 F.3d 56, 58 (2d Cir. 1998).  It is "discovery of the injury, not discovery of the other elements of a claim, [that] starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000). Dismissal is proper when those facts pleaded in a complaint as well as those within the public domain make it clear that a plaintiff should have discovered the injury.  *See In re Integrated Res.*

11

*Real Estate P'ships Sec. Litig.*, 850 F. Supp. 1105, 1119 (S.D.N.Y. 1993).  Under the Sherman

Act, the statute of limitations begins to run when the plaintiff is injured, regardless of discovery.

*See Zenith Radio Corp., v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971).

Plaintiffs allege injuries stemming from the sale of the GM building, which dates back to

August 2003, when Macklowe was declared the winner of the bidding process.  (Compl. ¶¶ 367,

372.)  In addition, Lazard's role as financial adviser to Conseco has been a matter of public

record since December 17, 2002 when Conseco petitioned the Bankruptcy Court for consent to

appoint Lazard as its Investment Bank.  (*Id.* ¶ 207.)  Therefore, Plaintiffs were on notice of any

claims they might wish to bring against Lazard in connection with their purported injury no later

than August 2003, which is more than 4 years prior to the filing of this Complaint on September

10, 2008.  As such, all of Plaintiffs' claims against Lazard are barred by the statute of limitations.

## IV.   PLAINTIFFS' CLAIMS ARE BARRED BY RES JUDICATA

Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second

suit involving the same parties or their privies based on the same cause of action.  *Parklane*

*Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327n.5 (1979).  To apply, the doctrine requires that the

"earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction,

(3) in a case involving the same parties or their privies, and (4) involving the same cause of

action." *In re Teltronics Serv., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985).  New York courts

determine whether a cause of action is similar using a transactional approach.  *Davidson v.*

*Capuano*, 792 F.2d 275, 278 (2d Cir. 1986).  Thus, despite the legal theory underlying the claim,

*res judicata* effect is warranted when the new "claims arise out of the same 'factual grouping'"

as the previously dismissed claims when those new claims could have been brought in the

original suit.  *Id.* at 278.  Furthermore, privity for purposes of *res judicata* is established when

"newly-added defendants have a sufficiently close relationship to the original defendant." *Official Publ'ns, Inc. v. Kable News Co., Inc.*, 811 F. Supp. 143, 147 (S.D.N.Y. 1993).

The Court may take judicial notice of the complaint, orders, and judgments in *Leslie Dick Worldwide, Ltd., v. Macklowe Properties, Inc., et al*, Index No. 06/600222 (Moskowitz, J.) (Sup. Ct. N.Y. Cty.),[3] *aff'd,* 50 A.D.3d 596, 857 N.Y.S.2d 86 (1st Dep't), *lv to appeal denied*, 11 N.Y.3d 702 (2008) (the "State Court Action"), proceedings in State court, initiated by Plaintiffs and arising out of the same set of facts. While Lazard was not a party to that action it may still invoke *res judicata* because the claims against Lazard are all premised on Lazard's publicly known relationship as Conseco's financial adviser. Where "the participation of the [later-named defendants] in the challenged transactions was not independent of that of the other defendants, and in fact in the present complaint they are named merely as '"co-conspirators,'" courts have repeatedly held that the claims were barred by the doctrine of *res judicata*. *Ruskay v. Jensen,* 342 F. Supp. 264, 271 (S.D.N.Y. 1972), *aff'd sub nom.*, *Ruskay v. Waddell*, 552 F.2d 392 (2d Cir. 1977); *see Cahill v. Arthur Andersen & Co.*, 659 F. Supp. 1115, 1123 (S.D.N.Y. 1986), *aff'd*, 822 F.2d 14 (2d. Cir. 1987). Here, Conseco was a party to that earlier action and Plaintiffs were aware of Lazard's alleged role and even included similar allegations about Lazard in the prior action. (*See* Oller Decl. Ex. A (State Court Compl.) ¶¶ 9, 13, 15). Thus, any claims against Lazard ought to be barred by *res judicata*. *See Cahill*, 659 F. Supp. at 118, 1120n.7, 1123.

---

[3]   The State Court Action was dismissed against all defendants through two separate orders and two judgments entered on those orders. Lazard refers the Court to the State Court Complaint, the Nov. 29, 2006 order dismissing the complaint against the non-Soros Defendants, the Dec. 20, 2006 notice of entry and judgment dismissing claims against the Non-Soros Defendants, the Jan. 18, 2007 order dismissing claims against the Soros Defendants, and the Feb. 2, 2007 notice of entry and judgment dismissing the complaint against the Soros Defendants, annexed separately as Exhibits A,B,C,E & F to the Declaration of John R. Oller in Support of the Soros Defendants' Motion to Dismiss, dated Dec. 19, 2008 ("Oller Decl.).

For these reasons, Plaintiffs' claims against Lazard were previously adjudicated in the State Court Action against several of the other Defendants and thus should be dismissed with prejudice.[4]

## V.   PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE AMENDMENT WOULD BE FUTILE

The Court should dismiss all claims against Lazard with prejudice.  In addition to being untimely and barred by the doctrines of *res judicata* and collateral estoppel, Plaintiffs claims cannot be cured through amendment of the complaint.

---

[4]   For the reasons set forth in Section I.C. of Defendant FIG, LLC's brief Plaintiffs' claims against Lazard are also barred by the doctrine of collateral estoppel.

## CONCLUSION

For the aforementioned reasons, Lazard respectfully requests that all of the claims against it be dismissed with prejudice.


December 22, 2008

HUGHES HUBBARD & REED LLP

By: */s/ Kenneth E. Lee*

Kenneth E. Lee (KL-6718)
leek@hugheshubbard.com
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

CRAVATH SWAINE & MOORE LLP
Thomas G. Rafferty (TR-3336)
trafferty@cravath.com
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Lazard Frères & Co. LLC*