# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONSECO, INC., et al.,[1] | ) | Case No. 02 B 49672 |
| | ) | (Jointly Administered) |
| Debtors. | ) | Honorable Carol A. Doyle |

### ORDER PURSUANT TO 11 U.S.C. §§ 327, 328 and 330
### APPROVING THE RETENTION OF LAZARD FRÈRES & CO. LLC
### AS DEBTORS' INVESTMENT BANKERS

This matter having come before the Court on the application dated December 18, 2002 (the "Application") of Conseco, Inc. and its affiliated debtors (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 327(a), 328(a) and 330 and Federal Rule of Bankruptcy Procedure 2014(a) authorizing the employment and retention of Lazard Frères & Co. LLC ("Lazard") as their investment banker in these Chapter 11 cases pursuant to the terms of that certain engagement letter and indemnity referenced in the Application (collectively, the "Engagement Letter"); the Court having held a hearing on the Application on January 14, 2003 and having considered the affidavits of Andrew Yearley of Lazard and William J. Shea of the Debtors relating thereto; the Court having considered the above-referenced affidavits and being satisfied that Lazard, having waived any and all prepetition claims against the Debtors, having agreed to return a certain

---

[1] The Debtors are the following entities: Conseco, Inc., CIHC, Incorporated, CTIHC, Inc., Partners Health Group, Inc., Conseco Finance Corp. and Conseco Finance Servicing Corp.

payment of $250,000.00 made to Lazard by the Debtors on or about October 21, 2002 and having made a showing that all other payments received from the Debtors prior to the commencement of these cases were in the ordinary course of business under § 547(c) of the Bankruptcy Code, is "disinterested" and represents no interest adverse with respect to the matters upon which it is to be employed; the Court further finding that the employment and retention of Lazard pursuant to the terms of the Engagement Letter as noted below is reasonable and in the best interest of the estate; all objections to the Application either having been resolved or overruled; it further appearing that proper and adequate notice having been given to all parties entitled thereto and after due deliberation thereon and good and sufficient cause appearing therefore:

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Debtors are hereby authorized to employ and retain Lazard as their investment banker pursuant to the terms of the Engagement Letter effective as of December 18, 2002 pursuant to 11 U.S.C. §§ 327(a) and 328(a).

2. The terms of the Engagement Letter, including, without limitation, the monthly advisory, sale and restructuring fee provisions and the indemnification provisions, are reasonable terms and conditions of employment and are approved pursuant to 11 U.S.C. § 328(a); provided, however, each Indemnified Person (as defined in the Engagement Letter) shall be entitled to indemnification for losses, claims, damages, liabilities or expenses found by a court of competent jurisdiction to have resulted primarily from such Indemnified Person's ordinary negligence only if directors of the Debtors may be indemnified under the laws of the State(s) of incorporation of the applicable Debtors for losses, claims, damages, liabilities or expenses found by a court of

competent jurisdiction to have resulted primarily from such director's ordinary negligence.

3.   Lazard hereby waives all prepetition claims against the Debtors. Any and all claims that Lazard may have against the Debtors, including, without limitation, claims for fees, expenses and/or indemnity, shall be made solely pursuant to the terms of retention as approved by the Court in this Order. Lazard further agrees that (a) it shall immediately return the payment of $250,000.00 it received from the Debtors on or about October 21, 2002 and waive any and all claims that it may have against the Debtors relating to such payment and (b) if, at a later date it is adjudicated by a final order of a court of competent jurisdiction that Lazard received any other payments from the Debtors prior to the commencement of these cases that must be returned pursuant to § 547 of the Bankruptcy Code, then Lazard agrees to waive any and all claims that it may have relating to any such payments.

4.   Lazard shall be compensated in accordance with (a) the procedures set forth in the Bankruptcy Code and Bankruptcy Rules as may then be applicable, (b) such procedures as may be fixed by order of this Court and (c) the terms of the Lazard Engagement Letter as set forth in the Application and this Order.

5.   Nothing in the Engagement Letter shall be deemed to cap an Indemnified Person's liability, if any, for any losses, claims, damages, liabilities or expenses found by a court of competent jurisdiction to have resulted primarily from such Indemnified Person's bad faith or gross negligence.

6.   Schedule II of the Engagement Letter is hereby modified to correct a typographical error. Specifically, Schedule II section (a)(ii) shall be stricken and

replaced with the following: "(ii) an amount equal to .75% of Aggregate Consideration (as defined on Schedule III)."

Dated: January 14, 2003

_____
HONORABLE CAROL A. DOYLE
UNITED STATES BANKRUPTCY JUDGE

14261468.3