Douglas H. Flaum
douglas.flaum@friedfrank.com
Stephanie J. Goldstein
stephanie.goldstein@friedfrank.com
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004
212-859-8254 (telephone)
212-859-4000 (facsimile)

Attorneys for Defendant
Harry Macklowe

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                         :
LESLIE DICK WORLDWIDE, LTD. and LESLIE                                   :
DICK,                                                                    :
                                                                         :
                                                                         :
                                   Plaintiffs,                           :
                                                                         :
               - against -                                               :    No. 08 CV 7900 (BSJ/THK)
                                                                         :
                                                                         :
GEORGE SOROS, SOROS FUND MANAGEMENT,                                     :    ECF Case
LLC, SFM MANAGEMENT, LLC, CONSECO, INC.,                                 :
VORNADO REALTY TRUST, GERMAN AMERICAN                                    :
CAPITAL CORPORATION, DEUTSCHE BANK AG.                                   :
EASTDIL DECURED, LLC, HARRY MACKLOWE,                                    :
FIG, LLC, CERBERUS CAPITAL MANAGEMENT,                                   :
OP., LAZARD FREERES & CO. LLC, KIRKLAND &                                :
ELLIS, LLP, FRIED, FRANK, HARRIS, SHRIVER &                              :
JACOBSON LLP, CARMEL FIFTH, LLC, 767                                     :
MANAGER, LLC, DONALD J. TRUMP and JOHN                                   :
DOES "1" THROUGH "10,"                                                   :
                                   Defendants.                           :
                                                                         :
------------------------------------------------------------------------ x


**MEMORANDUM OF LAW IN SUPPORT OF
HARRY MACKLOWE'S MOTION TO DISMISS THE ACTION WITH PREJUDICE**

# **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 3

I.      PLAINTIFFS' RICO CLAIMS ARE UTTERLY BASELESS ............................... 3

    A.    *Res Judicata* Is an Absolute Bar to Plaintiffs' Assertion of RICO Claims Against Mr. Macklowe Based on the Sale of the GM Building .............. 3

    B.    The Statute of Limitations Is an Absolute Bar to Plaintiffs' RICO Claims Against Mr. Macklowe ........................................................................ 4

    C.    Plaintiffs Have Not Pled Any of the Elements of a Substantive RICO Claim ................................................................................................ 5

    D.    Plaintiffs Do Not State a RICO Claim Conspiracy Claim ................................. 6

II.     PLAINTIFFS' ANTITRUST CLAIMS ARE BASELESS ..................................... 6

CONCLUSION ........................................................................................................................ 7

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                      **Page(s)**

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1992) ...........................................................................4

*Leslie Dick Worldwide, Ltd. v. Macklowe Properties Inc.,* Index No. 600222/2006
　(N.Y. Supreme Ct. Dec. 20, 2006) 857 N.Y.S.2d 86 (1st Dep't 2008),
　*denying leave to appeal,* 11 N.Y.S.3d 702 (2008) .......................................................................4

*Reisner v. Stoller,* 51 F. Supp. 2d 430 (S.D.N.Y 1999) ...................................................................4

*Tafflin v. Levitt,* 493 U.S. 455 (1990) ..............................................................................................4

United States v. Int'l Longshoremen's Ass'n,
　518 F. Supp. 2d 422 (E.D.N.Y. 2007) ................................................................................5 n.2

Waldman v. Village of Kiryas Joel,
　39 F. Supp. 2d 370 (S.D.N.Y. 1999) ..................................................................................3 n.1

Weinraub v. Glen Rauch Secs., Inc.,
　419 F. Supp. 2d 507 (S.D.N.Y. 2005) ......................................................................................4

## **Other Authorities**

Fed. R. Civ. P. 8 ........................................................................................................................5 n.2
Fed. R. Civ. P. 9(b) ........................................................................................................................2, 5
Fed. R. Civ. P. 12(b)(6) ......................................................................................................................1

Defendant Harry Macklowe ("Mr. Macklowe") respectfully submits this memorandum of law in support of his motion to dismiss the Complaint of plaintiffs Leslie Dick Worldwide, Ltd. and Leslie Dick (together, "Plaintiffs") with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  In order to avoid unnecessary duplication, Mr. Macklowe respectfully incorporates herein by reference Sections I-III and Section V of the Brief in Support of the Soros Defendants' Motion to Dismiss dated December 22, 2008 ("Soros Brief").

## PRELIMINARY STATEMENT

Almost two years ago, Plaintiffs initiated an action in New York State court against Mr. Macklowe (and a number of other defendants in this action) revolving around the 2003 sale of the General Motors building ("GM Building") to affiliates of Mr. Macklowe (i.e., "the State Court Action").  The State Court Action, as Plaintiffs explained, was about:

> business fraud and conspiracy relating to the solicitation of bids, purchase and sale of the General Motors Building, 767 Fifth Avenue, New York, New York. . . . [D]efendants engaged in bid rigging and fraud by conspiring to have Plaintiffs' August 27, 2003 bid rejected and instead have the Building sold to . . . the limited partnership specifically formed and designated by Harry Macklowe, George Soros and the other defendants. . . .

*See* State Court Action Verified Amended Complaint ¶ 1 (emphasis added), attached as Exhibit A to the Declaration of Marc K. Battle.

The State Court Action was dismissed with prejudice.  Undeterred by defeat, just eight days after the New York Court of Appeals rejected their leave to appeal that dismissal, Plaintiffs started this proceeding.  (A copy of the Complaint in this action ("the Complaint") is attached as Exhibit B to the Declaration of Marc K. Battle.))  Now, *and yet again,* Plaintiffs complain of fraud, conspiracy and bid rigging in connection with the 2003 sale of the GM Building. Plaintiffs' attempt to litigate issues that have already been resolved by labeling their claims as ones for RICO and antitrust — and adding additional irrelevant parties such as the lawyers for the seller and buyer of the GM Building — fails miserably.

1

First, the RICO claims against Mr. Macklowe — even if they had a shred of plausibility — suffer from two patent, and incurable, defects: *res judicata* and the statute of limitations. *Res judicata* plainly bars parties, like Plaintiffs, who have already litigated and lost, from attempting the litigation equivalent of a mulligan by pursuing new claims predicated on the same transaction as to which claims have already been conclusively resolved. Plaintiffs' formulation of new legal labels for their allegations is irrelevant for purposes of *res judicata*. In any event, by waiting almost five years from accrual of their claim before actually filing their RICO claims, Plaintiffs allowed the four-year limitation period applicable to RICO claims to lapse. These are insurmountable barriers to Plaintiffs' pursuit of the RICO claims.

But even if Plaintiffs' RICO claims were actually considered, it is absolutely clear that Plaintiffs' hodgepodge of previously aired grievances does not come anywhere close to stating the requisite elements of any RICO claim. Take the enterprise, for example, which is the central component of such a claim. Within the RICO construct, the enterprise is the object of illicit activity by the defendants, but it stands separate and apart from defendants and their acts. Plaintiffs turn this on its head, however, instead repeatedly alleging that the amorphous "RICO Enterprise," which is purportedly comprised of all of the Defendants, is the actor. Misapprehending what the enterprise is supposed to be, Plaintiffs, unsurprisingly, allege no facts that provide the requisite structural continuity to even establish one.

Likewise, Plaintiffs allege one "predicate act," bid rigging, which is not cognizable under the RICO statute, and allege others — like bankruptcy fraud and money laundering — that are not supported by a single factual allegation suggesting any involvement, much less the requisite fraudulent conduct, by Mr. Macklowe. Plaintiffs cannot simply repeat, *ad nauseum*, their allegation that Mr. Macklowe was Mr. Soros' straw man in the purchase of the GM Building without providing well-grounded factual details, compliant with Rule 9(b), to justify this fanciful assertion. Nor does the Complaint plead that Plaintiffs actually have standing to pursue RICO claims, as the so-called injuries to them have absolutely no relationship to the alleged improper

conduct. RICO — and the threat of treble damages — may sound appealing to Plaintiffs, but not prevailing in the bid for the GM Building hardly creates such a claim.

Plaintiffs' antitrust claim is equally absurd. Like with the RICO claim, antitrust claims are subject to a four-year limitations period — a period which expired more than a year before Plaintiffs started this action. Moreover, what Plaintiffs have alleged — not prevailing in their effort to buy the GM Building — does not come anywhere close to pleading the type of injury the antitrust laws were intended to address.

This action should be dismissed with prejudice.

## ARGUMENT

### I. PLAINTIFFS' RICO CLAIMS ARE UTTERLY BASELESS

#### A. *Res Judicata* Is an Absolute Bar to Plaintiffs' Assertion of RICO Claims Against Mr. Macklowe Based on the Sale of the GM Building

*Res judicata* protects a party, like Mr. Macklowe, from having to endure endless litigation with adversaries, who when unsatisfied with the results of a prior action, attempt to reverse their predicament in another case. Thus, where a final decision on the merits has been reached in a prior action, a plaintiff is foreclosed from asserting additional claims against a defendant that are based on the same transaction or series of transactions, provided those claims could have been asserted in the prior action. Soros Brief Sec. II.A., p. 18.[1]

Here, Mr. Macklowe — like the Soros Defendants, the Conseco Defendants and Eastdil — was a party to Plaintiffs' State Court Action, which was dismissed on the merits in December

---

[1] The addition of factual allegations to the pleading, like those here concerning Mr. Macklowe's purchase of seven office buildings from Blackstone in 2007 and Mr. Macklowe's sale of the GM Building in 2008 (Complaint ¶¶ 417-24), does not alter this result. *E.g., Waldman v. Village of Kiryas Joel,* 39 F. Supp. 2d 370, 377 (S.D.N.Y. 1999) ("[t]he pleading of additional incidents in a second complaint will not necessarily bar the application of *res judicata*"). These allegations have absolutely nothing at all to do with the injury for which Plaintiffs seek to recovery, and do not independently provide Plaintiffs any basis for relief.

2006 by the New York Supreme Court. *Leslie Dick Worldwide, Ltd. v. Macklowe Properties Inc.,* Index No. 600222/2006 (N.Y. Supreme Ct. Dec. 20, 2006). That decision was affirmed by the Appellate Division in April 2008, and the New York Court of Appeals denied Plaintiffs' motion for leave to appeal just eight days before this action was filed. 857 N.Y.S.2d 86 (1st Dep't 2008), *denying leave to appeal,* 11 N.Y.S.3d 702 (2008).

Like the State Court Action, this proceeding also is centered upon one transaction: the sale of the GM Building. Complaint ¶¶ 339-73. Plaintiffs chose not to pursue their RICO claims against Mr. Macklowe in the State Court Action, even though Plaintiffs were free to do so and claim to have been aware of them. Soros Brief Sec. II.A., pp. 21-22. *See also Tafflin v. Levitt,* 493 U.S. 455 (1990) (state and federal courts have concurrent jurisdiction over RICO claims); *Reisner v. Stoller,* 51 F. Supp. 2d 430 (S.D.N.Y 1999) (same). But no matter how Plaintiffs attempt to disguise their claims, having previously adjudicated claims relating to their losing bid, Plaintiffs cannot now craft new legal theories in an attempt to pursue them. New York law is crystal clear that "[o]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred [by res judicata], even if based upon different theories or if seeking a different remedy." *Weinraub v. Glen Rauch Secs., Inc.,* 419 F. Supp. 2d 507, 513 (S.D.N.Y. 2005).

In sum, *res judicata* is a doctrine intended to prevent plaintiffs, like these ones, from subjecting a party, like Mr. Macklowe, from repetitive litigation over the same issues.

  B. The Statute of Limitations Is an Absolute Bar to
    <u>Plaintiffs' RICO Claims Against Mr. Macklowe</u>

As detailed in the Soros Brief, the RICO claims are time barred because Plaintiffs allowed the four-year limitations period for asserting such claims to lapse. Soros Brief Sec. II.B. Plaintiffs cannot revive their stale claims by the addition of allegations concerning Mr. Macklowe's purchase and related financing of seven office buildings from Blackstone in 2007, and his sale of the GM Building in 2008. Complaint ¶¶ 417-24. *Klehr v. A.O. Smith Corp.*, 521

U.S. 179, 190 (1992) (Plaintiffs "cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other predicate acts"). Here, the only injury Plaintiffs claim to have sustained relates to their lost opportunity to buy the GM Building. The 2007-08 events have absolutely nothing to do with that alleged injury.

### C. Plaintiffs Have Not Pled Any of the Elements of a Substantive RICO Claim

Plaintiffs purport to assert two substantive RICO claims against Mr. Macklowe (Counts II & III), each of which is premised upon bid rigging, bankruptcy fraud and money laundering. Even absent the incurable defects of *res judicata* and the statute of limitations, Plaintiffs' allegations do not actually state a RICO claim. Without repeating all of the arguments presented by the Soros Defendants as to Plaintiffs' inability to plead an enterprise, a racketeering pattern, a predicate act or causation, set forth below are a few issues unique to Mr. Macklowe.

Plaintiffs do not allege that Mr. Macklowe committed any predicate acts — let alone with the particularity demanded by Fed. R. Civ. P. 9(b).[2] For Mr. Macklowe, who is referred to in only 44 of the 458 paragraphs of the Complaint, the sum and substance of the allegations consist entirely of the conclusion that Mr. Macklowe bought the GM building as a straw man for Mr. Soros, and that he later bought additional properties and sold the GM Building. These allegations hardly provide grounds for claiming that Mr. Macklowe engaged in bankruptcy fraud or money laundering.

***Bankruptcy Fraud.*** Mr. Macklowe had absolutely nothing to do with the bankruptcy at all. As alleged in the Complaint, Mr. Macklowe's only connection to the bankruptcy at all is that

---

[2] Indeed, the 95-page, 458 paragraph Complaint runs afoul of the more minimal notice pleading requirements under Fed. R. Civ. P. 8, which requires that a pleading provide a "short and plain statement" of the grounds for relief. Thus, under Rule 8, prolix, confused pleadings that fail to give fair notice of the claims being asserted against each of the Defendants and impose undue burdens on a defendant's ability to respond should be dismissed. *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 463 (E.D.N.Y. 2007).

5

six days before Conseco emerged from bankruptcy, Fried Frank sought and obtained the Court's approval to represent him in his efforts to purchase the GM Building (Complaint ¶ 376). Indeed, Mr. Macklowe is not even mentioned among those who allegedly schemed about using the Conseco bankruptcy as a means for Soros to gain control of the GM Building in the months before the filing. Complaint ¶¶ 182-83. It should go without saying that one cannot be held accountable for bankruptcy fraud without having been somehow involved in a bankruptcy proceeding.

*Money Laundering*. Likewise, Plaintiffs meet none of the requirements for properly alleging money laundering because, among other things, they fail to offer allegations demonstrating what "specified unlawful activity" supplied any "criminally derived property" and how Mr. Macklowe was implicated in this nonsensical scheme. Complaint ¶¶ 51, 182, 361, 376, 382, 437, 445, 451. Soros Brief Sec. II.C.2.b.iii., pp. 33-34. In short, nothing in the Complaint in any way suggests how Mr. Macklowe was or could have been involved in laundering money.

### D. Plaintiffs Do Not State a RICO Claim Conspiracy Claim

Plaintiffs do not state substantive RICO claims, and therefore cannot assert a RICO conspiracy claim. Soros Brief Sec. II.C.4, pp. 39-40. Nor do Plaintiffs offer anything other than their own unsubstantiated conclusion for their assertion of a conspiracy. The law requires far more. *Id.* at Soros Brief Sec. II.C.4, p. 40. Mr. Macklowe is not alleged to have done anything, by his words or his actions, that suggests he agreed to engage in a RICO conspiracy with the other Defendants. The fact that he purchased the GM Building, with the alleged financing and later sold that building for a profit does not suggest a conspiracy of any sort.

## II. PLAINTIFFS' ANTITRUST CLAIMS ARE BASELESS

Plaintiffs' antitrust claims likewise fail. As set forth in the Soros Brief, Plaintiffs' attempt to plead an antitrust claim based on alleged "bid rigging" in connection with the 2003 sale of the GM Building fails for two reasons. One, the claim is barred by the four-year statute

6

of limitations applicable to such claims. Soros Brief Sec. III.A. Two, Plaintiffs have not pled a cognizable antitrust injury. *Id.* at Sec. III.B.

## **CONCLUSION**

For all the foregoing reasons and those set forth in the Soros Brief insofar as incorporated herein, the Court should (i) dismiss the Complaint without leave to amend and the action with prejudice and (ii) grant Mr. Macklowe such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        December 22, 2008

                            Respectfully submitted,

                            FRIED, FRANK, HARRIS, SHRIVER
                              & JACOBSON LLP


                            By:  /s/ *Douglas H. Flaum*_____
                                 Douglas H. Flaum
                                 Stephanie J. Goldstein

                            douglas.flaum@friedfrank.com
                            stephanie.goldstein@friedfrank.com
                            One New York Plaza
                            New York, New York 10004-1980
                            (212) 859-8000

                            Attorneys for Defendant
                            Harry Macklowe

7146922