Howard W. Goldstein
howard.goldstein@friedfrank.com
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004
212-859-8502 (telephone)
212-859-4000 (facsimile)

Attorneys for Defendant
Fried, Frank, Harris, Shriver & Jacobson LLP

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

................................................................................ x
:
LESLIE DICK WORLDWIDE, LTD. and :
LESLIE DICK, :
:
:
*Plaintiffs*, :
:
-against- :
:
GEORGE SOROS, SOROS FUND :
MANAGEMENT, LLC, SFM :
MANAGEMENT, LLC, CONSECO, INC., :
VORNADO REALTY TRUST, GERMAN : No. 08 CV 7900 (BSJ/THK)
AMERICAN CAPITAL CORPORATION, :
DEUTSCHE BANK AG, EASTDIL : ECF Case
SECURED, LLC, HARRY MACKLOWE, :
FIG, LLC, CERBERUS CAPITAL :
MANAGEMENT, LP., LAZARD FRERES & :
CO. LLC, KIRKLAND & ELLIS, LLP, FRIED :
FRANK HARRIS SHRIVER & JACOBSON :
LLP, CARMEL FIFTH, LLC, 767 MANAGER, :
LLC, DONALD J. TRUMP and JOHN DOES :
"1" THROUGH "10," :
:
*Defendants*. :
:
:
................................................................................ X

# MEMORANDUM OF LAW IN SUPPORT OF FRIED, FRANK, HARRIS, SHRIVER & JACOBSON'S MOTION TO DISMISS THE ACTION WITH PREJUDICE

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT ............................................................................................................................2

I.     PLAINTIFFS' RICO AND ANTITRUST CLAIMS ARE TIME BARRED ......................2

II.    PLAINTIFFS' RICO CLAIMS AGAINST FRIED FRANK ARE ENTIRELY DEFICIENT ..................................................................................................3

       A.    Res Judicata Prevents Plaintiffs from Pursuing RICO Claims against Fried Frank ....................................................................................................3

       B.    Plaintiffs Do Not Allege the Elements of a RICO Claim ........................................6

             1.    Fried Frank Is Not Alleged to Have Committed Any RICO Predicate Act ..................................................................................................6

             2.    Fried Frank Did Not "Operate" or "Manage" Any Purported Enterprise for Purposes of § 1962(c) ...............................................................7

             3.    Plaintiffs Do Not Allege Cognizable Conspiracy Claims against Fried Frank under § 1962(d) ...............................................................9

III.    PLAINTIFFS HAVE NOT STATED A COLORABLE ANTITRUST CLAIM ..............10

CONCLUSION ........................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page(s)**

*Adams v. IBM*, 533 F. Supp. 2d 342 (S.D.N.Y. 2008).................................................................4

*Akhenaten v. Najee, LLC*,
   544 F. Supp. 2d 320 (S.D.N.Y. 2008)...................................................................................5

*Alaimo v. General Motors Corp.*, No. 07-CV-7624,
   2008 WL 4695026 (S.D.N.Y. Oct. 20, 2008) .........................................................................4

*Alpert's Newspaper Delivery, Inc. v. The New York Times, Inc.*,
   876 F.2d 266 (2d Cir. 1989)...................................................................................................4

*Amalgamated Sugar Co. v. NL Indus.*,
   825 F.2d 634 (2d Cir. 1987)...................................................................................................4

*Amsterdam Tobacco Inc. v. Philip Morris Inc.*,
   107 F. Supp. 2d 210 (S.D.N.Y. 2000)..............................................................................7 n.1

*Azrielli v. Cohen Law Offices*,
   21 F.3d 512 (2d Cir. 1994)..................................................................................................8, 9

*Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*,
   56 F.3d 359 (2d Cir. 1995).....................................................................................................4

*Dep't of Econ. Dev. v. Arthur Anderson & Co.*,
   924 F. Supp. 449 (S.D.N.Y. 1996).................................................................................7, 9 n.2

*Discon Inc. v. NYNEX Corp.*,
   86 F. Supp. 2d 154 (W.D.N.Y. 2000) ....................................................................................5

*Friedman v. Hartmann*, No. Civ. 1523,
   1996 WL 457300 (S.D.N.Y. Aug. 23, 1996).......................................................................8, 9

*Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison*,
   955 F. Supp. 248 (S.D.N.Y. 1997).........................................................................................8

*Heffernan v. HSBC Bank USA*, No. 99-CV-07981,
   2001 WL 803719 (E.D.N.Y. Mar. 29, 2001).........................................................................9

*In re Teltronics Services, Inc.*,
   762 F.2d 185 (2d Cir. 1985)...............................................................................................3, 5

*International Brotherhood of Teamsters v. Carey*,
   163 F. Supp. 2d 271 (S.D.N.Y. 2001)....................................................................................9


**Cases**                                                                                                         **Page(s)**

*Jett v. Beech Interplex, Inc.,* Civ. No. 02-9131,
   2004 U.S. Dist LEXIS 13352 (E.D. Pa. July 15, 2004)............................................................5

*Official Publications, Inc. v. Kable News Co.*,
   811 F. Supp. 143 (S.D.N.Y. 1993).......................................................................................3, 4

*Procapui-Productores de Camaroes De Icapui Ltda v. Layani*,
   No. 07-CV-6627, 2008 WL 3338199 (S.D.N.Y. Jan. 11, 2008) ............................................6, 7

*Reves v. Ernst & Young*, 507 U.S. 170 (1993)....................................................................................7

*Rosendale v. Citibank*, No. 94 Civ. 8591,
   1996 WL 175089 (S.D.N.Y. April 15, 1996) ......................................................................8, 9

*Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340 (S.D.N.Y. 1998) .............................................................7

*Sommerville House Mgmt, Ltd. v. Arts & Entertainment Television Network*,
   No. 92-CIV-4705, 1993 WL 138736 (S.D.N.Y. April 28, 1993)..............................................3

*U.S. Fire Ins. Co. v. United Limousine Service, Inc.*,
   303 F. Supp. 2d 432 (S.D.N.Y. 2004)..............................................................................7 n.1

*Vickers Stock Research Corp. v. Quotron Systems, Inc.*, No. 97-9114,
   1998 U.S. App. LEXIS 22046 (2d Cir. 1998) ...........................................................................8

*Waldman v. Village of Kiryas Joel*,
   39 F. Supp. 2d 370 (S.D.N.Y. 1999)...............................................................................3, 4, 5

## Statutes & Rules

18 U.S.C. § 1962(c) ...........................................................................................................2, 7, 8, 9

18 U.S.C. § 1962(d) ...............................................................................................................................9

Fed. R. Civ. P. 9(b) .............................................................................................................................6, 7

Fed. R. Civ. P. 12(b)(6)..........................................................................................................................1

Defendant Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") respectfully submits this memorandum of law in support of its motion to dismiss the Complaint of Leslie Dick Worldwide, Ltd. and Leslie Dick (together, "Plaintiffs") with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, Fried Frank respectfully joins in and incorporates by reference Sections I-III and Section V of the Brief In Support of George Soros and Soros Fund Management's Motion to Dismiss dated December 22, 2008 (the "Soros Brief").

## PRELIMINARY STATEMENT

After Plaintiffs exhausted all appeals of the dismissal of their New York state court action for fraud, conspiracy and bid rigging in connection with the 2003 sale of the General Motors building (the "GM Building"), Plaintiffs started this action. But apparently recognizing that their defeat in the State Court Action casts a long shadow, Plaintiffs have attempted to disguise the substantive identity of this action from the one that preceded it by naming a bevy of additional defendants — including Fried Frank — and cloaking their already dismissed state-law claims as ones sounding in RICO and antitrust. When all is said and done, however, Plaintiffs' conclusory speculations of a conspiratorial plot masterminded by George Soros, and carried out in unspecified ways by Defendants, in connection with the 2003 sale of the GM Building to Mr. Macklowe involve the precise issue that the state court has already definitively resolved.

Sweeping away the sensationalism of Plaintiffs' allegations, what remains as to Fried Frank are two entirely mundane points: (1) Fried Frank was approved as counsel to the Committee of Unsecured Creditors of Conseco, Inc. by the Bankruptcy Court during Conseco's bankruptcy proceedings, and (2) Fried Frank, after it received approval from the Bankruptcy Court, represented Mr. Macklowe in connection with the purchase of the GM Building. Plaintiffs have absolutely no substantive basis — indeed, they plead none — for subjecting Fried Frank to RICO and antitrust violations simply because it advised its clients.

But the absolute lack of merit to both the pleading and substance of this action is secondary because Plaintiffs are not entitled to proceed here at all. Both the RICO and antitrust

claims are subject to a four-year statutory limitations period. Here, Plaintiffs' claims, even presuming they had some measure of credulity, accrued by November 2003 at the latest when Plaintiffs identified the possibility of asserting such claims in connection with the sale of the GM Building. Plaintiffs chose to let those claims lapse. Separately, because Plaintiffs have already had their day in court on claims relating to the sale of the GM Building, they are precluded by the doctrine of *res judicata* from attempting to relitigate the substance of that transaction again here. This is true as to Fried Frank, which was in privity with its client in the State Court Action. No amount of pleading can ever possibly cure these deficiencies.

On the substance, Plaintiffs fare no better. The Complaint is devoid of allegations that actually state a RICO or antitrust claim. As to RICO, Plaintiffs do not plead an enterprise; they do not plead any predicate acts; they do not plead a racketeering pattern; and they do not plead causation as their so-called injury, i.e., losing out on an opportunity to buy the GM Building has no connection to the alleged illicit conduct. Nor can Plaintiffs pursue a section 1962(c) claim against Fried Frank in light of the abundant precedent disallowing such a claim against an outside professional who is alleged to have done nothing other than represent its clients. Without any underlying substantive RICO claim, Plaintiffs could not pursue a conspiracy claim, even if they had proffered the factual allegations necessary to plead one, which they have not. And, Plaintiffs do not have standing to assert an antitrust violation because, as a matter of law, they do not plead the type of anti-competitive conduct or injury that those laws redress.

For all of these reasons, this Court should dismiss this action with prejudice.

## ARGUMENT

**I.     PLAINTIFFS RICO AND ANTITRUST CLAIMS ARE TIME BARRED**

As detailed in the Soros Brief, both RICO and antitrust claims are subject to a four-year limitations period that runs from when Plaintiffs discovered or should have discovered their injury. Soros Brief Sec. II.B. and III.A. Because Plaintiffs should have known that they were not the successful bidders by August 30, 2003 — and if not then, by November 24, 2003 when Plaintiffs asserted their intent to pursue RICO and antitrust claims for having lost out on the

opportunity to buy the GM Building — Plaintiffs' claims expired at the latest on November 24, 2007. The commencement of this action almost one year later was too late. *Id.* at p.14.

## II. PLAINTIFFS' RICO CLAIMS AGAINST FRIED FRANK ARE ENTIRELY DEFICIENT

### A. Res Judicata Prevents Plaintiffs from Pursuing RICO Claims against Fried Frank

Plaintiffs' prior state court action plainly resulted in a judgment on the merits on the underlying issue of the sale of the GM Building, and Plaintiffs should not now be permitted to relitigate the substance of those claims. Soros Brief Sec. II.A., p. 8. *See also Sommerville House Mgmt, Ltd., v. Arts & Entm't Television Network,* No. 92-CIV-4705, 1993 WL 138736, at *1 (S.D.N.Y. April 28, 1993) (citing *In re Teltronics Servs., Inc.,* 762 F.2d 185, 190 (2d. Cir. 1985)). The only issue that differs as it relates to Fried Frank from that set forth by the Soros Defendants is that Fried Frank was not a named party to the State Court Action. Fried Frank, however, successfully represented Mr. Macklowe there, and is entitled to the benefit of *res judicata* for the RICO claims under the doctrine of privity.

*Res judicata* is intended to promote finality by ensuring that any and all issues related to a particular transaction are resolved once, thereby avoiding endless litigation by litigants who, unsatisfied with the initial results, resort to additional litigation. *E.g.*, *Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 378 (S.D.N.Y. 1999) ("[a]n essential objective of *res judicata* is to 'relieve parties of the cost and vexation of multiple law suits, [and to] conserve judicial resources.' The incentive of *res judicata* is to litigate all available claims in one action") (citation omitted); *Official Publications, Inc. v. Kable News Company, Inc.*, 811 F. Supp. 143, 145 (S.D.N.Y. 1993) ("*[R]es judicata* applies to repetitious suits involving the same cause of action. It rests upon consideration of economy of judicial time and public policy favoring the establishing of certainty in legal relations.").

To achieve these objectives, courts have rejected the notion that "literal privity must exist," instead maintaining that a determination of whether there is privity for purposes of *res judicata* is made flexibly (not mechanically) based on the circumstances and is an issue of substance (not

form). *Alpert's Newspaper Delivery, Inc. v. The New York Times, Inc.*, 876 F.2d 266, 270 (2d Cir. 1989); *Amalgamated Sugar Co. v. NL Indus.*, 825 F.2d 634, 640 (2d Cir. 1987). To that end, privity bars a plaintiff from relitigating a claim against a newly added defendant who was known to the plaintiffs at the time of the first suit and who has "a sufficiently close relationship to the original defendant to justify preclusion." *Alaimo v. Gen. Motors Corp.,* No. 07-CV-7624, 2008 WL 4695026, at *5 (S.D.N.Y. Oct. 20, 2008) (citing *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.,* 56 F.3d 359, 367-68 (2d Cir. 1995)). *See also Waldman*, 39 F. Supp. 2d at 381 (*res judicata* is available to a newly named defendant with a close or significant relationship to a defendant previously sued . . . ."); *Official Publ'ns*, 811 F. Supp. at 147 (same).

These principles plainly protect Fried Frank from Plaintiffs' vexatious and wholly unjustified pursuit of RICO claims against it. Plaintiffs could have asserted these RICO claims against Fried Frank in the State Court Action — it was subject to jurisdiction in the state court and state and federal courts have concurrent jurisdiction over RICO claims. Soros Brief Sec. II.A., p. 21. Indeed, all of the substantive allegations Plaintiffs now make as to Fried Frank were a matter of public record when the State Court Action began (Complaint ¶¶ 293, 376), and the conclusory allegations made on "information and belief" (*id.* ¶¶ 36, 51, 182-3, 230, 343, 377) could have just as readily been imagined by Plaintiffs at that time as well. *Adams v. IBM*, 533 F. Supp. 2d 342, 344 (S.D.N.Y. 2008) ("*res judicata* should bar the plaintiff from gaining a second opportunity to litigate the very same claims, even where complete identity between parties is lacking").

Likewise, Fried Frank has a "sufficiently close" relationship with Mr. Macklowe for purposes of privity. Fried Frank represented Mr. Macklowe in connection with the purchase by his affiliates of the GM Building, as well as in the New York State action where it defended him. Obviously, the attorney-client relationship is a sufficiently close one, and should more than suffice under the circumstances here as a basis to find privity. Indeed, the pleadings make clear that Fried Frank would not be in this case if it were not for that attorney-client relationship. *See, e.g.*, *Akhenaten v. Najee, LLC*, 544 F. Supp. 2d 320, 329 (S.D.N.Y. 2008) (attorneys who represented parties in a prior action were entitled to the benefit of *res judicata* when they were later sued along

with their clients on the same cause of actions); *Jett v. Beech Interplex, Inc.,* Civ. No. 02-9131, 2004 WL 1595734, at *4 (E.D. Pa. July 15, 2004) (same).

Plaintiffs' conclusory and oft-repeated (albeit meritless) assertions that Fried Frank acted as a co-conspirator with the other Defendants — many of whom were also parties in the State Court Action — only bolsters that there is privity here. As a multitude of cases have held, when a newly added party is roped into an action as a conspirator, it is deemed to be in privity with its fellow conspirators who where parties to a prior action. *See In re Teltronics Services, Inc.,* 762 F.2d 185, 192 (2d Cir. 1985) (a newly added defendant was "alleged to be a co-conspirator in the second Southern District action filed by [Plaintiff] against the [other] defendants, and is entitled to the *res judicata* effect" of that decision); *Waldman v. Village of Kiryas Joel,* 39 F. Supp. 2d 370, 382 (S.D.N.Y. 1999) ("these cases penalize a plaintiff for asserting in a subsequent action the same claim against a co-conspirator whose participation in the plaintiff's prior action was clear, but whom the plaintiff chose not to sue earlier"); *Discon Inc. v. NYNEX Corp.*, 86 F. Supp. 2d 154, 166 (W.D.N.Y. 2000) ("courts have held that alleged co-conspirators are 'in privity' with one another for res judicata purposes").

In sum, the claims against Fried Frank are barred by *res judicata*. Plaintiffs should not be rewarded for their conscious decision not to sue Fried Frank in the State Court Action.

B. <u>Plaintiffs Do Not Allege the Elements of a RICO Claim</u>

As demonstrated in the Soros Brief, Plaintiffs have not pled any of the requisite elements of a RICO claim. Soros Brief Sec. II.C., p. 25.[1] Fried Frank will not repeat those cogent arguments here, but instead points out a few arguments unique to it.

---

[1] In addition, Fried Frank joins in Sections IV.A and IV.B of the Memorandum of Law in Support of the Deutsche Bank Defendants' Motion to Dismiss the Complaint with Prejudice as Plaintiffs have not pled that Fried Frank (1) derived income from racketeering activity pursuant to section 1962(a) or (2) acquired or maintained interests in any assets of Conseco through racketeering activity pursuant to section 1962(b).

-5-

### 1. *Fried Frank Is Not Alleged to Have Committed Any RICO Predicate Act*

***No Bankruptcy Fraud.***  While Plaintiffs do not bother to specify what the bankruptcy fraud was, as they are required to do (Soros Brief Sec. II.C., p. 31), it is clear that none of the allegations in the Complaint supports even an inference that Fried Frank participated in a bankruptcy fraud let alone provides the specificity demanded by Rule 9(b).  For instance, Plaintiffs conclusorily assert, "upon information and belief," that Fried Frank conspired with the other defendants in the months leading up to the Conseco bankruptcy.  Complaint ¶¶ 182-83.  But the Complaint does not contain a single allegation of anything Fried Frank actually did that would support Plaintiffs' conclusions — not anyone with whom Fried Frank spoke, not any statement Fried Frank made, and thus not the timing of any Fried Frank statement.  Instead, the entirety of the factual allegations against Fried Frank in the context of the bankruptcy proceeding establish only that Fried Frank:  (1) arrived on the scene after the bankruptcy commenced as counsel for the Unsecured Creditors' Committee (Complaint ¶ 226), (2) in that capacity, sought made motions on behalf of the Committee including as to whether the GM Building was an asset of the bankruptcy estate (*id*. ¶¶ 228, 293), and (3) as revealed much later, days before the debtors were discharged, requested court approval to represent long-standing firm client Mr. Macklowe in connection with the purchase of the GM Building.  *Id.* at ¶ 376.  Plaintiffs do not deign to explain what is fraudulent about any of this for one simple reason:  this is not fraudulent conduct.

Nor do Plaintiffs' repetitive, generalized claims of Fried Frank's supposed complicity in "bankruptcy fraud" with the other defendants (Complaint ¶¶ 51, 182, 337, 437, 445) come anywhere close to meeting any pleading standard, and certainly not one sounding in fraud.  These conclusory statements are woefully short of the particularity required by Rule 9(b).  *E.g., Procapui-Productores de Camaroes De Icapui Ltda v. Layani,* No. 07-CV-6627, 2008 WL 3338199, at *3 (S.D.N.Y. Jan. 11, 2008) (where defendants are being charged collectively "a court may reject, for want of particularity, complaints that group defendants together or fail to particularize the wrongful acts attributable to each defendant").

Accordingly, because Plaintiffs fail to plead their bankruptcy fraud claim with the particularity required by Rule 9(b), this claim must be dismissed.

***No Money Laundering***.  The Soros Brief explains that Plaintiffs have not stated a money laundering claim because the Complaint contains nothing more than generalized assertions that funds were laundered, but does not contain the requisite factual allegations demonstrating what "specified unlawful activity" supplied any "criminally derived property."  Complaint ¶¶ 51, 182, 361, 376, 382, 437, 445, 451.  As to Fried Frank, the Complaint does not have a single allegation as to how it was or could have been involved in money laundering.

### 2. Fried Frank Did Not "Operate" or "Manage" Any Purported Enterprise for Purposes of § 1962(c)

Plaintiffs assert a claim against Fried Frank under § 1962(c), a claim which, among other things, requires specific allegations that a defendant "conduct[ed] or participate[d], directly or indirectly, in the conduct of [an] enterprise's affairs.  *See* 18 U.S.C. § 1962(c).  Here, even presuming Plaintiffs had adequately pled an enterprise, they do not allege that Fried Frank played any role in "directing" its affairs in any way.

In order to "conduct or participate" in the affairs of an enterprise, "one must participate in operation or management of the enterprise itself."  *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).  "As interpreted by courts in this district and others, the 'operation and management' test . . . is a very difficult test to satisfy" that must be applied at the pleading stage.  *Schmidt v. Fleet Bank,* 16 F. Supp. 2d 340, 346 (S.D.N.Y. 1998).[2]  And nowhere is that more so than, where as here, an outside professional, like Fried Frank, has done nothing more than provide services to its clients.  As one court aptly stated:

---

[2] *See also U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 451 (S.D.N.Y. 2004) ("There is a 'substantial difference' between actual control over an enterprise and association with an enterprise in ways that do not involve control; only the former is sufficient under *Reves* because the 'test is not involvement but control.'"); *Amsterdam Tobacco Inc. v. Philip Morris Inc*., 107 F. Supp. 2d 210, 216 (S.D.N.Y. 2000) (provision of goods to alleged smuggling operation did not constitute "operation and management" for RICO purposes).

> [P]roviding important services to a racketeering enterprise is not the same as directing the affairs of an enterprise.

*Dep't of Econ. Dev. v. Arthur Anderson & Co.,* 924 F. Supp. 449, 466 (S.D.N.Y. 1996).  *See also Vickers Stock Research Corp. v. Quotron Systems, Inc.*, No. 97-9114, 1998 U.S. App. LEXIS 22046, at *3 (2d Cir. Aug. 24, 1998) (outside professional "simpl[y] taking . . . directions and perform[ing] . . . tasks that are necessary or helpful to the [so-called] enterprise, without more, is insufficient to bring a defendant within the scope of § 1962(c)"); *Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison,* 955 F. Supp. 248, 254 (S.D.N.Y. 1997) ("the provision of professional services by outsiders, such as accountants, to a racketeering enterprise, is insufficient to satisfy the participation requirement of RICO, since participation requires some part in directing the affairs of the enterprise itself").

Recognizing that representation of a client is not participation in an enterprise, courts routinely dismiss section 1962(c) claims against law firms.  As stated by this Court:

> it has been established that an attorney can be substantially involved in a RICO enterprise or fraud, and still not be liable under RICO because such substantial involvement does not constitute operation and management.

*Friedman v. Hartmann*, No. 91 Civ. 1523, 1996 WL 457300, at *5 (S.D.N.Y. Aug. 13, 1996) (collecting cases).  *See also Azrielli v. Cohen Law Offices,* 21 F.3d 512, 521-22 (2d Cir. 1994) (provision of legal services in connection with a fraudulent real estate transaction did not constitute *management* of the RICO enterprise); *Rosendale v. Citibank,* No. 94 CIV. 8591, 1996 WL 175089, at *4 (S.D.N.Y. April 15, 1996) (granting motion dismissing RICO claims because plaintiffs did not plead that attorneys participated or managed the enterprise in anything other than conclusory terms).

Here, the Complaint clearly does not contain any allegations suggesting that Fried Frank engaged in any improper conduct at all (*see supra* at Sec. II.B.) — much less directed the affairs of the purported RICO enterprise that encompassed each of the Defendants.  Rather, all that Plaintiffs allege is that Fried Frank represented one of the putative enterprise's members, Mr. Macklowe, during the sale of the GM Building, and prior thereto represented an Official

-8-

Creditors Committee in the Conseco bankruptcy. *See id.* at p. 6. Such conduct does not suffice for purposes of § 1962(c). Nor can Plaintiffs avoid application of clear precedent by relying on wholly conclusory allegations that Fried Frank worked in concert with the RICO enterprise and served as a "co-conspirator." Complaint ¶¶ 51, 343, 361, 377, 382, 406, 451. Even if not entirely conclusory and absurd, *Friedman*, *Azrielli*, and *Rosendale* plainly establish that such conduct does not amount to direction and participation of an enterprise.[3]

### 3. Plaintiffs Do Not Allege Cognizable Conspiracy Claims against Fried Frank under § 1962(d)

Plaintiffs' inability to allege any substantive conspiracy count (*see supra* at Sec. II.B.1., p. 6) also precludes them from asserting a RICO conspiracy claim. Soros Brief Sec. II.C.4., p. 39. Even if Plaintiffs had managed to state such a claim, their repeated conclusory allegations that a conspiracy existed among the Defendants comes nowhere close to meeting the pleading requirements for a RICO conspiracy. As the court held in *International Brotherhood of Teamsters v. Carey*, 163 F. Supp. 2d 271, 285 (S.D.N.Y. 2001):

> a plaintiff must allege that *each defendant*, by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise.

(emphasis added). *See also Heffernan v. HSBC Bank USA*, No. 99-CV-07981, 2001 WL 803719, at *8 (E.D.N.Y. Mar. 29, 2001) ("In order to survive a motion to dismiss, a complaint under § 1962(d) must plead specifically that each defendant knowingly agreed to further the purpose of the enterprise through the commission of particular crimes.").

Plaintiffs' pleading does not even purport to satisfy these requirements generally, and certainly not with respect to Fried Frank. The Complaint contains no allegations that would plausibly support the conclusion that Fried Frank "manifested an agreement" to do anything other

---

[3] Indeed, Plaintiffs do not even claim that Fried Frank was aware of any illicit activity. *See, e.g., Dep't of Econ. Dev.,* 924 F. Supp. at 468 (dismissing RICO claim because mere knowledge of an enterprise's racketeering activities does not subject one to liability under RICO).

than represent its clients — there are no allegations even suggesting that Fried Frank agreed to any type of illicit conduct.

### III. PLAINTIFFS HAVE NOT STATED A COLORABLE ANTITRUST CLAIM

The antitrust laws were not designed to redress a party from every conceivable loss of a business opportunity. Rather, an antitrust plaintiff must have antitrust injury i.e., it must assert an adverse effect on competition as a whole in the market, not just on plaintiff. In this regard, Plaintiffs' allegations of bid rigging and fraud in connection with the sale of the GM Building in Manhattan amount to a personal grievance, not competitive harm in an interstate market. Soros Brief Sec. III.B.

### CONCLUSION

For the reasons stated herein, as well as those set forth in the Soros Brief, the Court should (i) dismiss the Complaint without leave to amend because any amendment would be futile (Soros Brief Sec. V); (ii) dismiss the action with prejudice and (iii) grant Fried Frank such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 22, 2008

>Respectfully submitted,
>
>FRIED, FRANK, HARRIS, SHRIVER
> & JACOBSON LLP
>
>By:  /s/ *Howard W. Goldstein*
>        Howard W. Goldstein
>
>howard.goldstein@friedfrank.com
>One New York Plaza
>New York, NY 10004-1980
>(212) 859-8000
>
>Attorneys for Defendant
>Fried, Frank, Harris, Shriver & Jacobson LLP

7149443