UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE DICK WORLDWIDE, LTD. and LESLIE DICK, <br><br> Plaintiffs, <br><br> - v - <br><br> GEORGE SOROS, ET AL., <br><br> Defendants. | No.  08 CV 7900 (BSJ) (THK) <br><br> ECF Case |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CONSECO, INC., CARMEL FIFTH LLC, AND KIRKLAND & ELLIS LLP'S MOTION TO DISMISS THE COMPLAINT

.

Reed S. Oslan, P.C.
S. Maja Fabula
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000
(312) 861-2200

*Attorneys for Conseco, Inc., Carmel Fifth LLC, and Kirkland & Ellis LLP*

Attorney Work Product
Privileged and Confidential

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .....................................................................................................................3

    I.    Plaintiffs Have Not Stated Any Claims Against Old Conseco. ..............................3

        A.    The Discharge Injunction Bars All Pre-Confirmation Claims Against Old Conseco. ........................................................................4

        B.    Plaintiffs' Claims In This Action Are Barred Because They Arose Prior To The Confirmation Of New Conseco's Plan Of Reorganization. ...............................................................................5

    II.    Plaintiffs' RICO Claims Against The Conseco Defendants And Kirkland Should Be Dismissed. ....................................................................6

        A.    Plaintiffs' RICO Claims Against The Conseco Defendants And Kirkland Are Barred By *Res Judicata*. ........................................................6

        B.    Plaintiffs' RICO Claims Against The Conseco Defendants And Kirkland Are Barred By The Statute Of Limitations. ...............................9

        C.    Plaintiffs Fail To Sufficiently Allege Their RICO Claims Against The Conseco Defendants Or Kirkland. ........................................................10

            1.    Plaintiffs Fail To Allege The Conseco Defendants Or Kirkland's Involvement In The Alleged Enterprise........................11

            2.    Plaintiffs' Allegations Of Bid-Rigging Do Not Allege A Predicate Act Under RICO. ...............................................11

            3.    Plaintiffs' Allegations Of Money Laundering Do Not Allege A Predicate Act Under RICO. ...............................................12

            4.    Plaintiffs' Conclusory And Speculative Allegations About Conseco's Bankruptcy Proceedings Do Not State A Claim Of Bankruptcy Fraud. ...............................................12

            5.    Plaintiffs Fail To State A RICO Claim Conspiracy Claim Against The Conseco Defendants Or Kirkland. ...............................14

    III.    Plaintiffs' Sherman Act Claim Against The Conseco Defendants And Kirkland Fail As A Matter Of Law. ...............................................14

    IV.    The Claims Against The Conseco Defendants And Kirkland Should Be Dismissed With Prejudice. ...............................................15

CONCLUSION ...............................................................................................15

# **TABLE OF CONTENTS**

**Page**

**Cases**

*Akhenaten v. Najee, LLC*,
    544 F. Supp. 2d 320 (S.D.N.Y. 2008) .................................................................................. 8

*Alpert's Newspaper Delivery Inc. v. New York Times Co.*,
    876 F.2d 266 (2d Cir. 1989) ................................................................................................ 7

*Amalgamated Sugar Co. v. NL Indus., Inc.*,
    825 F.2d 634 (2d Cir.1987) ................................................................................................. 7

*ATD Corp. v. DaimlerChrysler Corp.*,
    261 F.Supp.2d 887 (E.D. Mich. 2003) ................................................................................ 5

*Bankers Trust Co. v. Rhoades*,
    859 F.2d 1096 (2d Cir. 1988) .............................................................................................. 5

*Carousel Foods of America, Inc. v. Abrams & Co., Inc.*,
    423 F. Supp. 2d 119 (S.D.N.Y. 2006) ................................................................................ 14

*Central Virginia Community College v. Katz*,
    546 U.S. 356 (2006) ............................................................................................................ 4

*Cieszkowska v. Gray Line New York*,
    295 F.3d 204 (2d Cir. 2002) ................................................................................................ 7

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,
    385 F.3d 159 (2d Cir. 2004) ........................................................................................ 11, 12

*In re Duplan Corp.*,
    212 F.3d 144 (S.D.N.Y. 2000) ............................................................................................ 5

*In re Manville Forest Products Corp.*,
    225 B.R. 862 (Bankr. S.D.N.Y. 1998) ................................................................................ 5

*In re Merrill Lynch Ltd. Partnerships Litigation*,
    154 F.3d 56 (2d Cir. 1998) ................................................................................................ 10

*In re Teltronics Services, Inc.*,
    762 F.2d 185 (2d Cir.1985) ................................................................................................. 8

*In re Waterman Steamship Corp.*,
    157 B.R. 220 (S.D.N.Y. 1993) ............................................................................................ 4

*In re WorldCom, Inc.*,
    339 B.R. 836 (S.D.N.Y. 2006) ............................................................................................ 4

*Klehr v. A.O. Smith Corp.*,
    521 U.S. 179 (1997) .................................................................................................. 9, 10

*Moore v. PaineWebber, Inc.*,
    189 F.3d 165 (2d Cir. 1999) ............................................................................................ 13

*Morgan Consultants v. American Telephone and Telegraph Co.*,
    546 F. Supp. 844 (S.D.N.Y. 1982) .................................................................................... 8

*Morin v. Trupin,*
    711 F. Supp. 97 (S.D.N.Y. 1989) .................................................................................... 14

*Oggioni v. Oggioni*,
    46 A.D.3d 646, 848 N.Y.S.2d 245, 247 (2d Dep't 2007) .................................................. 5

*Procapui-Productores de Camaroes De Icapui Ltda. v. Layani (Procapui I)*,
    No. 07-CV-6227, 2008 WL 3338199 (S.D.N.Y. Jan. 11, 2008) ...................................... 12

*Ray v. General Motors Acceptance Corp.*,
    No. 92-CV-5043, 1995 WL 151852 (E.D.N.Y. Mar. 28, 1995) ...................................... 12

*Ruskay v. Jensen,*
    342 F. Supp. 264 (S.D.N.Y. 1972) .................................................................................... 9

*Somerville House Management, Ltd. v. Arts & Entertainment Television*,
    No. 92-Civ-4705, 1993 WL 138736 (S.D.N.Y. April 28, 1993) ...................................... 9

*Stolow v. Greg Manning Auctions, Inc.*,
    No. 03-7259, 2003 WL 22717684 (2d Cir. Nov. 17, 2003) ............................................ 10

*Waldman v. Village of Kiryas Joel*,
    39 F. Supp. 2d 370 (S.D.N.Y. 1999) ................................................................................. 7

*Wexner v. First Manhattan Co.*,
    902 F.2d 169 (2d Cir. 1990) ............................................................................................ 13

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    401 U.S. 321 (1971) .......................................................................................................... 5

**Statutes**

11 U.S.C. § 1141 ................................................................................................................. 4, 6

11 U.S.C. § 524 ........................................................................................................................ 4

18 U.S.C. § 152 ...................................................................................................................... 12

Attorney Work Product
Privileged and Confidential

Defendants Conseco, Inc. ("Old Conseco"), Carmel Fifth, LLC ("Carmel Fifth", together with Old Conseco, "the Conseco Defendants"), and Kirkland & Ellis LLP ("Kirkland") submit this memorandum of law in support of their motion to dismiss the Complaint with prejudice. To avoid duplication of arguments, the Conseco Defendants and Kirkland join the Soros Defendants' Memorandum of Law in Support of their Motion to Dismiss (the "Soros Brief"), filed on December 22, 2008, and refer to and incorporate by reference the legal and factual analysis set forth in the Soros Brief. The Conseco Defendants and Kirkland submit this supplemental memorandum to address arguments specific to them.

## PRELIMINARY STATEMENT

Plaintiffs' Complaint alleges that the Defendants acted in concert to perpetrate a vast RICO enterprise and antitrust conspiracy to which Plaintiffs fell victim. Plaintiffs' convoluted allegations span years of bankruptcy proceedings and involve a dozen different defendants. But the only injury Plaintiffs have even attempted to allege is the rejection of their offer to purchase the GM Building. And with this allegation, the true purpose of Plaintiffs' Complaint becomes clear: Plaintiffs are, once more, protesting Carmel Fifth's selection of Harry Macklowe as the purchaser of the GM Building. But Plaintiffs have already litigated —and lost— their claims relating to the GM Building sale.

Two years ago, Plaintiffs sued Conseco, Carmel Fifth, and others involved in the GM Building sale in New York State Court. Plaintiffs alleged that the GM Building sale had been "rigged" to favor Harry Macklowe and that Plaintiffs' offer to purchase the building should have been accepted. *See* Declaration of John Oller, dated Dec. 19, 2008 [Dkt. # 85] ("Oller Decl.") Ex. A (State Compl.) at ¶¶ 34, 49. Plaintiffs' claims in that action were rejected by the New York Supreme Court, which dismissed Plaintiffs' Complaint as to all defendants. Just one week after exhausting every possible appeal, Plaintiffs filed their Complaint before this Court. Only

now, Plaintiffs spin their allegations as RICO and antitrust conspiracy. That Plaintiffs have chosen to proceed on different legal theories and sensational allegations is of no moment. Plaintiffs' RICO claims, at bottom, arise from their involvement in the GM Building sale and a belief that their offer to purchase the GM Building was "the highest and best" offer which sellers should have accepted. (Compl. ¶ 352.) These same allegations formed the basis of Plaintiffs' State Action. *See* Oller Decl. Ex. A (State Compl.) at ¶¶ 49-55. Consequently, the New York State Court's dismissal of Plaintiffs' prior action is *res judicata* as to Plaintiffs' RICO claims in this action.

Even setting aside the *res judicata* effect of the State Action and the pleading defects in Plaintiffs' Complaint, it is clear that Plaintiffs' claims have no legal merit. Plaintiffs' allegations of racketeering activity against the Conseco Defendants and Kirkland relate to the GM Building sale and Conseco's bankruptcy proceedings, both of which concluded prior to September 9, 2003 — the day Conseco emerged from bankruptcy. Plaintiffs make no allegations of fraud or racketeering activity by the Conseco Defendants or Kirkland after this date. Plaintiffs' Complaint thus has two additional fatal flaws. *First*, Plaintiffs have named the pre-bankruptcy entity, Old Conseco, as a defendant in this action. But Old Conseco no longer exists and any liability it could have had for Plaintiffs' claims were discharged when the successor entity, "New Conseco," emerged from bankruptcy. *Second*, the statute of limitations period for RICO and Sherman Act claims is four years. Plaintiffs however, delayed over five years before filing their claims against the Conseco Defendants and Kirkland. Thus, every count against the Conseco Defendants and Kirkland is time-barred.

**ARGUMENT**

**I.     Plaintiffs Have Not Stated Any Claims Against Old Conseco.**

Plaintiffs' claims against Old Conseco fail as a matter of law for the fundamental reason that Old Conseco no longer exists. Defendant Old Conseco was a corporation organized under the laws of Indiana. *See* Compl. ¶ 16 (naming the Indiana corporation as defendant). On December 17, 2002, Old Conseco filed a Chapter 11 petition for relief before the Bankruptcy Court in the Northern District of Illinois. (Compl. ¶ 201); *In re Conseco, Inc.*, No. 02-B49672 (Bankr. N.D. Ill.) The company ultimately emerged from bankruptcy on September 10, 2003 as Conseco, Inc., a Delaware corporation ("New Conseco"). (Compl. ¶ 380) This post-bankruptcy entity, New Conseco, is not a defendant in this lawsuit. The "Conseco" which is a Defendant in this action, Old Conseco, was dissolved after the bankruptcy proceedings were complete. *See* Declaration of S. Maja Fabula, dated Dec. 22, 2008 at Ex. A (Notice of Dissolution).[1]

Plaintiffs' careless pleading is fatal to their claims. Although Plaintiffs' Complaint refers to the "Conseco bankruptcy" in no less than 50 pages of the Complaint, Plaintiffs have failed to consider the legal effects of Conseco's reorganization in bankruptcy. (Compl. *passim*). As with all bankruptcies, the confirmation of New Conseco's plan of reorganization discharged all liabilities and debts that arose prior to confirmation and barred any further pursuit of pre-confirmation claims against the debtor, Old Conseco. 28 U.S.C.§ 1141(d)(1); 11 U.S.C. § 524. Plaintiffs' allegations in this case relate solely to conduct that occurred prior to New Conseco's

---

[1] This Court may take judicial notice of Old Conseco's dissolution. *See Evans v. New York Botanical Garden*, 2002 WL 31002814, at *4 (S.D.N.Y. 2002) (because "[a] court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment.") Moreover, the fact of Old Conseco's dissolution alone requires dismissal of Plaintiffs' complaint. *See* Ind. Code § 23-1-45-7 (a claimant may not maintain an action against a dissolved corporation more than two years after its dissolution); *Oklahoma Natural Gas Co. v. State of Oklahoma*, 273 U.S. 257, 259 (1927) (law of place of incorporation controls whether suit may be brought against dissolved entity).

emergence from bankruptcy. Thus, Plaintiffs' allegations constitute pre-confirmation claims which may not maintained against either Old Conseco nor New Conseco. *See, e.g., In re WorldCom, Inc.*, 339 B.R. 836, 838-39 (S.D.N.Y. 2006) ("Because neither Pinkston nor Browning have valid claims that arose subsequent to the confirmation of appellee's plan of reorganization, this Court affirms the bankruptcy court's ruling that appellants' claims are discharged").

### A.     The Discharge Injunction Bars All Pre-Confirmation Claims Against Old Conseco.

A primary purpose of the bankruptcy code is to give the debtor a "fresh start," free from prior liabilities. As the United States Supreme Court has explained, "[c]ritical features of every bankruptcy proceeding are the exercise of exclusive jurisdiction over all of the debtor's property, the equitable distribution of that property among the debtor's creditors, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts." *Central Virginia Community College v. Katz*, 546 U.S. 356, 364 (2006). Central to the bankruptcy code's "fresh start" provisions is the concept of discharge.

Accordingly, the Bankruptcy Code provides that a discharge in bankruptcy discharges the debtor "from any debt that arose before the date of such confirmation" and further enjoins "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 1141(d)(1); U.S.C. § 524. *See, e.g., In re Waterman Steamship Corp.*, 157 B.R. 220, 221 (S.D.N.Y. 1993) ("Under § 1141 of the Bankruptcy Code, the confirmation of a chapter 11 plan of reorganization discharges the debtor from any debt that arose prior to confirmation[.]") This bar on the pursuit of pre-confirmation debts applies equally to contingent liabilities. *In re Manville Forest*

*Products Corp.*, 225 B.R. 862, 865 (Bankr. S.D.N.Y. 1998) ("Congress intended that the meanings of 'debt' and 'claim' be coextensive").

Here, it is undisputed that New Conseco's plan of reorganization was confirmed on September 9, 2003. (Compl. ¶ 380.) This confirmation discharges Old Conseco from liability for pre-confirmation debts and enjoins further pursuit of those claims. As explained below, all of Plaintiffs' claims relate to alleged conduct before Old Conseco's discharge in bankruptcy and must therefore be dismissed with prejudice.[2]

### B. Plaintiffs' Claims In This Action Are Barred Because They Arose Prior To The Confirmation Of New Conseco's Plan Of Reorganization.

For the purpose of applying a bankruptcy discharge injunction, a claim arises "when the relationship between the debtor and the creditor contained all of the elements necessary to give rise to a legal obligation . . . under the relevant non-bankruptcy law." *In re Duplan Corp.*, 212 F.3d 144, 151 (2d Cir. 2000) (citation and internal quotations omitted). Under New York law, a cause of action for RICO accrues at the time the plaintiff "discovered or should have discovered the injury." *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1102 (2d Cir. 1988). Similarly, a cause of action for antitrust violations under the Sherman Act "begins to run when a defendant commits an act that injures a plaintiff's business." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971).

Plaintiffs' Complaint in this action clearly alleges only pre-confirmation claims against Old Conseco. First, Plaintiffs allege bid-rigging in connection with the GM Building sale. Plaintiffs concede, however, that Harry Macklowe was announced as the purchase of the GM

---

[2] Plaintiffs cannot cure this defect by simply amending or substituting New Conseco as a defendant because the discharge injunction bars the pursuit of Plaintiffs' pre-confirmation claims against the successor entity. 28 U.S.C.§ 1141(d)(1); 11 U.S.C. § 524.

Building by August 30, 2003. (Compl. ¶ 372). Second, Plaintiffs allege fraud during Old Conseco and Conseco Finance's bankruptcy proceedings, such as the alleged bid-rigging and the use of the bankruptcy proceedings to launder money. (Compl. ¶¶ 372, 380.) Plaintiffs' claims relating to these allegations of fraud during the bankruptcy reorganization are indisputably pre-confirmation claims. Finally, Plaintiffs make no allegation of fraud or misconduct by Old Conseco after it emerged from bankruptcy on September 10, 2003. *See* Compl. ¶¶ 417-25.

In short, all of Plaintiffs' claims arose prior to September 10, 2003, the date New Conseco's plan of reorganization was confirmed. Consequently, 11 U.S.C. §1141 discharges Old Conseco from the contingent liabilities arising from Plaintiffs' claims, and 11 U.S.C. § 524 forbids Plaintiffs from further pursuing their pre-confirmation claims against the dissolved entity or the successor, New Conseco.

## II. Plaintiffs' RICO Claims Against The Conseco Defendants And Kirkland Should Be Dismissed.

The Soros Brief succinctly identifies the numerous defects in the Plaintiffs' RICO claims. Among other things, the Plaintiffs' RICO claims are time-barred; Plaintiffs' allegations of a RICO enterprise and "continuous" racketeering activity are insufficient as a matter of law; and, Plaintiffs have no standing to pursue damages for alleged racketeering conduct which caused them no injury. *See* Soros Brief at 17-39. The Conseco Defendants and Kirkland incorporate these arguments in full and address below additional issues specific to their circumstances.

### A. Plaintiffs' RICO Claims Against The Conseco Defendants And Kirkland Are Barred By *Res Judicata*.

Plaintiffs' RICO claims are based, at bottom, on allegations of bid-rigging and bankruptcy fraud in connection with the GM Building sale. *See* Soros Brief at 5-13. These same allegations also formed the basis of Plaintiffs' prior New York State Court complaint. *Id.* Like the Soros Defendants, Defendant Carmel Fifth was a named defendant in the State Action. *See*

6

Oller Decl Ex. A (State Compl.) at ¶ 10.  Furthermore, just as Plaintiffs' claims against the Soros Defendants were dismissed, Plaintiffs' claims against Carmel Fifth in the State Action were dismissed.  *Id* at Ex. B (order granting motion to dismiss).  That dismissal was then affirmed at appeal.  Accordingly, *res judicata* bars Plaintiffs from re-litigating their claims against Carmel Fifth before this Court.  *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 204-06 (2d Cir. 2002) (upholding dismissal of plaintiff's claims against identical party named in first suit).

This *res judicata* bar applies equally to Plaintiffs' RICO claims against New Conseco and Kirkland.  For *res judicata* to apply, the subsequent action must be between "the same parties or those in privity with them . . . ."  *Cieszkowska*, 295 F. 3d at 205.  *See further Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 381 (S.D.N.Y. 1999) ("*[R]es judicata* is available to a newly named defendant with a close or significant relationship to a defendant previously sued[.]") Both Old Conseco and Kirkland possess sufficient relationship to the defendants in the original State Action to assert a *res judicata* defense.

First, Defendant Old Conseco is clearly in privity, for *res judicata* purposes, with the "Conseco" entity named in the State Action.  In the prior State Action, Plaintiffs sued "Conseco" except, unlike in this case, they named and served New Conseco, the post-bankruptcy successor entity.  *See* Oller Decl. Ex. A (State Compl.) at ¶ 10.  In this action, however, Plaintiffs have named and served Old Conseco, the dissolved corporation.  (Compl. ¶ 16.)  Plaintiffs' naming of Old Conseco in this action will not allow them to circumvent *res judicata*.  "The issue is one of substance rather than the names in the caption of the case."  *Alpert's Newspaper Delivery Inc. v. New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989).  *See further Amalgamated Sugar Co. v. NL Indus., Inc.,* 825 F.2d 634, 640 (2d Cir.1987) ("[A] finding of privity . . . depends on whether, under the circumstances, the interests of the [defendant] were adequately represented

7

[in the earlier action].")  Indeed, in both Plaintiffs' Complaint and the prior action, no distinction was ever made between Old and New Conseco.  Rather, Plaintiffs alleged in both actions that "Conseco" retained Eastdil to market the GM Building and that "Conseco" rigged the sale of the GM Building.  (*Compare* Oller Decl. Ex. A (State Compl.) at ¶¶ 21, 41 with Compl. ¶¶ 339, 352-53.)  This Court should therefore find that Plaintiffs' claims against Old Conseco are barred by *res judicata*.

Second, Kirkland should also be permitted to assert a *res judicata* defense because of its close relationship with the defendants named in the State Action.  Kirkland served as counsel to New Conseco and Carmel Fifth in the State Action.  Kirkland also represented the Conseco Defendants in connection with the GM Building sale and during Old Conseco's bankruptcy proceedings.  (Compl. ¶¶ 200, 277, 322.)  This attorney-client relationship between Kirkland and Conseco, including its subsidiaries, establishes a close relationship and privity between the parties for the purpose of the application of *res judicata*.  *See Morgan Consultants v. American Tel. and Tel. Co.*, 546 F. Supp. 844, 846-48 (S.D.N.Y. 1982) (attorney who represented defendant in first and second suits, but was not named in the earlier suits, was held to be in privity with client for application of *res judicata* when he was named in the third suit); *Akhenaten v. Najee, LLC*, 544 F. Supp. 2d 320, 329 (S.D.N.Y. 2008) (same).

Finally, even setting aside their relationship to the defendants in the prior State Action, both New Conseco and Kirkland are alleged to be co-conspirators with Carmel Fifth and other defendants named in the State Action.  (Compl. ¶¶ 16, 35.)  It is well established that co-conspirators are in privity with their fellow conspirators for *res judicata* purposes.  *See In re Teltronics Services, Inc.,* 762 F.2d 185, 192 (2d Cir.1985) (newly-added defendant "was alleged to be a co-conspirator in the second Southern District action filed against the [other] defendants,

and is entitled to the *res judicata* effect of that decision"); *Ruskay v. Jensen,* 342 F. Supp. 264, 270-71 (S.D.N.Y. 1972) (sufficient relationship existed between alleged co-conspirators to permit newly-added defendants to assert *res judicata* defense), *aff'd,* 552 F.2d 392 (2d Cir.), *cert. denied,* 434 U.S. 911 (1977); *Somerville House Management, Ltd. v. Arts & Entertainment Television*, No. 92-Civ-4705, 1993 WL 138736, at *2-3 (S.D.N.Y. April 28, 1993) (same).

In sum, each of the Conseco Defendants and Kirkland is in privity with the Defendants in the prior State Action. Indeed, defendant Carmel Fifth, an indirect subsidiary of Old Conseco and a client of Kirkland, was a named defendant in the State Action. Accordingly, this Court should find that Plaintiffs' RICO claims against the Conseco Defendants and Kirkland are barred by *res judicata*.

> **B.    Plaintiffs' RICO Claims Against The Conseco Defendants And Kirkland Are Barred By The Statute Of Limitations.**

Plaintiffs' RICO claims are subject to a four-year statute of limitations. *See generally Klehr v. A.O. Smith Corp.* 521 U.S. 179, 190 (1997). As set forth in the Soros Brief, Plaintiffs' RICO claims are based on allegations of bid-rigging in connection with the GM Building sale and bankruptcy fraud in connection with Old Conseco's bankruptcy proceedings. In short, all of the alleged misconduct occurred prior to September 9, 2003 and any RICO claims relating to the GM Building sale and Old Conseco's bankruptcy proceedings are time-barred.

Further, Plaintiffs were clearly aware of their RICO claims against the Conseco Defendants and Kirkland no later than November 24, 2003. On November 24, 2003, Plaintiffs threatened to bring RICO claims relating to their alleged injuries during the GM Building sale. *See* Oller Decl. Ex. G at Ex. 1 thereto. This letter expressly threatened RICO claims against "Conseco" and its agents involved in the sale. *Id.* Consequently, the limitations period for Plaintiffs' RICO claims began running no later than November 24, 2003. *See In re Merrill*

9

*Lynch Ltd. P'ships Litg.*, 154 F.3d 56, 58 (2d Cir. 1998) (statute of limitations begins running when Plaintiff discovers its injury.)[3]

Further, as stated in the Soros Brief, Plaintiffs' allegations regarding Mr. Macklowe's real estate investments in 2007 and 2008 do not save Plaintiffs' RICO claims against the Conseco Defendants and Kirkland. (Compl. ¶¶ 417-25.) It is well established that a "plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations period." *Klehr*, 521 U.S. at 190. *See also Stolow v. Greg Manning Auctions, Inc.*, No. 03-7259, 2003 WL 22717684 (2d Cir. Nov. 17, 2003) (RICO and bid-rigging claims brought more than four years after alleged injury were barred by statute of limitations). Moreover, Plaintiffs' allegations of racketeering activity in 2007 and 2008 do not even mention the Conseco Defendants or Kirkland. (Compl. ¶¶ 417-25.)

In sum, Plaintiffs' RICO claims against the Conseco Defendants and Kirkland are barred by the statute of limitations and should be dismissed as a matter of law.

### C. Plaintiffs Fail To Sufficiently Allege Their RICO Claims Against The Conseco Defendants Or Kirkland.

Plaintiffs have alleged multiple RICO counts against the Conseco Defendants and Kirkland. In addition to the pleading defects identified in the Soros Brief, which the Conseco Defendants and Kirkland join in full and incorporate by reference, Plaintiffs' Complaint has

---

[3] Though Kirkland and Carmel Fifth are not identified by name in this letter, Plaintiffs were indisputably threatening anyone involved in the GM Building sale with litigation. Further, the statute of limitations began to run as to Plaintiffs' claims against Kirkland and Carmel Fifth no later than the date of this letter because the limitations period begins running when Plaintiffs discover their alleged injury. *See Litle v. Arab Bank*, 507 F. Supp. 2d 267, 274 (E.D.N.Y. 2007) ("[T]he fact that [plaintiffs] were not aware of all possible defendants is not determinative of plaintiffs' awareness of their potential cause of action and does not delay the date of accrual, even if identification of other defendants was not immediately knowable'); *Rotella v. Wood*, 528 U.S. 549, 555 (2000) (same, as to RICO claims).

failed to sufficiently allege any RICO claims against the Conseco Defendants or Kirkland for the following reasons.

### 1. Plaintiffs Fail To Allege The Conseco Defendants Or Kirkland's Involvement In The Alleged Enterprise.

Plaintiffs' Complaint attempts to allege an enterprise by listing all the Defendants and labeling them collectively as an "association in fact." (Compl. ¶ 42.) Far more, however, is required to allege an enterprise. *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 175 (2d Cir. 2004) ("Plaintiffs' conclusory naming of a string of entities does not adequately allege an enterprise.") Plaintiffs' allegations must establish an ongoing organization grouped together for the common purpose of engaging in a course of conduct. *See* Soros Brief at 27-28. Plaintiffs' allegations fall woefully short of this standard. *Id.* In particular, Plaintiffs do not allege how or when the Conseco Defendants and Kirkland joined this alleged enterprise. Nor do they allege any coherent theory as to how the enterprise was run or which Defendants belonged to the enterprise. Instead, Plaintiffs simply allege that virtually every action the Conseco Defendants and Kirkland took in connection with Conseco's bankruptcy proceedings and the GM Building sale was "racketeering activity." *See, e.g.,* Compl. ¶ 61 (Conseco Defendants and Kirkland's representations to Bankruptcy Court were "racketeering activity.") These conclusory allegations are insufficient to plead an enterprise, let alone that the Conseco Defendants and Kirkland participated in one.

### 2. Plaintiffs' Allegations Of Bid-Rigging Do Not Allege A Predicate Act Under RICO.

Plaintiffs' Complaint alleges that the Conseco Defendants and Kirkland "rigged" the sale of the GM Building. But bid-rigging is not a predicate act under RICO. *See* Soros Brief at 30. Accordingly, Plaintiffs cannot sustain RICO claims against the Conseco Defendants and Kirkland based on these bid-rigging allegations.

        3.      **Plaintiffs' Allegations Of Money Laundering Do Not Allege A Predicate Act Under RICO.**

Plaintiffs' Complaint speculates that the entire purpose of the RICO enterprise was to commit money laundering. (Compl. ¶ 170.) These allegations are sheer speculation. As set forth in the Soros Brief, Plaintiffs' have alleged that money was "laundered" but do not contain any factual allegations regarding the alleged "unlawful activity" or "criminally derived property" that are essential to an allegation of money laundering. Soros Brief at 33-34. *See, e.g., Ray v. General Motors Acceptance Corp.*, No. 92-CV-5043, 1995 WL 151852 (E.D.N.Y. Mar. 28, 1995) (plaintiff failed to plead predicate act of money laundering when "there were no allegations, let alone those with factual support, which indicated that defendant engaged in any transaction involving the proceeds of prior unlawful activity"). Therefore, Plaintiffs cannot sustain RICO claims against the Conseco Defendants and Kirkland based on their allegations of money-laundering.

        4.      **Plaintiffs' Conclusory And Speculative Allegations About Conseco's Bankruptcy Proceedings Do Not State A Claim Of Bankruptcy Fraud.**

Nor can Plaintiffs sustain a RICO claim based on their alleged predicate acts of bankruptcy fraud. A claim of bankruptcy fraud, like any fraud claim, is subject to the particularity requirements of Federal Rule of Civil Procedure 9(b). *See First Capital Asset Mgmt. Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004) (holding that heightened pleading requirements apply to a complaint alleging bankruptcy fraud as a predicate act in a RICO case); *Procapui-Productores de Camaroes De Icapui Ltda. v. Layani (Procapui I)*, No. 07-CV-6227, 2008 WL 3338199, at *3 (S.D.N.Y. Jan. 11, 2008) (same). Plaintiffs' Complaint fails to meet this standard.

As an initial matter, Plaintiffs do not even identify which of the nine different subsections of 18 U.S.C. § 152 the Conseco Defendants or Kirkland allegedly violated. Instead, Plaintiffs

simply append "fraudulent" or "racketeering activity" to their descriptions of pleadings filed by Kirkland, and strategies pursued by Old Conseco, in the Conseco bankruptcy proceedings. *See, e.g.,* ¶¶ 202-04 (alleging that Kirkland's "emergency motions" filed with the bankruptcy court were part of "a pattern of racketeering activity") and ¶¶ 241-42 (alleging that Conseco's dispute with Trump regarding the ownership of the GM Building were "part of the pattern of racketeering.")  These conclusory allegations fail to establish any claim of bankruptcy fraud.

In addition, Plaintiffs do not provide any explanation of why they have identified these bankruptcy court pleadings as "misleading." *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999).  Nor are any particulars provided "as to the respect in which plaintiffs contend the statements were fraudulent." *Id.*  Rather, Plaintiffs simply allege, "upon information and belief," that the Conseco Defendants and Kirkland conspired with the RICO enterprise to take control of Conseco's bankruptcy and commit money laundering.  (Compl. ¶ 170.)  These unsubstantiated and conclusory allegations do not satisfy Rule 9(b)'s pleading requirements. *See Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990) (allegations of fraud may not be based on speculative or conclusory allegations).

Finally, Plaintiffs' attempt to equate Kirkland's ordinary acts of representation to "bankruptcy fraud" fails as a matter of law.  As examples of "fraudulent offenses" by Kirkland, Plaintiffs cite Kirkland's willingness to file motions and pleadings with the bankruptcy court (Compl. ¶¶ 201, 206-10, 222, 302, 305, 321, 324) and litigate creditor objections on behalf of its clients (*id.* ¶¶ 203, 224).  These ordinary acts of representation cannot reasonably be equated to racketeering activity.  Indeed, the Southern District has held that "no reasonable attorney" can conclude that a law firm stating their client's legal position is an act "in furtherance of a RICO enterprise." *Carousel Foods of America, Inc. v. Abrams & Co., Inc.*, 423 F. Supp. 2d 119, 121

13

(S.D.N.Y. 2006) (sanctioning attorney and plaintiff under Rule 11 for bringing RICO claim against law firm where predicate acts were based on ordinary acts of representation).

In short, Plaintiffs have not pled with any particularity a single misstatement by the Conseco Defendants or Kirkland, nor explained the basis for their allegations that Conseco Defendants and Kirkland's representations to the bankruptcy court were false. Accordingly, Plaintiffs' Complaint does not satisfy Rule 9(b) and should be dismissed.

### 5. Plaintiffs Fail To State A RICO Claim Conspiracy Claim Against The Conseco Defendants Or Kirkland.

As explained above, as well as in the Soros brief, Plaintiffs have failed to state RICO claims against the Conseco Defendants or Kirkland. *See supra* at § II. C.; Soros Brief at § II. C. Their conspiracy claim pursuant to §1962(d) fails for this reason alone. Soros Brief at 39-40. Additionally, Plaintiffs have not alleged any facts to support their claim of conspiracy. *Id.* Plaintiffs do not allege any agreement by Kirkland and the Conseco Defendants to join a conspiracy. Nor do they allege the manner in which Kirkland and the Conseco Defendants joined this alleged conspiracy. Plaintiffs' 1962(d) claim should therefore be dismissed. *See Morin v. Trupin,* 711 F. Supp. 97, 111 (S.D.N.Y. 1989) ("bare allegations of 'conspiracy'" are "insufficient to support a civil RICO claim").

## III. Plaintiffs' Sherman Act Claim Against The Conseco Defendants And Kirkland Fail As A Matter Of Law.

Plaintiffs' antitrust claim is based on a theory that the Conseco Defendants, Kirkland, and other defendants "pre-selected" Harry Macklowe as the purchaser of the GM Building. (Compl. ¶¶ 454-58.) Plaintiffs' conspiracy theory, however, does not state an antitrust claim. Not only is Plaintiffs' claim time-barred, having been brought more than four years after the GM Building was sold to Mr. Macklowe, but Plaintiffs have not alleged that any antitrust injury nor adverse

effects on competition resulted from this alleged bid-rigging.  *See* Soros Brief at 41-44.  Plaintiffs' antitrust claim should therefore be dismissed.

### IV. The Claims Against The Conseco Defendants And Kirkland Should Be Dismissed With Prejudice.

The defects in Plaintiffs' Complaint cannot be cured.  Setting aside Plaintiffs' failure to sufficiently plead any of their claims, all of Plaintiffs' claims are barred by the statute of limitations or precluded by *res judicata*. *See* Soros Brief at 47.  This Court should therefore dismiss all of the claims against the Conseco Defendants and Kirkland with prejudice.

### CONCLUSION

For the reasons stated above, Plaintiffs have failed to adequately plead any RICO or antitrust claims and Plaintiffs' Complaint should be dismissed with prejudice.


December 22, 2008                                       Respectfully submitted,

        /s/  S. Maja Fabula

Reed S. Oslan, P.C. (admitted *pro hac vice*)
S. Maja Fabula
KIRKLAND & ELLIS LLP
200 E. Randolph Dr.
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200
roslan@kirkland.com

Counsel for Defendants Conseco, Inc.,
Carmel Fifth LLC and Kirkland & Ellis LLP