**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LESLIE DICK WORLDWIDE, LTD. and LESLIE DICK,** | Case No. |
| *Plaintiffs,* | **08 CIV. 7900 (BSJ)(THK) ECF** |
| -against- | |
| **GEORGE SOROS, SOROS FUND MANAGEMENT LLC, SFM MANAGEMENT, LLC, CONSECO, INC., VORNADO REALTY TRUST, GERMAN AMERICAN CAPITAL CORP., DEUTSCHE BANK, AG., EASTDIL SECURED, LLC, HARRY MACKLOWE, FIG, LLC, CERBERUS CAPITAL MANAGEMENT, LP, LAZARD FRERES & CO., LLC, KIRKLAND & ELLIS, LLP, FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, CARMEL FIFTH, LLC, 767 MANAGER, LLC, DONALD J. TRUMP and John Does "1" through "10,"** | **AFFIDAVIT OF LESLIE DICK IN SUPPORT OF MOTION TO DISQUALIFY PHILLIPS NIZER** |
| *Defendants.* | |

STATE OF NEW YORK )

COUNTY OF NEW YORK )

**LESLIE DICK,** being duly sworn, deposes and says:

1.      I am the president and CEO of Leslie Dick Worldwide, Ltd. and a plaintiff herein. I am fully familiar with the facts set forth herein and submit this affidavit in support of plaintiffs' motion to disqualify Phillips Nizer from representing defendants Trump and 767 Manager, LLC.

2.      The motion should be granted since Phillips Nizer previously represented me in connection with an action in the Supreme Court of the State of New York,

David H. Relkin, Esq.

involving four of the same defendants, and similar facts and circumstances which

evolved, based on newly discovered evidence, into the new causes of action involved

herein.  Specifically, Phillips Nizer represented me in appealing the dismissal of the

complaint in that action, and, in that connection, received confidential and privileged

information from me and my counsel Robert A. Hantman.

3.       Prior to their retention, I asked Perry Galler, the managing partner of

Phillips Nizer, to perform a conflicts check to ensure that no conflict existed between my

interests and the interests of any client of that firm. Mr. Galler assured me that there were

no such conflicts.

4.       Accordingly, by a retention agreement dated March 18, 2008, I engaged

Phillips Nizer to represent me and Leslie Dick Worldwide, Ltd. in connection with the

appeal.  (See Retention Agreement at Exhibit "A" hereto.)

5.       During their representation, Mr. Hantman and I met with at least six

members of Phillips Nizer on at least ten occasions and discussed issues related to, *inter*

*alia*,  the apparently fraudulent activities of Donald J. Trump and 767 Manager, LLC, and

the considerations of adding them as defendants in that action as John Does, if the

Decision was reversed, the issue of my proposed financing of my bid to acquire the

General Motors Building (an issue in the instant case), the dispute between Trump and

Conseco regarding the ownership of the General Motors Building, the settlement of the

dispute between Conseco and Trump and the amount Trump received to transfer his

interest in the Building to Conseco (which is also an issue in this case involving the

predicate acts of money laundering and bankruptcy fraud).

[2]

David H. Relkin, Esq.

6.      In addition, Phillips Nizer told me that they wanted to represent me if the Decision was reversed by the Appellate Division.

7.      During the time Phillips Nizer represented me, a member of the firm also attempted to have me drop the lawsuit in consideration of which he would procure financing for me to buy the General Motors Building from Macklowe for the sum of $3.5 Billion.

8.      Thus, not only did my relationship with Phillips Nizer involve highly sensitive strategic information about how we would handle the State lawsuit, both on appeal and upon reversal, for example, in adding Trump as a defendant, but they involved me in a fraudulent scheme to have me drop the action with a promise of obtaining new sufficient financing for me to purchase the General Motors Building.

9.      Since it now appears from the correspondence of George Berger of Phillips Nizer that they apparently represented Trump at the very same time as they represented me, under the false pretense that they had no conflicts with my interests has significantly prejudiced and violated my fundamental rights as a litigant.

10.      In light of the fact that Phillips Nizer is now attempting to represent Trump and 767 Manager, I am advised by counsel that, as demonstrated in the accompanying Memorandum of Law, their prior representation of me and their possession of attorney-client confidential information obtained during their representation

[3]

David H. Relkin, Esq.

of me, necessitates their disqualification in this action.[1]

   **WHEREFORE**, plaintiffs respectfully request this Court to disqualify Phillips

Nizer as counsel for Trump and 767 Manager, LLC; and to grant plaintiffs such other,

further and different relief as this Court may deem just and proper.


                                                    **LESLIE DICK**


Sworn to me this 26th day
Of January 2009


Notary Public

              DAVID H. RELKIN
          Notary Public, State of New York
              No. 02RE4905662
          Qualifeid in New York County
          Commission Expires August 24, *2009*

---

[1] In addition, in this case, where all the defendants are alleged to have engaged in a RICO
Conspiracy where there is obviously strategic and concerted action of defendants, the likely
dissemination of my confidential information to other defendants' counsel (and to Trump) in this
action is especially egregious.

                                        [4]

David H. Relkin, Esq.