**Law Offices of**
**DAVID H. RELKIN**
**David H. Relkin, Esq. (DHR-1049)**
**575 Eighth Avenue**
**Suite 1706**
**New York, New York 10018**
**212-244-8722**

*Counsel for Plaintiffs*
*Leslie Dick Worldwide, Ltd. and Leslie Dick*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LESLIE DICK WORLDWIDE, LTD. and LESLIE DICK,**<br>*Plaintiffs,*<br>-against-<br>**GEORGE SOROS, SOROS FUND MANAGEMENT LLC, SFM MANAGEMENT, LLC, CONSECO, INC., VORNADO REALTY TRUST, GERMAN AMERICAN CAPITAL CORP., DEUTSCHE BANK, AG., EASTDIL SECURED, LLC, HARRY MACKLOWE, FIG, LLC, CERBERUS CAPITAL MANAGEMENT, LP, LAZARD FRERES & CO., LLC, KIRKLAND & ELLIS, LLP, FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, CARMEL FIFTH, LLC, 767 MANAGER, LLC, DONALD J. TRUMP and John Does "1" through "10,"**<br>*Defendants.* | Case No.<br>**08 CIV. 7900 (BSJ)(THK) ECF**<br><br>**AFFIRMATION OF DAVID H. RELKIN IN SUPPORT OF MOTION TO DISQUALIFY PHILLPS NIZER** |

**DAVID H. RELKIN**, being duly admitted to this Court and in good standing, affirms the following upon the penalties of perjury:

1. I am counsel for plaintiffs and am fully familiar with the facts set forth herein and submit this affidavit in support of the accompanying Order to Show Cause to disqualify Philips Nizer from representing Trump and 767 Manager, LLC due to the fact

that they obtained confidential and secret information from plaintiffs in connection with a substantially related prior State Court action.

2. The motion should be granted for the following reasons:

(a) As demonstrated in the accompanying affidavit of plaintiff Leslie Dick, it is clear that Phillips Nizer represented plaintiffs in connection with "a same or similar matter" in which they acquired confidential information from plaintiffs. This is clearly sufficient to disqualify Phillips Nizer.

(b) While Phillips Nizer waited until December 5, 2008 to file a Notice of Appearance in this case for Trump and 767 Manager[1]—the last defendants to appear—Mr. Berger of Phillips Nizer has apparently been operating behind the scenes since as early as November 6, 2008, when he was copied on an email from Kirkland & Ellis.[2]

(c) The only conceivable reason for their lying in wait to file a Notice of Appearance while they were representing Trump as early as November 6, 2008, is that Phillips Nizer sought to conceal its involvement in this action in order to disseminate plaintiffs' confidential information to all other Defendants' Counsel.

[1] See Notice of Appearance at Exhibit "A" hereto.
[2] See Pro Hac Vice application of Reed Oslan at Exhibit "B" hereto.

3. Accordingly, in order to avoid clear and substantial prejudice to plaintiffs this Court should disqualify by Phillips Nizer.

**FACTS**

4. In response to the Notice of Appearance filed by Phillips Nizer on December 5, 2008, I wrote to Your Honor objecting to the representation of Phillips Nizer on behalf of Trump and 767 and requesting a stay of their submission of any motion or answer in response to the Complaint. (See correspondence dated December 10, 2008 at Exhibit "C" hereto.)

5. On December 11, 2008, George Berger of Phillips Nizer objected to plaintiffs' request for a stay. (See Phillips Nizer letter at Exhibit "D" hereto.) In that letter, Mr. Berger makes false and deceptive representations to this Court. While he admits that Phillips Nizer had a retention agreement with plaintiffs in the State Court action, dated March 18, 2008, he claims that the retainer agreement said:

> "[Phillips Nizer] were retained in writing by letter dated March 18, 2008 as 'a consultant to Robert Hantman, Esq. with respect to the appeal . . .'" (extension dots in original).

6. What the Retainer agreement actually said was:

> "You [Mr. Dick and Leslie Dick Worldwide, Ltd.] have asked this firm ("Phillips Nizer") to serve as a consultant to Robert Hantman, Esq. <u>on behalf of Leslie Dick Worldwide, Ltd. and yourself</u> with respect to the appeal on the claims against various parties from interference with its bid to purchase the GM Building."[3]

---

[3] See Retention Agreement at Exhibit "A" to Leslie Dick affidavit of January 26, 2009.

7. What the Court should notice is that after the words, "Robert Hantman, Esq." Mr. Berger does not include any of the omitted underlined text of the actual Retention Agreement or indicate by dots that he has elided such language, in a clear attempt to perpetrate a fraud on this Court.

8. Mr. Berger also disclosed in his letter that Phillips Nizer represents Mr. Trump "in other matters," which is ambiguous as to whether they represented Mr. Trump at the time they represented plaintiffs, and also carefully chooses his words when he states: "we have not shared our draft brief with any other party in this case."

9. Moreover, it is clear from the conduct of Phillips Nizer, that they were fully aware of the conflict and so hid behind the scenes by refraining from filing a Notice of Appearance in this action until December 5, 2008. Given the nature of this conspiracy action and the snake-in-the-grass strategy of Phillips Nizer to remain behind the scenes while clearly possessing plaintiffs' confidential information leads to one inescapable conclusion: that Phillips Nizer may have already disseminated such information to the other defendants' counsel.

10. On December 12, 2008, by endorsed Order Your Honor granted plaintiffs' application for a stay against Phillips Nizer to allow plaintiffs to move for their disqualification. (See Order at Exhibit "D" hereto.) Based on the accompanying Affidavit of Leslie Dick, sworn to January 26, 2009, and the retainer agreement annexed thereto, plaintiffs respectfully request Your Honor to grant plaintiffs' motion to disqualify Phillips Nizer herein.

**WHEREFORE**, plaintiffs respectfully request this Court to (1) disqualify Phillips Nizer as counsel for Trump and 767 Manager, LLC; and to grant plaintiffs such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
January 26, 2009

**DAVID H. RELKIN (DHR-1049)**