# EXHIBIT "D"



**PHILLIPS NIZER**

George Berger
212.841.0740
gberger@phillipsnizer.com

666 Fifth Avenue
New York, NY 10103-0084
212.977.9700
Fax 212.262.5152

600 Old Country Road
Garden City, NY 11530-2011
516.229.9400
Fax 516.228.9612

45 Essex Street
Hackensack, NJ 07601
201.646.1664
Fax 201.646.1764

www.phillipsnizer.com

December 11, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/12/08

**By Facsimile (212) 805-7932**

Hon. Theodore H. Katz
United States Magistrate Judge
United States District Court
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1660
New York, NY 10007-1312

> Re: **Leslie Dick Worldwide, Ltd. v. Soros, et al.;**
> **08 CV 7900 (BSJ) (THK) (ECF)**

Dear Magistrate Judge Katz:

I submit this letter to respond to Mr. Relkin's letter dated December 10, 2008 regarding the propriety of this firm continuing to represent defendants Donald Trump and 767 Manager, LLC. Rather than engage in hyperbole, the facts are as follows:

Mr. Dick is not presently a client of our firm. We did not represent him or any other party in the prior state court action (the "State Court Action"). An examination of the docket of that case and the appearances on the appeal will bear that out. Neither I nor Jeffrey Shore, the associate who is working with me on this case, have ever met Mr. Dick. Neither Mr. Trump nor 767 Manager, LLC were parties in the State Court Action.

In February of this year, Robert Hantman, Mr. Dick's then attorney, contacted a former partner of this firm. That partner arranged a meeting between Mr. Hantman and our Managing Partner, Perry Galler. At that meeting, Mr. Hantman advised Mr. Galler that Mr. Dick had lost the State Court Action and that he was appealing to the Appellate Division, First Department. Mr. Hantman told Mr. Galler that he was representing Mr. Dick on the appeal and had already

DEC-11-2008 17:22 PHILLIPS NIZER LLP P.03
Case 1:08-cv-07900-BSJ-THK Document 110-5 Filed 01/26/09 Page 3 of 4
Case 1:08-cv-07900-BSJ-THK Document 76 Filed 12/12/2008 Page 2 of 3

**PHILLIPS NIZER** LLP

Hon. Theodore H. Katz
December 11, 2008
Page 2

prepared the Record on Appeal and Appellant's Brief, both of which had already been filed and that the appeal was awaiting oral argument. Mr. Hantman and then Mr. Dick asked Mr. Galler if we would be willing to read the Record on Appeal and the briefs and consult with Mr. Hantman as to how to present his oral argument. Mr. Galler agreed and we were retained in writing by letter dated March 18, 2008 as "a consultant to Robert Hantman, Esq. with respect to the appeal. . . ." The Record and briefs were loaned to Hon. Alfred D. Lerner, counsel to our firm, who read them and met with Mr. Hantman, with Mr. Dick present, regarding the oral argument in the Appellate Division. Upon the conclusion of the consultation, we returned the Record and the briefs to Mr. Hantman. We retained no copies. Dan Kolko, an associate who is no longer with our firm, did some research relating to the cancellation of a *lis pendens*.

The only thing that Mr. Lerner saw were public records, namely the Record on Appeal and the appellate briefs. By definition, they are not confidential. Nor would there have been any reason for Mr. Dick to provide Mr. Galler or Mr. Lerner with any confidential information relating to his State Court Action, since the case was already on appeal and the record was therefore closed. Further, neither Donald Trump nor 767 Manager, LLC were defendants in the State Court Action, so there would have been no reason for Mr. Dick to disclose any confidential information to Mr. Galler or Mr. Lerner regarding our clients' alleged involvement in this newly alleged vast RICO enterprise with all of the other defendants. If required, Messrs. Galler and Lerner will make affidavits to that effect.

In fact, the statement in the first paragraph of Mr. Relkin's December 10th letter to the effect that "we now know Trump was part of the RICO Enterprise" effectively admits that neither Mr. Dick nor Mr. Hantman imparted any confidential information to our firm regarding Mr. Trump when they met with us.

Our last time entry was April 8th. The appeal in the Appellate Division was argued on April 10th. No one from our firm attended the oral argument. In sum, our firm never represented Mr. Dick at any level in the State Court Action. Our very brief consultation with his attorney of record on the appeal in the First Department involved only public record materials. Neither Mr. Dick nor Mr. Hantman gave any confidential information to our firm. It is axiomatic that a law firm can be adverse to a former client provided it does not possess confidential information relevant to the case in controversy. There is therefore no reason to disqualify us from representing Mr. Trump (who we represent in other matters) or 767 Manager, LLC.

If Mr. Relkin still wishes to file a motion to disqualify us, he is free to do so and we will respond. However, as with the three other threatened disqualification motions, it should not hold up the filing of our clients' motions to dismiss which are based only on the face of the complaint and the orders in the State Court Action. Should Your Honor nevertheless feel this situation justifies further inquiry prior to the filing of motions, we respectfully suggest that the other

DEC-11-2008 17:22    PHILLIPS NIZER LLP                                          P.04
Case 1:08-cv-07900-BSJ-THK   Document 110-5   Filed 01/26/09   Page 4 of 4
Case 1:08-cv-07900-BSJ-THK   Document 76   Filed 12/12/2008   Page 3 of 3

**PHILLIPS NIZER** LLP

Hon. Theodore H. Katz
December 11, 2008
Page 3

defendants be permitted to make their motions, and ours alone should await the determination of the threatened motion to disqualify our firm, provided that it be promptly made. We have not shared our draft brief with any other party in this case.

Respectfully submitted,

PHILLIPS NIZER LLP

By: _George Berger_
George Berger (GB8924)

GB:jg

cc:   All Appearing Counsel (Via email)

*The motion to dismiss on behalf of defendants Trump and 767 Managers, LLC shall be stayed pending resolution of Plaintiff's motion for disqualification, which should be filed promptly. This ruling is not intended to suggest any view on the merits of the proposed disqualification motion.*

12/12/08

**SO ORDERED**

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE