Law Offices of
**DAVID H. RELKIN**
**David H. Relkin, Esq. (DHR-1049)**
**575 Eighth Avenue**
**Suite 1706**
**New York, New York 10018**
**212-244-8722**

*Counsel for Plaintiffs*
 *Leslie Dick Worldwide, Ltd. and Leslie Dick*


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LESLIE DICK WORLDWIDE, LTD. and LESLIE DICK**, <br><br>                        *Plaintiffs,*<br>    -against-<br><br><br>**GEORGE SOROS, SOROS FUND MANAGEMENT LLC, SFM MANAGEMENT, LLC, CONSECO, INC., VORNADO REALTY TRUST, GERMAN AMERICAN CAPITAL CORP., DEUTSCHE BANK, AG., EASTDIL SECURED, LLC, HARRY MACKLOWE, FIG, LLC, CERBERUS CAPITAL MANAGEMENT, LP, LAZARD FRERES & CO., LLC, KIRKLAND & ELLIS, LLP, FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, CARMEL FIFTH, LLC, 767 MANAGER, LLC, DONALD J. TRUMP and John Does "1" through "10,"**<br><br>                        *Defendants.* | Case No.<br><br>**08 CIV. 7900 (BSJ)(THK) ECF** |


**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFFS' MOTION**
**TO DISQUALIFY PHILLIPS NIZER**

# TABLE OF CONTENTS

Page

Table of Authorities............................................................................i

Summary of Argument...............................................................................1


**ARGUMENT**

**PHILLIPS NIZER MUST BE DISQUALIFIED FROM
REPRESENTING DEFENDANTS IN THIS ACTION BECAUSE
OF ITS PRIOR REPRESENTATION OF PLAINTIFFS IN A
SIMILAR ACTION INVOLVING SOME OF THE SAME
PARTIES**.................................................................................3


**CONCLUSION**.........................................................................8

# **TABLE OF AUTHORITIES**

Cases cited:

*Board of Education v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)..............................3, 6

*Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384 (2d Cir. 1976)....................................6

*Emle Industries, Inc. v. Patentex, Inc.*, 478 F.2d 562 (2d Cir. 1973)..............................5, 7

*Hempstead Videos Inv. v. Village of Valley Stream,* 409 F.3d 127 (2d Cir. 2005)................3

*Hull v. Celanese Corp.,* 513 F.2d 568 (2d Cir. 1975)..................................................5, 7

*In re American Airlines, Inc.*, 972 F.2d 605 (5th Cir. 1992)..........................................6

*Kassis v. Teacher's Ins. and Annuity Association*, 93 N.Y.2d 611, 717 N.E.2d 674,
   695 N.Y.S.2d 515 (1999)................................................................................5

*Matter of Kelly*, 23 N.Y. 2d 368, 376, 296 N.Y.S.2d 937 (1968)...................................7

*Skidmore v. Warburg Dillon Reed LLC*, 99 Civ 10525 (NRB), 2001 WL 504876
   (S.D.N.Y. May 11, 2001)................................................................................3

*T. C. Theatre Corp. v. Warner Bros. Pictures,* 113 F. Supp. 265, 269
   (S.D.N.Y. 1953)........................................................................................5, 6

*Ullrich v. Hearst Corp.*, 809 F. Supp. 229 (S.D.N.Y. 1992)........................................6

Statutes cited:

DR 4-101 [22 NYCRR § 1200.19]......................................................................4

DR 5-105 [22 NYCRR § 1200.24] .....................................................................5

i

**ARGUMENT**

**PHILLIPS NIZER MUST BE DISQUALIFIED**

"The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.'" *Hempstead Videos Inc. v. Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (citation omitted). "In a technical sense the only truly binding authority on disqualification issues is [Second] Circuit precedent, because our authority to disqualify an attorney stems from the Court's inherent supervisory authority." *Skidmore v. Warburg Dillon Reed LLC,* No. 99 Civ. 10525 (NRB), 2001 WL 504876, at *2 (S.D.N.Y. May 11, 2001). A federal court's decision of whether to disqualify counsel "must ultimately be guided by the goal of a trial process that lacks any hint of a taint." *Skidmore,* 2001 WL 504876, at *2.

Disqualification is generally ordered in two kinds of cases. *See Bd. of Educ. v. Nvquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). First, where an attorney's conflict of interest in violation of Code of Professional Responsibility 'undermines the court's confidence in the attorney's representation of his client.' *Id.* Second, where the attorney is, at least potentially, in a position to use privileged information gained from the other side through prior representation, giving the present client an unfair advantage. *Id.*[2]

These issues are both present herein. Phillips Nizer represented plaintiffs in a prior case involving many of the same facts and circumstances and many of the same parties. Thus, since Phillips Nizer obtained confidential information from plaintiffs giving defendants an unfair

---

[2] Canons 5 and 9 provide that a lawyer should exercise independent judgment on behalf of his client, and should avoid the appearance of professional impropriety. *Nyquist,* 590 F.2d at 1246.

[3]

advantage and therefore the goal of a trial process that lacks any taint cannot be achieved without the disqualification of Phillips Nizer.

Pursuant to DR 4-101 [22 NYCRR § 1200.19], entitled Preservation of confidences and secrets of a client:

> (a) Confidence refers to information protected by the attorney-client privilege under applicable law, and secret refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.

> (b) Except when permitted under section 1200.19(c) of this Part, a lawyer shall not knowingly:

> (1) reveal a confidence or secret of a client;

> (2) use a confidence or secret of a client to the disadvantage of the client; and

> (3) use a confidence or secret of a client for the advantage of the lawyer or of a third person, unless the client consents after full disclosure.

Furthermore, DR 5-105 [22 NYCRR § 1200.24], entitled Conflict of interest; simultaneous representation, provides that:

> (a) A lawyer shall decline proffered employment if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the lawyer in representing differing interests, except to the extent permitted under subdivision (c) of this section.

The continued representation of Trump and 767 Manager by Phillips Nizer is an outrageous conflict of interest and has most-likely already caused Plaintiffs irreparable damage.

[4]

Plaintiffs met with members of Phillips Nizer numerous times. It charged and was paid $10,000 for their time and advice and, according to Leslie Dick, exchanged privileged, confidential and sensitive nonpublic information.

Phillips Nizer should therefore be disqualified from representing any interests adverse to plaintiffs in this action, under the principles stated by the New York Court of Appeals in *Kassis v. Teacher's Ins. and Annuity Association*, 93 N.Y.2d 611, 717 N.E.2d 674, 695 N.Y.S.2d 515 (1999):

> Attorneys owe a continuing duty to former clients not to reveal confidences learned in the course of their professional relationship. It is this duty that provides the foundation for the well-established rule that a lawyer may not represent a client in a matter and thereafter represent another client with interests materially adverse to interests of the former client in the same or a substantially related matter. Indeed, such "side switching" clearly implicates the policies both of maintaining loyalty to the first client and of protecting that client's confidences.

*Id.* at 615-16 (citations omitted).

It is well established that, in order to grant a disqualification motion, a court should not require proof that an attorney actually had access to or received privileged information while representing the client in a prior case. Such a requirement would put the former client to the Hobson's choice of either having to disclose his privileged information in order to disqualify his former attorney or having to refrain from the disqualification motion altogether. *Hull v. Celanese Corp.,* 513 F.2d 568, 571-72 (2d Cir. 1975); *Emle Industries, Inc. v. Patentex, Inc.,* 478 F.2d 562, 571 (2d Cir. 1973); *T. C. Theatre Corp. v. Warner Bros. Pictures,* 113 F. Supp. 265, 269 (S.D.N.Y. 1953).

Confronted with a case where a lawyer was seeking to represent a client whose interests were adverse to those of a former client, Judge Weinfeld instructed that:

> "the former client [must] show no more than that the matters embraced within the pending suit wherein his former attorney appears . . . are substantially related to the matters or cause of action where the attorney previously represented him, the former client. The Court will assume that during the course of the former representation confidences were disclosed . . . . Only in this manner can the lawyer's duty of absolute fidelity be enforced and the spirit of the rule . . . be maintained."

*T.C. Theatre Corp. v. Warner Bros. Pictures, supra*, at 268-9.  *See also, Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1386 (2d Cir. 1976); (*In re American Airlines, Inc.*, 972 F.2d 605 (5th Cir. 1992) (holding that a lawyer's duty to a former client extends even beyond concerns about protection of client confidences.)

> That rule, as stated by then-District Judge Leval, . . . is not designed merely to prevent the *disclosure* of confidences by the lawyer. It concerns itself as much with the lawyer's *use* of confidential information in a manner adverse to the interests of the former client that trusted the lawyer with its confidences. Adverse use of confidential information is not limited to disclosure. It includes knowing what to ask for in discovery, which witnesses to seek to depose, what questions to ask them, what lines of attack to abandon and what lines to pursue, what settlements to accept and what offers to reject, and innumerable other uses. The rule concerns itself with the unfair advantage that a lawyer can take of his former client in using adversely to that client information communicated in confidence in the course of the representation.

*Ullrich v. Hearst Corp.*, 809 F. Supp. 229, 235-36 (S.D.N.Y. 1992) (italics in original) (citations omitted).

Each of these conditions for disqualification has been demonstrated in the accompanying Affidavit of Leslie Dick, sworn to January 26, 2009.

[6]

The basis for disqualification under these circumstances is that:

> "Even the most rigorous self-discipline might not prevent a lawyer from unconsciously using or manipulating a confidence acquired in the earlier representation and transforming it to telling advantage in the subsequent litigation. . . . The dynamics of litigation are far too subtle, the attorney's role in that process is far too critical, and the public's interest in the outcome is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case."

*Emle Industries, Inc. v. Patentex, Inc., supra*, at 571.

In *Matter of Kelly*, 23 N.Y. 2d 368, 376, 296 N.Y.S.2d 937 (1968), New York's highest court said that "with rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship."

Since Phillips Nizer has already been retained by Trump and 767, who are both alleged to be part of the RICO Enterprise together with the other defendants, the damage may already have been done to a point that plaintiffs may no longer be able to have a fair trial. The circumstances of Phillips Nizer's prior representation of plaintiffs concerned many of the same facts and circumstances involved in the present action, most particularly, the fraudulent sale of the General Motors Building, which plaintiffs now allege, on new evidence, to involve a continuing RICO Enterprise of money laundering and Bankruptcy Fraud. This Court must preserve the integrity of the judicial process and protect, to the extent it can, the plaintiffs' confidences acquired by Phillips Nizer in the prior litigation. Accordingly, Phillips Nizer should be disqualified as counsel in this action.

[7]

## CONCLUSION

Based on the foregoing reasons, Plaintiffs respectfully request this court to order that the relief sought be granted.

Dated: New York, New York
       January 26, 2009

Respectfully submitted,

LAW OFFICES OF DAVID H. RELKIN
*Attorneys for Plaintiffs*

By: _____
David H. Relkin, Esq. (DHR-1049)
575 Eighth Avenue
Suite 1706
New York, New York  10018
*David@RelkinLaw.com*
(212) 244-8722
Facsimile: (212) 580-4409

[8]