UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
                                        :

LESLIE DICK WORLDWIDE, LTD. and LESLIE DICK,
                                          :

                        Plaintiffs,    :    ELECTRONICALLY FILED

                                          :

           - against -           :    ECF CASE
                                          :    Civil Action No. 08 CV 7900
GEORGE SOROS, SOROS FUND MANAGEMENT          (BSJ) (THK)
LLC, SFM MANAGEMENT, LLC, CONSECO, INC.,    :
VORNADO REALTY TRUST, GERMAN AMERICAN
CAPITAL, CORP., DEUTSCHE BANK, AG., EASTDIL  :    **AFFIDAVIT IN OPPOSITION**
SECURED, LLC, HARRY MACKLOWE, FIG, LLC,
CERBERUS CAPITAL MANAGEMENT, LP, LAZARD  :
FRERES & CO., LLC, KIRKLAND & ELLIS, LLP,
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON    :
LLP, CARMEL FIFTH, LLC, 767 MANAGER, LLC,
DONALD J. TRUMP and John Does "1" through "10",  :

                        Defendants. :

                                          :
--------------------------------------------------------------------x

STATE OF NEW YORK    )
                        : ss.:
COUNTY OF NEW YORK  )

      GEORGE BERGER, being duly sworn, deposes and says:

      1.  I am a member of the firm of  PHILLIPS NIZER LLP, attorneys for defendants

Donald J. Trump and 767 Manager, LLC.  I make this affidavit in opposition to the plaintiffs'

motion to disqualify my law firm from representing our clients.  I have knowledge of the facts

set forth herein.

**A.  Leslie Dick Affidavit**

      2.  I and Jeffrey L. Shore, an associate attorney with our firm have rendered all of the

professional services for our clients in this matter.  Neither Mr. Shore nor I have ever met or

spoken with Mr. Dick.  When this lawsuit was filed and I was contacted on behalf of our clients

by their inside counsel, our firm was already representing Donald J. Trump and 13 other

defendants in an action pending in the Supreme Court of the State of New York, New York

County, entitled *Eugenia Kaye v. Donald J. Trump, et al.*, index no. 116572/07.  Our

representation in that matter commenced in January, 2008 and is ongoing.  Although I am also

the partner in-charge of the defense of that action, to my knowledge Perry Galler, our managing

partner, was fully aware of our retention and the on-going actions in the Kaye matter.  Even prior

to that matter, our firm had performed professional services for Mr. Trump or his various

business interests.  It is inconceivable that had Mr. Dick indicated to any attorney at Phillips

Nizer that he was considering adding Mr. Trump as a defendant to his existing state court action

that we would have continued the discussion with Mr. Dick.  (Dick Aff., ¶¶ 5,8).

     3.  In fact, Mr. Relkin in his December 10, 2008 letter to Magistrate Judge Katz

contradicts Mr. Dick's affidavit when Mr. Relkin states:

> … Phillips Nizer represented plaintiffs in a State Court
> action involving the same subject matter, facts and
> circumstances as the instant action[1] and in which *we now
> know Trump was part of the RICO Enterprise*. (emphasis in
> original, italics added).

If "we now know" about Trump's alleged involvement, then Mr. Dick did not know it ten or

eleven months ago when he allegedly told his plan to add Mr. Trump as a defendant to Mr.

Galler.

     4.  Further, Mr. Dick's statement that "Phillips Nizer represented me in appealing the

dismissal of the complaint in that action…" is demonstrably false.  (Dick Aff., ¶ 2)  Mr. Dick's

only attorney of record on that appeal was Robert Hantman, Esq., who has never been associated

with our law firm.  All that we did, as Judge Lerner describes in his affidavit, was to consult with

---

[1] A clear admission that the instant case is barred by res judicata and collateral estoppel.

Mr. Hantman by reading the Record on Appeal and the briefs and critique Mr. Hantman's planned oral argument of plaintiffs' appeal.

**B.  David H. Relkin Affirmation**

5.  Mr. Relkin presents a great number of assumptions as facts and which are, for the most part wrong.  When we were retained in this matter, we were advised by in-house counsel that Mr. Relkin had refused any adjournment of our clients' time to answer or move. Accordingly, since the Complaint herein was insufficient, precluded by res judicata and collateral estoppel and time barred on its face, we prepared a motion to dismiss and were about to file it when Judge Jones granted all defendants an extension of time until December 22, 2008. I then simply waited for the other defendants to prepare their motions before we were to file ours on the same day.  There is nothing confidential contained in our still unfiled motion.

6.  Also, contrary to Mr. Relkin's accusation, our appearance in this case was not a secret, nor were we the last to appear; FIG LLC was.  On November 6, 2008, we were shown on the top of page 4, the Certificate of Service on Kirkland & Ellis LLP's motion (not "an email") to admit Reed S. Oslan pro haec vice (Compare Relkin Aff., ¶ 2(b) with Exhibit B thereto).  Mr. Relkin was therefore on notice of our representation of Donald J. Trump and 767 Manager LLC since November 6, 2008, but did not say or do anything in response to that information.

7.  Further, Mr. Relkin's statement

> "The only conceivable reason for their lying in wait to file
> a Notice of Appearance while they were representing
> Trump as early as November 6, 2008, is that Phillips Nizer
> sought to conceal its involvement in this action in order to
> disseminate plaintiffs' confidential information to all other
> Defendants' Counsel." (Relkin Aff., ¶ 2(c))

is outrageous.  Mr. Relkin, who has never met me or spoken with me, is the first person to make such an allegation.  First, I had no "confidential information" to disseminate.  As noted

1069393.1

previously, I have never spoken with Mr. Dick and I was not told anything of a confidential nature regarding the Plaintiffs' prior state court action by Mr. Galler or Judge Lerner or anyone. My initial knowledge of the substance of the state court action came from the public complaint in this action and from the published decisions of the Supreme Court and the Appellate Division in that action.  Later, we obtained the complaint in the state court action from a public file.  Second, I have been a member of the bar of this Court since 1961, the year in which Mr. Relkin celebrated his first birthday.  I do not disseminate confidential information imparted by a client to anyone.  As stated in my December 11, 2008 letter to Magistrate Judge Katz, I did not even share our draft brief on the motion to dismiss with counsel for the other defendants, although there was no reason precluding me from doing so.  All of the other defendants have now moved to dismiss and no confidential information of any kind regarding the plaintiffs has been presented in their papers.

8.  Next, Mr. Relkin accuses me of "a clear attempt to perpetrate a fraud on his Court" because in quoting from our retainer agreement I omitted a phrase indicating that we were being engaged as a consultant to Robert Hantman, Esq. "on behalf of Leslie Dick Worldwide, Ltd. and yourself," i.e., Leslie Dick.  The contention is absurd.  In the preceding sentence of my letter to Magistrate Judge Katz, I stated:  "Mr. Hantman and then Mr. Dick asked Mr. Galler if we would be willing to read the Record on Appeal and the briefs and consult with Mr. Hantman as to how to present his oral argument.  Mr. Galler agreed...."  Obviously, the only agreement could be with Mr. Dick, who was paying for our services.  There was no deception in my letter.

**C.  This Motion Is Untimely**

9.  On December 12, 2008, Magistrate Judge Katz ordered:

> "The Motion to dismiss on behalf of Defendants Trump
> and 767 Manager, LLC shall be stayed pending resolution

4

of Plaintiff's motion for disqualification, <u>which should be filed promptly</u>."  (Emphasis added) (Document 76)

10.  Black's Law Dictionary, p. 1214 (6th ed 1990) defines "Promptly" as:

> **Promptly.**  Adverbial form of the word 'prompt,' which means ready and quick to act as occasion demands.  The meaning of the word depends largely on the facts in each case, for what is 'prompt' in one situation may not be considered such under other circumstances or conditions.  To do something 'promptly' is to do it without delay and with reasonable speed.  Application of Beattie, 4 Storey 506, 180 A.2d 741, 744."

> **"Prompt"** is defined as "To act immediately, responding on the instant."

Notwithstanding Magistrate Judge Katz's order, plaintiffs waited forty-four days to make this motion (eighty days since Mr. Relkin was on notice of our representation of Donald J. Trump and 767 Manager, LLC), thereby breaching the condition for its making.  The motion should therefore be denied as untimely, as well as lacking in merit.

_George Berger_
George Berger

Sworn to before me this
5th day of February, 2009.

_Iris Cinquemani_
Notary Public

IRIS CINQUEMANI
Notary Public, State of New York
No. 01CI4663036
Qualified in Queens County
Certificate Filed in New York County
Commission Expires September 30, 2010

5

## CERTIFICATE OF SERVICE

I hereby certify that I arranged for the annexed affidavit of George Berger to be electronically filed on February 9, 2009, thereby serving all parties of record.

Dated: New York, New York
      February 9, 2009

s/ George Berger (GB 8924)

1069393.1