UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LESLIE DICK WORLDWIDE, LTD. and LESLIE DICK,

                     Plaintiffs,

-against-

GEORGE SOROS, SOROS FUND MANAGEMENT, LLC, SFM MANAGEMENT, LLC, CONSECO, INC., VORNADO REALTY TRUST, GERMAN AMERICAN CAPITAL, CORP., DEUTSCHE BANK, A.G., EASTDIL SECURED, LLC, HARRY MACKLOWE, FIG, LLC, CERBERUS CAPITAL MANAGEMENT, LP, LAZARD FRERES & CO., LLC, KIRKLAND & ELLIS, LLP, FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, CARMEL FIFTH, LLC, 767 MANAGER, LLC, DONALD J. TRUMP and John Does "1" through "10",

                     Defendants.
-----------------------------------------------------------x

ELECTONICALLY FILED

ECF CASE
Civil Action No. 08 CV 7900 (BSJ)(THK)

AFFIDAVIT OF ROBERT J. HANTMAN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION TO DISQUALIFY PHILLIPS NIZER, LLP FROM REPRESENTING DONALD J. TRUMP AND 767 MANAGER, LLC

STATE OF NEW YORK    )
                             : ss.:
COUNTY OF NEW YORK  )

ROBERT J. HANTMAN, being duly sworn, deposes and says:

1. I am the principal of Hantman & Associates, the firm which represented Mr. Leslie Dick and Leslie Dick Worldwide, Ltd. (collectively, "Leslie Dick") before the New York State Supreme Court, Appellate Division First Department: Index No. 600222/06.

2. It is not my purpose to become embroiled in the disqualification issues before this Court, as I respect the Philips Nizer LLP firm ("Phillips Nizer") and have worked with them in the past and we even have mutual clients.

1

3. In retrospect, however, I am surprised that a "conflict of interest waiver" was not entered into as that would clearly have avoided the instant unpleasant situation for both plaintiffs and the Phillip Nizer law firm.

4. This affidavit is limited, as it should be, to my rather brief professional dealings with Phillips Nizer as it related to Leslie Dick and his company, Leslie Dick Worldwide, Ltd.

5. In preparation for oral argument before the Appellate Division – First Department, I had the pleasure and honor of meeting and conferring with Judge Lerner, a former Appellate Division Justice and Counsel of Phillips Nizer for the purpose of bolstering and fine tuning my oral argument.

6. I met with Judge Lerner approximately three (3) times.

7. In addition, I attended a meeting at Phillips Nizer with a number of the firm's partners in attendance, in which Mr. Leslie Dick was presented with a worksheet indicating an outstanding balance owed to Phillips Nizer in the amount of $13,000, for work prior to my or Mr. Dick's meetings with Judge Lerner.

8. Clearly, as the time I spent with Judge Lerner was important yet minimal, Mr. Dick met with members of Phillips Nizer well beyond the scope of critiquing my oral argument before the Appellate Division First Department.

_____
Robert J. Hantman, Esq.

Sworn to before me this
12th day of February, 2009.

_____
Notary Public
DAVID H. RELKIN
Notary Public, State of New York
No. 02RE4905662
Qualifeid in New York County
Commission Expires August 24, 2009

2