UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

LESLIE DICK WORLDWIDE, LTD. and LESLIE
DICK,

                                        Plaintiffs,

                     -against-

GEORGE SOROS, SOROS FUND MANAGEMENT,
LLC, SFM MANAGEMENT, LLC, CONSECO,
INC., VORNADO REALTY TRUST, GERMAN
AMERICAN CAPITAL, CORP., DEUTSCHE
BANK, A.G., EASTDIL SECURED, LLC, HARRY
MACKLOWE, FIG, LLC, CERBERUS CAPITAL
MANAGEMENT, LP, LAZARD FRERES & CO.,
LLC, KIRKLAND & ELLIS, LLP, FRIED, FRANK,
HARRIS, SHRIVER & JACOBSON LLP, CARMEL
FIFTH, LLC, 767 MANAGER, LLC, DONALD J.
TRUMP and John Does "1" through "10",

                                        Defendants.

---------------------------------------------------------------x

**ELECTONICALLY FILED**

ECF CASE
Civil Action No. 08 CV 7900
(BSJ)(THK)

**AFFIDAVIT OF LESLIE
DICK IN
SUPPORT OF
PLAINTIFFS' MOTION
TO DISQUALIFY
PHILLIPS NIZER, LLP
FROM REPRESENTING
DONALD J. TRUMP
AND 767 MANAGER, LLC**

STATE OF NEW YORK       )
                             : ss.:
COUNTY OF NEW YORK    )

LESLIE DICK, being duly sworn, deposes and says:

1.   I am the President and CEO of plaintiff Leslie Dick Worldwide, Ltd. and a
plaintiff herein. I am fully familiar with the facts set forth herein and stand
ready, willing and able to testify under oath at an evidentiary hearing.

2.   I submit this affidavit in support of the plaintiffs' motion to disqualify Phillips
Nizer LLP ("Phillips Nizer") from representing Donald J. Trump and 767
Manager, LLC in the above captioned action.

3.   In response to Perry S. Galler's February 5, 2009 affidavit, Mr. Trump, who is
referred to in at least five (5) paragraphs in the Amended Complaint in the

1

original state court action, Index No. 600222/06, was an existing client at the time I met and subsequently retained Phillips Nizer, and this certainly should have been disclosed to me before a retainer agreement was entered into between myself and Phillips Nizer.

4. At a minimum, I believe that I should have been presented with a conflict of interest waiver provision which would have alerted me to the fact the Phillips Nizer represented Donald J. Trump.

5. With this knowledge, clearly I would not have retained nor spoken at length with Phillips Nizer, as there are a number of equally qualified law firms which I could have retained.

6. Notably, as stated by Mr. Galler in paragraph five (5) of his affidavit, since Phillips Nizer was aware that Mr. Trump, his organization and members of his family had retained Phillips Nizer, it is puzzling why I was not advised of this from the outset.

7. While it may be true that Donald J. Trump was not a named defendant in the aforementioned Amended Complaint in the original state court action which was the subject of the appeal for which I hired Phillips Nizer, Mr. Trump is mentioned five (5) times in the Amended Complaint and at the very least, had the potential to be called as a material witness had the state court decision been overturned.

8. While I acknowledge Judge Lerner's consulting with my Appellate attorney, Robert J. Hantman, Esq., my concern is not what Judge Lerner and Mr. Hantman discussed, rather it is the confidential information I shared with

2

Judge Lerner as well as other attorneys in the firm, including but not limited to Perry Galler, Wilfredo Pesante and Monte Engler.

9.  While Mr. Galler mentions that I did not give him confidential information, clearly, everything I told Mr. Galler and his associates and co-workers should be considered confidential.

10. As I write and submit this affidavit, it is impossible for me to know exactly what information I shared with Phillips Nizer is now being used in defense of their client, Donald J. Trump and was disseminated to the other defendants in this action.

11. Considering that my Appellate attorney, Mr. Hantman, met with Judge Lerner to fine tune Mr. Hantman's oral argument before the New York State Supreme Court, Appellate Division, First Department, the only logical reason that I would meet with other Phillips Nizer attorneys on a regular basis would be to discuss the case-in-chief.

12. In light of Mr. Hantman's limited face-to-face meetings with Judge Lerner and my numerous meetings with Mr. Galler and other attorneys of Phillips Nizer, it is clear that most of what I discussed with Phillips Nizer attorneys concerned the case-in-chief.

13. In addition, if the appeal before the Appellate Division, First Department was successful, Phillips Nizer offered to be co-counsel in the state action; if unsuccessful, Phillips Nizer unequivocally indicated that they wished to represent me in other aspects of the litigation.

14. Furthermore, I provided confidential documents to Monte Engler, an attorney at Phillips Nizer, which I received from Mr. Arun Savkur, a business associate of George Soros.  Monte Engler of Phillips Nizer reviewed and reworked these confidential documents involving me obtaining an equity interest in the GM Building controlled by Mr. Soros.

15. Attached to these confidential documents was an outline of how Mr. Savkur was going to structure a transaction settling the State Court Action by and between me and George Soros, at the behest of Mr. Soros.  (Attached hereto is the outline of the settlement document prepared by Savkur on behalf of Soros.[1]

16. In summary, both Soros and others were going to take a position in my litigation adverse to the other defendants in the action through Mr. Savkur, thus "hedging" their settlement with me as referenced in ¶14, to the detriment of the other defendants.

WHEREFORE, I respectfully request this Court to disqualify Phillips Nizer as counsel for Donald J. Trump and 767 Manager, LLC.

Leslie Dick

Sworn to before me on this
___ day of February, 2009

Notary Public

DAVID H. RELKIN
Notary Public, State of New York
No. 02RE4905662
Qualifeid in New York County
Commission Expires August 24, 201_

---

[1] This document is presented for the sole purpose of demonstrating the significant involvement of Phillips Nizer in the confidential settlement and documents relating thereto.  I reserve all rights and privileges to object to any further disclosure of documents relating to this transaction, and specifically do not waive my attorney-client privilege with Phillips Nizer.