# EXHIBIT E

```
                                                                1

 1
 2   SUPREME COURT OF THE STATE OF NEW YORK
     NEW YORK COUNTY - CIVIL TERM - PART 3
 3   ------------------------------------------X
 4   LESLIE DICK WORLDWIDE, LTD.,
 5                     Plaintiff,
 6             -against-
 7   MACKLOWE PROPERTIES, INC., et al.,
 8
                       Defendants.
 9   ------------------------------------------X
     Index # 600222/06
10   PROCEEDINGS
11                           60 Centre Street
                             New York, New York 10007
12                           January 18, 2007
13   B E F O R E:
14             HONORABLE KARLA MOSKOWITZ,
15                       Justice.
16   A P P E A R A N C E S:
17      EDWARD W. MILLER, ESQ.
        575 Lexington Avenue - 28th Floor
18      New York, New York 10022
           BY:  EDWARD W. MILLER, ESQ.
19              Attorney for Plaintiff
20
21      BUTLER, FITZGERALD, FIVESON & McCARTHY
        350 Fifth Avenue - Suite 6215
22      New York, New York 10118
           BY:  DAVID J. McCARTHY, ESQ.
23              Attorney for Defendant
24
25
                              ALDORINE WALKER, RPR
26                            Official Court Reporter
```

FILED
2/28/07
COUNTY CLERK
NEW YORK COUNTY

AW

2

|    | Proceedings |
|----|---|
| 1  |  |
| 2  | THE COURT: This is a motion to dismiss by |
| 3  | the remaining defendants, or are there other defendants |
| 4  | also? |
| 5  | MR. McCARTHY: The remaining defendants. |
| 6  | THE COURT: Remaining defendants, George |
| 7  | Soros and Soros Fund Management, LLC. And in the |
| 8  | interim, between the making of the motion, and I guess |
| 9  | the service of the opposition papers, I handed out a |
| 10 | decision on the motion to dismiss by the other |
| 11 | defendants, and that is dated November 29th and filed |
| 12 | December 5th. It looks like it was filed in the County |
| 13 | Clerk's office. |
| 14 | I don't know what there is to argue because, |
| 15 | certainly, Soros defendants are even more removed from |
| 16 | the transaction than the defendants for which I granted |
| 17 | dismissals. So I will hear from the plaintiff. |
| 18 | MR. MILLER: Judge, my name is Ed Miller. I |
| 19 | filed a notice of appearance this morning. |
| 20 | THE COURT: I guess I don't have your card. |
| 21 | Do you happen to have a card with you? |
| 22 | MR. McCARTHY: Your Honor, before we start, I |
| 23 | have the original reply memorandum. I think you might |
| 24 | have received a courtesy copy. |
| 25 | THE COURT: Fine. Do you want to give me the |
| 26 | original, and I will do something with the photocopy. |

AW

3

Proceedings

Go ahead, Mr. Miller.

MR. MILLER: Judge, there is two Appellate Division cases that I honestly believe control the question before the Court. May I hand them up to the bench?

THE COURT: Have you shown counsel copies?

MR. MILLER: I have copies for him.

MR. McCARTHY: He did not show me, and they were not cited in the appropriate brief.

THE COURT: Who were they cited by?

MR. MILLER: The defendant cited Banner, as it was cited in the judge's decision, but there is a prior Appellate Division decision in Banner that's never been cited. The Banner case has been cited, but not the full story.

THE COURT: Are we going to sit here and read these? Banner we used, right?

MR. MILLER: Yes. But only the second Appellate decision, not the first one.

THE COURT: Do you want an opportunity to read these decisions, Mr. McCarthy?

MR. McCARTHY: David McCarthy. I represent Soros.

THE COURT: Do you want an opportunity to read these decisions, Mr. McCarthy? Because I would.

AW

1                     Proceedings

2 That's what you are relying on, these decisions that

3 you are handing up?

4        MR. MILLER: Yes, these two decisions, yes.

5        MR. McCARTHY: Your Honor, let's proceed with

6 the argument.

7        THE COURT: All right, where are they?

8        MR. MILLER: The pertinent language in both

9 decisions is that there is a duty upon those who

10 conduct auctions to conduct them fairly. That is the

11 beginning and middle and end of my argument here today.

12     There was a duty upon all those who participated

13 in this auction to each other to do it fairly. And

14 that duty was violated by the participant who have been

15 sued, according to the allegations of the complaint.

16     Now, Banner was later dismissed out because of an

17 agreement, which excused any prior misrepresentations.

18 However, what's of interest for this decision is the

19 lower court's decision, which denied a motion to

20 dismiss and let the case proceed on duty to conduct a

21 fair auction.

22     I believe that the allegations in the complaint

23 are sufficient against the Soros entities. I think

24 they are clearly sufficient to state an action for a

25 violation of this duty.

26     Now, on a motion to dismiss, if defendant says

5

1 Proceedings
2 well, we never said that before; he is right. But we
3 don't have to. I'd like to just read into the record a
4 quote, just one sentence from Wiener versus Lazard
5 Freres, 241 A.D.2d 114, First Department 1998: "So
6 liberal is the standard under these provisions,"
7 talking about CPLR Section 3211(a)(1), that the test is
8 simply whether the proponent of the pleading has a
9 cause of action, not even whether he has stated one."
10 So the question, and there is other law cited,
11 many cases cited, saying that whether or not we stated
12 the cause of action, whether or not we vocalized proper
13 legal theory in our complaint or even in our argument
14 up to this point is not controlling. What's
15 controlling is whether or not there is a viable legal
16 theory that can convert a bunch of facts into a
17 lawsuit. So I concede before the Court that we have
18 not vocalized the theory I'm coming here with, but
19 submit that that's irrelevant to the Court's decision.
20 This theory is either viable or not.
21 I'd like to just read the citation, if I may, of
22 Valeo and the first Banner Appellate decision, which
23 recognize the duty to conduct an auction fairly. Valeo
24 Engine Cooling versus Atkinson, 240 A.D.2d 176, First
25 Department 1997, which would be after the Banner second
26 decision, which is relied upon by defendants throughout

AW

Proceedings

1
2  this.  And the Banner decision, which recognizes a duty
3  to conduct a fair auction, which is at 181 A.D.2d 479,
4  First Department, again, 1992.  There are cases in
5  other states recognizing the same duty on that.  I'm
6  not citing them at this time, unless the Court would
7  request that I do so.
8       In the event that the Court would be --
9       THE COURT:  I have read these cases.
10      Do you want to comment on these decisions?
11      MR. McCARTHY:  Your Honor, I do, but I think
12 what's important to perceive is that this is rearguing
13 your Honor's decision.
14      THE COURT:  Let me cut you off.  I have read
15 these decisions.  And the way I read these decisions,
16 the Appellate Division is saying that once the parties,
17 and this is a quote from Valeo, V-A-L-E-O, and it's
18 underlined by counsel:  "Once the parties agree to a
19 private auction to select a potential purchasers who
20 submit bids, the auction have to be conducted fairly
21 pursuant to its terms."  The terms of the auction in
22 this case were set forth in the two documents that the
23 plaintiff received.  I don't know if he signed them.
24 One is called the confidentiality agreement, and the
25 other is -- I'm sorry.  I have to go back to my
26 decision.  They were the two documents, right?

AW

7

Proceedings

MR. McCARTHY: Yes, your Honor.

THE COURT: And you can't say, oh, there were only oral representations or anything like that.

MR. MILLER: We are not saying that.

THE COURT: No, but the two written documents control this auction. One is entitled "principal confidentiality statement," right? That was July 16, 2003. And then there is another one, right?

MR. MILLER: A letter, but that's irrelevant. We agree to those two --

THE COURT: But the terms of those writings control. And as long as the seller abided by the terms of those writings, which they did --

MR. MILLER: There was --

THE COURT: No, I'm sorry. You are really rearguing a decision I have already made. And these cases don't say anything different than what has already been stated in my decision, which says there was a fair auction, according to its terms and the written terms, and that's it. I'm not going beyond it. You are not arguing anything different about the Soros defendants. You are not arguing anything as to these particular defendants that's any different from the arguments that you would have to make to keep into the case the other defendants. There is nothing particular

AW

8

Proceedings

1
2  about the Soros defendants.  In fact, there is even
3  less as to the Soros defendants, because they are not
4  the ones that were running this auction.  So,
5  therefore, I don't see any reason why my decision, on
6  the motion to dismiss by the Soros defendants, should
7  be any different.  And it is actually controlled by my
8  decision as to the other defendants.
9          MR. MILLER:  Can I take one minute, 60
10 seconds?
11         THE COURT:  Yes.
12         MR. MILLER:  The written agreement simply say
13 that there is discretion on the part of the seller who
14 to sell to.  And in fact, we have been wronged the
15 whole time.  It doesn't say it has to sell to the
16 highest bidder.  But what it says, and what
17 distinguishes it from Banner is that it is a rationale
18 selection process, not there has been a pre-selected
19 buyer, which is what the complaint alleges.  In Banner,
20 there was exculpatory clause lacking in this
21 confidentiality agreement, which said that there is no
22 liability.  There has not been a waiver of liability
23 here.  What there is, there is a statement saying that
24 the seller has discretion.  But discretion doesn't
25 equal preselecting a winner in an auction.  That's a
26 fixed auction.

AW

Proceedings

1
2  THE COURT: Counsel, if you want to make that
3  argument, you don't make that argument against the
4  Soros defendants, right, because the Soros defendants
5  did not conduct this auction, okay. And all your
6  arguments in your papers, as opposed to what you are
7  saying now about some sort of scheme or conspiracy or
8  whatever, I found there was -- I'm not going to repeat
9  my decision. What you are arguing has nothing to do
10 with these particular defendants. They should have
11 moved at the same time as the other defendants, and it
12 would have been in the same decision. If you have
13 another argument you want to make, you have the
14 Appellate Division, if you feel this was an argument
15 you should have made but didn't make, because you
16 didn't make it. No one made that argument before.
17     MR. MILLER: Which we do.
18     THE COURT: The argument you are making now
19 was never made before in the first one. This is not
20 the time or place. So I am granting the motion of the
21 Soros defendants, dismissing all the causes of action
22 asserted against them for the same reasons that are
23 articulated in my decision of November 29, 2006.
24     Thank you.
25         *     *     *     *
26

AW

10

| | |
|---|---|
| 1 | Proceedings |
| 2 | It is hereby certified that the foregoing is a true and accurate transcript of the proceedings. |

*[signature]*

ALDORINE WALKER, RPR
Official Court Reporter

FILED
2/28/07
COUNTY CLERK
NEW YORK COUNTY

AW