# EXHIBIT I

# David H. Relkin

Attorney at Law

<David@RelkinLaw.com>

575 Eighth Avenue
Suite 1706
New York, New York 10018-3049
(212) 244-8722

FAX
(212) 580-4409

December 10, 2008

**VIA FAX**
Hon. Theodore H. Katz
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1660
New York, NY 10007-1312

        **Re:**    Leslie Dick Worldwide, Ltd. v. Soros, et al.;
                **08 CV 7900 (BSJ) (THK) (ECF);**

Honorable Judge Katz:

     I submit this letter in light of the shocking appearance of Phillips Nizer on behalf of Trump and 767 Manager on Friday. Their appearance is outrageously improper and unethical since <u>Phillips Nizer represented plaintiffs in a State Court action involving the same subject matter, facts and circumstances as the instant action and in which we now know Trump was part of the RICO Enterprise</u>.

     Pursuant to DR 4-101 [22 NYCRR § 1200.19] entitled Preservation of confidences and secrets of a client, provides:

    (a) Confidence refers to information protected by the attorney-client privilege under applicable law, and secret refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.

    (b) Except when permitted under section 1200.19(c) of this Part, a lawyer shall not knowingly:

    (1) reveal a confidence or secret of a client;

Hon. Judge Katz
December 10, 2008
Page 2

>   (2) use a confidence or secret of a client to the disadvantage of the client; and

>   (3) use a confidence or secret of a client for the advantage of the lawyer or of a third person, unless the client consents after full disclosure.

Furthermore,  DR 5-105 [22 NYCRR§ 1200.24] entitled Conflict of interest; simultaneous representation, provides that:

>   (a) A lawyer shall decline proffered employment if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve the lawyer in representing differing interests, except to the extent permitted under subdivision (c) of this section.

<u>The continued representation of Trump and 767 Manager by Phillips Nizer is an outrageous conflict of interest and has most-likely already caused plaintiffs extreme damages</u>.

It is well established in order to grant a disqualification motion, a court should not require proof that an attorney actually had access to or received privileged information while representing the client in a prior case. Such a requirement would put the former client to the Hobson's choice of either having to disclose his privileged information in order to disqualify his former attorney or having to refrain from the disqualification motion altogether. *Hull v. Celanese Corp.,* 513 F.2d 568, 571-72 (2d Cir. 1975); *Emle Industries, Inc. v. Patentex, Inc.,*478 F.2d 562, 571 (2d Cir. 1973); *T. C. Theatre Corp. v. Warner Bros. Pictures,* 113 F. Supp. 265, 269 (SDNY 1953).

Confronted with a case where a lawyer was seeking to represent a client whose interests were adverse to those of a former client, Judge Weinfeld instructed that:

>   "the former client [must] show no more than that the matters embraced within the pending suit wherein his former attorney appears . . . are substantially related to the matters or cause of action where the attorney previously represented him, the former client. The Court will assume that during the course of the former representation confidences were disclosed . . . . Only in this manner can the lawyer's duty of absolute fidelity be enforced and the spirit of the rule . . . be maintained." *T.C. Theatre Corp. v. Warner Bros. Pictures, supra*, at 268-9.

The basis for this proposition is that:

"Even the most rigorous self-discipline might not prevent a lawyer from unconsciously using or manipulating a confidence acquired in the earlier representation and transforming it to telling advantage in the subsequent litigation. . . . The dynamics of

Hon. Judge Katz
December 10, 2008
Page 3

      litigation are far too subtle, the attorney's role in that process is far too critical, and the public's interest in the outcome is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case." *Emle Industries, Inc. v. Patentex, Inc., supra*, at 571.

      In *Matter of Kelly*, 23 N.Y. 2d 368, 376, 296 N.Y.S.2d 937, 244 N.E.2d 456 (1968), New York's highest court said that "with rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship."

      Since Phillips Nizer has already been retained by Trump and 767 who are both part of the RICO Enterprise together with the other defendants, the damage may already have been done to a point that plaintiffs may no longer be able to have a fair trial.

      Accordingly, we request again that Your Honor stay any answers or motions by defendants in this action until plaintiffs have submitted and this Court has decided the issue of disqualification of counsel.  Since Trump is part of the Enterprise, the confidential information of plaintiffs has almost certainly been disclosed to the other defendants.  <u>Phillips Nizer has irreparably tainted the waters of this entire litigation and should be immediately disqualified</u>.

      I believe that it is in the interest of Justice to grant plaintiffs' motion to stay any motions by defendants in this action and that there is no prejudice to the defendants in granting plaintiffs' motion.

                                    Sincerely,

                                   *David H. Relkin*

                                   David H. Relkin

DHR\mw
cc: All appearing counsel (via email)