UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
LESLIE DICK WORLDWIDE, LTD. and LESLIE
DICK,                                           :        08-CV-07900 (BSJ)

                   Plaintiffs,            :        ECF Case

         v.                                   :        Electronically Filed

GEORGE SOROS, et al.,                           :

                  Defendants.             :
----------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF
# GERMAN AMERICAN CAPITAL CORP.'S
# MOTION TO DISMISS THE AMENDED COMPLAINT WITH PREJUDICE

<br>

Jerome S. Hirsch (jerome.hirsch@skadden.com)
Scott D. Musoff (scott.musoff@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
 FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Defendant German American
 Capital Corp.

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT .................................................................................................1

BACKGROUND ..........................................................................................................................3

ARGUMENT ................................................................................................................................4

I.  THE COMPLAINT FAILS TO MEET RULE 8 REQUIREMENTS. ...............................4

II. PLAINTIFFS' CLAIMS ARE TIME-BARRED. ................................................................6

III. PLAINTIFFS FAIL TO ADEQUATELY PLEAD VIOLATIONS OF RICO
     SECTION 1962(c)-(d). .......................................................................................................6

  A.  Plaintiffs fail to adequately plead an enterprise. ......................................................7

      1.  Plaintiffs do not allege any common purpose. ..............................................7

      2.  Plaintiffs fail to adequately plead a continuing unit. .....................................7

      3.  Plaintiffs do not allege any ascertainable structure. ......................................8

  B.  Plaintiffs fail to adequately plead a pattern of racketeering activity. ......................8

      1.  Plaintiffs fail to allege two or more predicate acts by GACC. .....................8

      2.  Plaintiffs fail to allege the continuity requirement of a pattern. ...................9

  C.  Plaintiffs fail to adequately plead predicate acts of racketeering activity. ..............9

      1.  Plaintiffs fail to adequately plead wire fraud. ...............................................9

      2.  Plaintiffs fail to allege any bankruptcy fraud. .............................................10

      3.  Plaintiffs' money laundering allegations fail to allege the requisite
          state of mind. ...............................................................................................11

IV. PLAINTIFFS FAIL TO ADEQUATELY PLEAD THE SPECIFIC
    REQUIREMENTS OF RICO SECTION 1962(c)-(d). .....................................................11

  A.  Plaintiffs fail to adequately plead "conduct or participation" under §
      1962(c). ...................................................................................................................11

      B.      Plaintiffs fail to allege a conspiracy under 1962(d). ...............................................13

V.     RES JUDICATA OR COLLATERAL ESTOPPEL BARS PLAINTIFFS' CLAIMS. ........................................................................................................................13

CONCLUSION..................................................................................................................................14

# **TABLE OF AUTHORITIES**

**CASES**                                                                                          **Page(s)**

Appalachian Enterprises, Inc. v. ePayment Solutions Ltd.,
  No. 01 CV 11502 (GBD), 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) .................................. 5

Bank v. Brooklyn Law School,
  No. 97-CV- 7470(JG), 2000 WL 1692844 (E.D.N.Y. Oct. 6, 2000) ................................. 8, 12

Bell v. Hubbert,
  No. 95 Civ. 10456 (RWS), 2007 WL 60513 (S.D.N.Y. Jan. 8, 2007) ..................................... 4

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ................................................................................................................. 4

Benedict v. Amaducci,
  No. 92 Civ. 5239 (KMW), 1995 WL 413206 (S.D.N.Y. July 12, 1995) ............................ 4, 5

Bernstein v. Misk,
  948 F. Supp. 228 (E.D.N.Y. 1997) ........................................................................................ 11

Berry v. Deutsche Bank Trust Co. Americas,
  No. 07 Civ. 7634 (WHP), 2008 WL 4694968 (S.D.N.Y. Oct. 21, 2008) .............................. 12

Casio Computer Co. v. Sayo,
  No. 98CV3772 (WK), 2000 WL 1877516 (S.D.N.Y. Oct. 13, 2000) .................................... 11

Cedar Swamp Holdings, Inc. v. Zaman,
  487 F. Supp. 2d 444 (S.D.N.Y. 2007) .................................................................................. 7, 8

De Jesus v. Sears, Roebuck & Co.,
  87 F.3d 65 (2d Cir. 1996) ......................................................................................................... 3

Dubai Islamic Bank v. Citibank, N.A.,
  256 F. Supp. 2d 158 (S.D.N.Y. 2003) .................................................................................... 12

EQ Financial, Inc. v. Personal Financial Co.,
  421 F. Supp. 2d 1138 (N.D. Ill. 2006) ..................................................................................... 8

First Nationwide Bank v. Gelt Funding Corp.,
  27 F.3d 763 (2d Cir. 1994) ....................................................................................................... 3

GICC Capital Corp. v. Technology Finance Group, Inc.,
  67 F.3d 463 (2d Cir. 1995) .................................................................................................. 6, 9

Henry v. City of New York,
    No. 05 CV 6023(SJ)(RML), 2007 WL 1062519 (E.D.N.Y. Mar. 30, 2007) ..........................13

Kades v. Organic Inc.,
    No. 00 Civ. 3671, 2003 WL 470331 (S.D.N.Y. Feb. 24, 2003)................................................7

Linens of Europe, Inc. v. Best Manufacturing, Inc.,
    No. 03 Civ. 9612, 2004 WL 2071689 (S.D.N.Y. Sept. 16, 2004)............................................9

M'Baye v. New Jersey Sports Production, Inc.,
    No. 06 Civ. 3439 DC, 2007 WL 431881 (S.D.N.Y. Feb. 7, 2007) .........................................9

National Group for Communications & Computers Ltd. v. Lucent Technologies Inc., 420
    F. Supp. 2d 253 (S.D.N.Y. 2006) ......................................................................................7, 8

Procapui-Productores de Camaroes De Icapui Ltda. v. Layani,
    No. 07-CV-6627 (BSJ), 2008 WL 3338199 (S.D.N.Y. Jan. 11, 2008)..................................10

Ray Larsen Associates, Inc. v. Nikko America, Inc.,
    No. 89 Civ. 2809 (BSJ), 1996 WL 442799 (S.D.N.Y. Aug. 6, 1996)................................9, 13

Rosner v. Bank of China,
    528 F. Supp. 2d 419 (S.D.N.Y. 2007) .....................................................................................12

Salahuddin v. Cuomo,
    861 F.2d 40 (2d Cir. 1988) ..................................................................................................5, 6

Sundial International Fund Ltd. v. Delta Consultants, Inc.,
    923 F. Supp. 38 (S.D.N.Y. 1996) ............................................................................................12

Tenamee v. Schmukler,
    438 F. Supp. 2d 438 (S.D.N.Y. 2006) .......................................................................................6

United Republic Insurance Co. v. Chase Manhattan Bank,
    68 F. Supp. 2d 8, 20 (N.D.N.Y. 2001), aff'd, 40 F. App'x 630 (2d Cir. 2002), vacated
    on other grounds, 315 F.3d 168 (2d Cir. 2003) .....................................................................10

United States v. Bonanno Organized Crime Family of La Cosa Nostra,
    683 F. Supp. 1411 (E.D.N.Y. 1988), aff'd, 879 F.2d 20 (2d Cir. 1989)....................................4

United States v. Turkette,
    452 U.S. 576 (1981).................................................................................................................7

Warren v. Goord,
    No. 99 CV 296F, 2006 WL 1582385 (W.D.N.Y. May 26, 2006), aff'd, 2008 WL
    5077004 (2d Cir. Nov 26, 2008)...............................................................................................6

Wiltshire v. Dhanraj,
    421 F. Supp. 2d 544 (E.D.N.Y. 2005) ........................................................................... 6

Wolf v. Wagner Spray Tech Corp.,
    715 F. Supp. 504 (S.D.N.Y. 1989) ................................................................................. 6

Zhu v. First Atlantic Bank,
    No. 05 Civ. 96 (NRB), 2005 WL 2757536 (S.D.N.Y. Oct. 25, 2005) ........................... 8

**STATUTES**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................ 4

Fed. R. Civ. P. 9(b) ................................................................................................................ 1

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 1

18 U.S.C. § 1962(c) ....................................................................................................... 1, 5, 12

18 U.S.C. § 1962(d) ............................................................................................................... 1

Defendant German American Capital Corp. ("GACC"), by and through its counsel, respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), for an order dismissing with prejudice the amended complaint brought by Leslie Dick Worldwide Ltd. and Leslie Dick ("Plaintiffs") dated February 22, 2009 (the "Amended Complaint" or "Am. Compl.").[1] To avoid unnecessary duplication, GACC joins and incorporates by reference the arguments and exhibits set forth in the concurrently filed motion to dismiss by the Soros Defendants (the "Soros Brief"), and those of other co-defendants, to the extent they apply to Plaintiffs' claims against GACC and as noted throughout.

## PRELIMINARY STATEMENT

Plaintiffs filed a complaint against GACC and sixteen other defendants on September 8, 2008. On December 22, 2008, GACC and the other defendants moved to dismiss the complaint. Before the expiration of the time allowed for a response to the defendants' motions, the Plaintiffs filed the Amended Complaint. The amended allegations add absolutely nothing in the way of additional factual background against GACC. Thus, GACC's current motion to dismiss largely mirrors the motion to dismiss filed on December 22, 2008.

Over the course of 600 rambling and disconnected paragraphs, Plaintiffs contrive a misconceived tale centered on the 2003 sale of the GM Building and the sellers' failure to accept Plaintiffs' purported offer to purchase. At the time, the GM Building sale was the largest commercial real estate transaction in New York City history, and involved a number of entities and transactions to effectuate a closing. The complexity of these transactions coupled with

---

[1] More specifically, the Complaint sets forth three claims against GACCs: alleged violations of (1) RICO Section 1962(c), 18 U.S.C. § 1962(c) ("Count III"), (Am. Compl. ¶¶ 584-89); and (2) two violations of RICO Section 1962(d), 18 U.S.C. § 1962(d) ("Count IV" and "Count V"), (Am. Compl. ¶¶ 590-600). All three counts fail as a matter of law for the reasons outlined below.

Plaintiffs' disappointment over their failed bid to form the backdrop of the Complaint and the alleged factual "support" of Plaintiffs' claims.

While otherwise verbose, Plaintiffs make only a handful of factual allegations regarding GACC. (Am. Compl. ¶¶ 43; 45-46; 53; 61; 451; 454; 455; 469.) From these nine paragraphs, the crux of Plaintiffs' "case" is that GACC provided financial services to a handful of defendants and related parties in connection with the GM Building sale. Indeed, Plaintiffs allege nothing more than that GACC acted as a lender. Plaintiffs are wildly inaccurate in their allegations and mischaracterize, misconstrue or otherwise fabricate the events described. Further, the allegations often appear to be contradictory (Compare Am. Compl. ¶¶ 43; 45, with Am. Compl. ¶ 451) or are otherwise simply nonsensical. (See Am. Compl. ¶ 451 (stating parties "loaned 25 Million Dollars *to* German American" and "these purported loans were never repaid *to* German American . . .") (emphasis added).) Even when reading into the allegations to provide some meaning and treating them as entirely accurate, Plaintiffs still fall woefully short of any actionable RICO violation by GACC.

As shown below, the Complaint must be dismissed with prejudice because Plaintiffs have not plead, and cannot in good faith plead, the requisite elements of each claim.

- The Complaint fails to meet the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. See infra Part I.

- All three counts are barred by the four year statute of limitations period applicable to RICO claims. See infra Part II.

- Plaintiffs have not plead the elements required to bring any RICO action: that GACC (i) was a part of a RICO "enterprise;" (ii) engaged in a "pattern" of racketeering activity; and (iii) engaged in predicate acts. See infra Part III.

- Plaintiffs have not met the specific requirements of each RICO subsection: Count III fails by alleging GACC's participated through lending transactions, which has long been found insufficient conduct or participation under 1962(c); and (iv)

2

> Counts IV-V fails to allege any agreement between GACC and the other defendants to commit any RICO predicate acts. See infra Part IV.

- Plaintiffs' claims are barred by res judicata, or in the alternative by collateral estoppel, even as against non-parties to the State Action. See infra Part V.

## BACKGROUND[2]

GACC is an indirect, wholly-owned subsidiary of Deutsche Bank AG. Deutsche Bank AG is an international financial institution headquartered in Germany with more than eighty thousand employees and offices in more than seventy-five countries. Deutsche Bank AG is involved in many facets of the financial industry, including lending for commercial real estate transactions.

The allegations of the Complaint purportedly relate to the 2003 sale of the famed GM Building from Defendant Conseco, Inc. to Defendant Macklowe for $1.4 billion. While Plaintiffs fail to state a RICO claim against any defendant, the allegations against GACC are particularly scant and weak. Indeed, Plaintiffs have simply alleged that GACC acted as a lender and purportedly engaged in the following financial services:[3]

- "Soros and/or Fortress" caused Soros Credit II and Vornado GM (or Vornado GM III), to each "loan[]" $25 million to German American, (Am. Compl. ¶¶ 43; 45; 451), such loans being "never repaid to German American," (id. ¶ 451; see also id. ¶ 53) ("Transaction I");

- GACC then "loan[ed]" the funds received in Transaction I to Fifth Avenue 58/59 Mezzanine Fourth, LLC (id. ¶ 46; 454) ("Transaction II");

---

[2] On a motion to dismiss, the Court must accept all well-pleaded facts as true, but not "'unwarranted deductions of fact,'" First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (citation omitted), and conclusory allegations or "'legal conclusions masquerading as factual conclusions,'" De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996) (citation omitted). Thus, while GACC categorically denies Plaintiffs' claims of bankruptcy fraud, wire fraud, and money laundering, it recognizes that, for purposes of this motion, the well-pleaded factual allegations will be accepted as true.

[3] GACC does not concede the accuracy of the factual allegations.

3

- GACC loaned money for the purchase of the GM Building and took a first position mortgage (id. ¶¶ 392, 408) ("Transaction III"); and

- GACC gave Macklowe $25,808,000.36 at the closing of the GM Building ("Transaction IV").

These seven alleged events – that a bank <u>loaned</u> and <u>borrowed</u> money – are the <u>full extent</u> of Plaintiffs' factual allegations against GACC. In connection with these largely inaccurate allegations, Plaintiffs have not provided any factual support of RICO violations. Indeed, what is lacking in Plaintiffs' claims could fill far more than nine paragraphs.

## ARGUMENT

### I.    THE COMPLAINT FAILS TO MEET RULE 8 REQUIREMENTS.[4]

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to comport with Rule 8 should be dismissed under Rule 12(b)(6). See United States v. Bonanno Organized Crime Family of La Cosa Nostra, 683 F. Supp. 1411, 1428 (E.D.N.Y. 1988), aff'd, 879 F.2d 20 (2d Cir. 1989). Rule 8 ensures the complaint "'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Benedict v. Amaducci, No. 92 Civ. 5239 (KMW), 1995 WL 413206, at *10 (S.D.N.Y. July 12, 1995) (citation omitted). In the case of multiple defendants, a complaint must "'clearly specify the claims with which each particular defendant is charged.'" Bonanno, 683 F. Supp. at 1429 (citation omitted).

Plaintiffs claim GACC were both participants and conspirators in a RICO enterprise – "'the litigation equivalent of a thermonuclear device.'" Bell v. Hubbert, No. 95 Civ.

---

[4]   The Complaint also fails to meet the requirements set forth by the U.S. Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), under Rule 12(b)(6). See Soros Brief, 15-17.

4

10456 (RWS), 2007 WL 60513, at *5 (S.D.N.Y. Jan. 8, 2007) (citation omitted). Yet, despite leveling such a serious charge, the allegations against GACC are surprising scant. Of the twenty paragraphs within the "Summary of Facts" and "Factual Backround [sic]" that mention GACC, eleven "'lump[] all the defendants together'" and thus are facially deficient under Rule 8.[5] Appalachian Enters., Inc. v. ePayment Solutions Ltd., No. 01 CV 11502(GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) (citation omitted). Furthermore, the "allegations" against GACC contained within "The RICO Predicate Acts" section of the Complaint (see Am. Compl. ¶¶ 536-41) simply track the statutory language of the relevant sections[6] and thus are not to be considered when assessing the sufficiency of the Complaint. See Benedict, 1995 WL 413206, at *10 (dismissing complaint for Rule 8 deficiencies where the complaint "largely tracks the statutory language").

The remaining nine paragraphs of allegations against GACC are so limited in their factual scope as to render the Complaint "confused, ambiguous, vague, or otherwise unintelligible." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). For example, Plaintiffs refer to GACC's parent company, Deutsche Bank AG, as a "defendant," yet have not named Deutsche Bank as a defendant. (See Am. Compl. ¶ 257 n.7.) Further, the factual allegations are often jumbled to become nonsensical. (See, e.g., Am. Compl. ¶ 451 ("Soros Credit II and Vornado GM III each loaned 25 Million Dollars *to* German American . . . these purported loans were never repaid *to* German American.") Finally, the Complaint contains glaring careless

---

[5]   (Am. Compl. ¶¶ 28; 40; 136; 275; 323; 334; 414; 423; 446; 465; 476.)

[6]   Compare, e.g., Am. Compl. ¶ 536 ("German American Capital . . . violated the provisions of 18 U.S.C. §1962 (c) and (d), in that the said defendant conducted and/or participated in the conduct of the affairs of the criminal enterprise through a pattern of racketeering activity, and conspired with the other members of the enterprise to do so."), with 18 U.S.C. § 1962(c) ("It shall be unlawful for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . .").

5

errors. (See, e.g., Am. Compl. ¶ 540 ("German American Capital obtained a 1.1 *Million* Dollar mortgage on the GM Building . . .") (emphasis added).) The Complaint is replete with similar deficiencies, leaving GACC to "'select the relevant material from a mass of verbiage'" regarding the other defendants in order to respond to the nine claims based on just nine paragraphs. Salahuddin, 861 F.2d at 42 (dismissing complaint under Rule 8 that forces defendant "'to select the relevant material from a mass of verbiage'" (citation omitted)). Indeed, the pleadings require "a herculean effort to discern [the] precise claims" against GACC and thus should be dismissed under Rule 8. Warren v. Goord, No. 99 CV 296F, 2006 WL 1582385, at *8 (W.D.N.Y. May 26, 2006), aff'd, No. 06-3349, 2008 WL 5077004 (2d Cir. Nov. 26, 2008).

## II.    PLAINTIFFS' CLAIMS ARE TIME-BARRED.

Plaintiffs' claims were brought well after the four year limitations period expired. (See Soros Brief at Section 2(C).) Here, Plaintiffs make no allegations of any actions by GACC after 2003, and certainly no allegations of injury by any actions by GACC after 2003. Thus, the statute of limitations is not tolled. See, e.g., Wolf v. Wagner Spray Tech Corp., 715 F. Supp. 504, 508 (S.D.N.Y. 1989) (dismissing claim where "last act alleged to have injured plaintiffs . . . was . . . more than four years prior to the commencement of [the] action" (emphasis added)).

## III.   PLAINTIFFS FAIL TO ADEQUATELY PLEAD VIOLATIONS OF RICO SECTION 1962(c)-(d).

Plaintiffs allege that GACC violated RICO Section 1962(c)-(d). (Am. Compl. ¶¶ 426-58.) A RICO claim must allege acts even greater than "an egregious fraud." Wiltshire v. Dhanraj, 421 F. Supp. 2d 544, 557 (E.D.N.Y. 2005) (emphasis added) (noting plaintiff might have a "fraud case" but not a RICO action). All RICO sections require a showing that the defendant: (1) was a member of an enterprise, see Tenamee v. Schmukler, 438 F. Supp. 2d 438, 448 (S.D.N.Y. 2006); (2) engaged in a pattern of racketeering activity, see GICC Capital Corp. v.

6

Tech. Fin. Group, Inc., 67 F.3d 463, 465 (2d Cir. 1995); (3) consisting of <u>two or more predicate acts</u>. See id. "These 'requirements . . . must be established as to each individual defendant.'" Kades v. Organic Inc., No. 00 Civ. 3671, 2003 WL 470331, at *8 (S.D.N.Y. Feb. 24, 2003) (alteration in original) (quoting De Falco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001)).

**A.    Plaintiffs fail to adequately plead an enterprise.**

    1.    <u>Plaintiffs do not allege any common purpose</u>.

At the core of the Complaint is Plaintiffs' attempt to establish a RICO claim by weaving together ten defendants and two distinct events – the Conseco Bankruptcy and the GM Building sale. Outside of conclusory allegations, the Complaint is bereft of a connection between GACC and the Conseco Bankruptcy. See infra Part III(C)(3). Thus, Plaintiffs fail to allege that GACC shared a "common purpose" with the other defendants, many of whom were primarily involved in the Conseco Bankruptcy. Plaintiffs' attempt to connect GACC to "two distinct schemes or conspiracies," Nat'l Group for Commc'ns & Computers Ltd. v. Lucent Techs. Inc., 420 F. Supp. 2d 253, 271 (S.D.N.Y. 2006), to bring a RICO claim must fail. See id. at 272 (dismissing RICO claim because of "significant differences in the personnel and objectives of these two conspiracies").

    2.    <u>Plaintiffs fail to adequately plead a continuing unit</u>.

The Complaint is devoid of any allegation that GACC was functioning as a "continuing unit" with the other defendants. United States v. Turkette, 452 U.S. 576, 583 (1981). A "continuing unit" does not exist where, as here and as illustrated throughout the Complaint, the alleged "unit" was repeatedly engaged in internal litigation and threatened litigation <u>about the very subject of Plaintiffs' Complaint</u>. (Am. Compl. ¶¶ 231; 343.) Frequent litigation between the alleged enterprise members certainly cuts against a showing that all defendants "operated symbiotically," Cedar Swamp Holdings, Inc. v. Zaman, 487 F. Supp. 2d 444, 451 (S.D.N.Y.

7

2007), and "were actually working with one another . . . in a single . . . continuing unit." See Nat'l Group for Commc'ns, 420 F. Supp. 2d at 271.

   3. <u>Plaintiffs do not allege any ascertainable structure.</u>

   The Complaint fails to allege how GACC were a part of an "ascertainable structure" of the RICO enterprise. <u>Bank v. Brooklyn Law Sch.</u>, No. 97-CV-7470(JG), 2000 WL 1692844, at *4 (E.D.N.Y. Oct. 6, 2000). Plaintiffs appear to have included GACC by "merely stringing together a list of defendants" with any connection to the GM Building sale "and labeling them an enterprise." <u>Cedar Swamp</u>, 487 F. Supp. 2d at 450. Notably absent are allegations as to:

- How GACC entered the enterprise;
- How GACC interacted and communicated with other members of the enterprise; or
- How decisions were made within the organization regarding the role GACC would play.

Such deficiencies evidence a lack of any ascertainable structure. See <u>EQ Fin., Inc. v. Pers. Fin. Co.</u>, 421 F. Supp. 2d 1138, 1144 (N.D. Ill. 2006); <u>see also</u> <u>Zhu v. First Atl. Bank</u>, No. 05 Civ. 96 (NRB), 2005 WL 2757536, at *5 (S.D.N.Y. Oct. 25, 2005) (dismissing RICO claim where plaintiff failed to "'explain the members' coordinated roles in the enterprise or the interrelationship of the members' actions'" or allege "organizational elements binding the banks and [the enterprise]" (citation omitted)).

**B.** **Plaintiffs fail to adequately plead a pattern of racketeering activity**.

   1. <u>Plaintiffs fail to allege two or more predicate acts by GACC</u>.

   Stripped of any conclusory, inflammatory, or superfluous assertions, Plaintiffs purport to allege only <u>one</u> "predicate act," which is the conclusory allegation of money laundering (based upon nothing more than an assertion that a GACC, a financial institution, lent money). (Am. Compl. ¶¶ 451; 454-55; 469.) There has been absolutely no showing of <u>two or</u>

8

more acts as the statute requires. This deficiency alone warrants dismissal of Counts III-V against GACC. See GICC Capital Corp., 67 F.3d at 465 ("Under any prong of § 1962, a plaintiff . . . must establish . . . at least two predicate acts . . . .").

Even to the extent the Complaint is read to allege more than one action by GACC, the multiple actions would only qualify as a single "predicate act," where, as here, the actions are "really subparts of the same [predicate act]" and thus Plaintiffs are "'artificially fragmenting a singular act into multiple acts.'" M'Baye v. N.J. Sports Prod., Inc., No. 06 Civ. 3439 DC, 2007 WL 431881, at *9 (S.D.N.Y. Feb. 7, 2007) (citation omitted); see also Linens of Eur., Inc. v. Best Mfg., Inc., No. 03 Civ. 9612, 2004 WL 2071689, at *16 (S.D.N.Y. Sept. 16, 2004) ("[M]ultiple acts in furtherance of a single extortion episode constitute only a single predicate act of attempted extortion . . . .").

    2.    <u>Plaintiffs fail to allege the continuity requirement of a pattern</u>.

Plaintiffs allege no actions by GACC after the GM Building closing.[7]

**C.**     **Plaintiffs fail to adequately plead predicate acts of racketeering activity**.

Plaintiffs allege GACC committed three predicate acts: (1) wire fraud; (2) bankruptcy fraud; and (3) money laundering.

    1.    <u>Plaintiffs fail to adequately plead wire fraud</u>.

A plaintiff asserting wire fraud as a RICO predicate act must show "'(1) the existence of a scheme to defraud, (2) defendant's knowing or intentional participation in the

---

[7] Plaintiffs assert that GACC's parent company, Deutsche Bank (a non-party), allegedly loaned funds after 2003: Deutsche Bank allegedly loaned funds to Macklowe to purchase office buildings, and purchased equity owned by Fortress. (See Am. Compl. ¶¶ 479; 481). To the extent Plaintiffs seek to argue continuity through these allegations, they have clearly failed in their attempt to "buttress [a] weak argument with respect to 'continuity'" and "extend the duration of the scheme" by alleging additional acts by GACC beyond 2003. Ray Larsen Assocs., Inc. v. Nikko Am., Inc., No. 89 Civ. 2809 (BSJ), 1996 WL 442799, at *7 (S.D.N.Y. Aug. 6, 1996) (Jones, J.). Plaintiffs have not alleged that either transaction had any direct connection to the sale of the GM Building. Plaintiffs do not allege – and could not allege – any injury by these two acts. Where Plaintiffs fail to show an injury by the later acts, the scheme is not extended. See id.

9

scheme, and (3) the use of interstate mails or transmission facilities in furtherance of the scheme.'" United Republic Ins. Co. v. Chase Manhattan Bank, 168 F. Supp. 2d 8, 20 (N.D.N.Y. 2001) (quoting S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp., 84 F.3d 629, 633 (2d Cir. 1996)), aff'd, 40 F. App'x 630 (2d Cir. 2002), vacated on other grounds, 315 F.3d 168 (2d Cir. 2003). To meet the first requirement, the plaintiff must show the "existence of fraud and a misrepresentation that is material to the harm of the victim." Id. Even assuming the fanciful allegations of the Complaint are true, and GACC did indeed commit wire fraud, (Am. Compl. ¶¶ 43; 45-46; 451; 454; 465; 514; 539), Plaintiffs have not made any allegation whatsoever as any harm caused by this wire fraud. Indeed, there does not appear to be a way that GACC's transferring funds to other entities through wire fraud could ever have any material effect on Plaintiffs.

  2. Plaintiffs fail to allege any bankruptcy fraud.

Like the rest of Plaintiffs' complaint, it is entirely unclear whether Plaintiffs allege that GACC played a role in the alleged bankruptcy fraud. (Compare Am. Compl. ¶¶ 275; 334 (ostensibly grouping GACC in with multiple other defendants in an allegation of bankruptcy fraud), with Am. Compl. ¶¶ 536-41) (outlining all predicate acts allegedly committed by GACC and not mentioning bankruptcy fraud).) In any event, throughout 600 paragraphs of factual background and allegations, Plaintiffs make not one specific allegation that GACC had even a passing participation in the bankruptcy proceeding giving rise to the alleged bankruptcy fraud – let alone the who, what, when and where required of fraud allegations under Rule 9(b) of the Federal Rules of Civil Procedure. This total lack of factual support warrants dismissal pursuant to Rule 9(b). See Procapui-Productores de Camaroes De Icapui Ltda. v. Layani, No. 07-CV-6627 (BSJ), 2008 WL 3338199, at *3 (S.D.N.Y. Jan. 11, 2008) (Jones, J.) ("[A] court may reject,

10

for want of particularity, complaints that group defendants together or fail to particularize the wrongful acts attributable to each defendant.").

       3.    <u>Plaintiffs' money laundering allegations fail to allege the requisite state of mind</u>.

Plaintiffs must show that the defendants <u>knew</u> the funds were derived from the alleged "Narco Drug Trafficking, Black market arms dealing, prostitution slave trading, and Organized Crime syndicates." (Am. Compl. ¶ 489.) Despite these inflammatory and outrageous allegations, Plaintiffs failed to show any knowledge, whatsoever, on the part of GACC about these alleged unlawful sources of the money. Here, at best, Plaintiffs have made conclusory allegations that simply follow the language of the money laundering statute. (<u>See, e.g.</u>, Am. Compl. ¶ 451 (alleging a loan was "merely an attempt to hide the true nature, location, source, ownership or control of the proceeds of the unlawful activity.").) Courts routinely reject such perfunctory allegations that are conclusory or merely track the statutory language. See <u>Casio Computer Co. v. Sayo</u>, No. 98CV3772 (WK), 2000 WL 1877516, at *17 (S.D.N.Y. Oct. 13, 2000) (dismissing money laundering RICO claim based on "sweeping allegations" that "only provide conclusory statements that defendants' transactions were conducted with the purpose of concealing 'the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity'" (citation omitted)); <u>Bernstein v. Misk</u>, 948 F. Supp. 228, 236 n.2 (E.D.N.Y. 1997) (dismissing RICO action predicated on money laundering due to "conclusory assertions . . . unsupported by any facts").

**IV.   <u>PLAINTIFFS FAIL TO ADEQUATELY PLEAD THE SPECIFIC REQUIREMENTS OF RICO SECTION 1962(c)-(d).</u>**

In addition to showing the elements common to any RICO section, <u>see supra</u> Part III, Plaintiffs must also allege the specific requirements under each RICO subsection.

**A.   Plaintiffs fail to adequately plead "conduct or participation" under § 1962(c).**

11

Plaintiffs allege in Count III that GACC violated § 1962(c) by "laundering money." (Am. Compl. ¶ 537; see also id. ¶ 538-40). Plaintiffs allege GACC participated in the scheme by providing the same financial services any financial institution would regularly provide to any client. Courts have repeatedly held that providing financial services to a RICO enterprise does not constitute "conduct or participat[ion]," 18 U.S.C. § 1962(c), under § 1962(c). See, e.g., Berry v. Deutsche Bank Trust Co. Americas, No. 07 Civ. 7634 (WHP), 2008 WL 4694968, at *6-7 (S.D.N.Y. Oct. 21, 2008) (dismissing RICO claim against defendant bank that "loaned money [to the enterprise] in an arms length commercial transaction"); Rosner v. Bank of China, 528 F. Supp. 2d 419, 431 (S.D.N.Y. 2007) ("Regardless of how indispensable or essential such [banking] services may have been, rendering a professional service by itself does not qualify as participation in a RICO enterprise."). Indeed, even had GACC provided financial services to the enterprise knowing of the alleged fraud, which they did not, § 1962(c) "conduct or participat[ion]" would not be found. See, e.g., Berry, 2008 WL 4694968, at *6 ("'[P]rovid[ing] banking services – even with knowledge of the fraud is not enough' to state a RICO claim." (second alteration in original) (quoting Indus. Bank of Latvia v. Baltic Fin. Corp., No. 93 Civ. 9032 (LLS), 1994 WL 286162, at *3 (S.D.N.Y. Jun. 27, 1994))).

Perhaps more important, Plaintiffs "do[] not even attempt to allege that [GACC] participated in the operation or management of [the enterprise]." Brooklyn Law Sch., 2000 WL 1692844, at *5. Plaintiffs' failure to allege participation in the operation or management of the alleged scheme is fatal to the § 1962(c) against GACC. See Dubai Islamic Bank v. Citibank, N.A., 256 F. Supp. 2d 158, 163 (S.D.N.Y. 2003) ("Plaintiff has failed to plead its RICO claim(s) sufficiently because the [complaint] does not adequately allege that [defendant bank] took part in the 'operation or management' of the alleged scheme . . . .'"); Sundial Int'l Fund Ltd. v. Delta

12

Consultants, Inc., 923 F. Supp. 38, 41 (S.D.N.Y. 1996) ("[U]nder no possible set of allegations could it be found that the bank defendants . . . played any role in directing the affairs of the [enterprise].").

**B.      Plaintiffs fail to allege a conspiracy under 1962(d).**

"[E]ven if there were a RICO violation . . . '[b]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement.'" Ray Larsen Assocs., Inc. v. Nikko Am., Inc., No. 89 Civ. 2809 (BSJ), 1996 WL 442799, at *9 (S.D.N.Y. Aug. 6, 1996) (Jones, J.) (third alteration in original) (citation omitted). The Complaint is devoid of any specific allegation of such an agreement between GACC and any other defendants, and solely speaks to generic agreements amongst all the defendants. (See Am. Compl. ¶¶ 28; 46; 541.) These allegations "fail[] to allege any factual basis for a finding of conscious agreement among [the defendants] to commit predicate acts" and thus must be dismissed. Ray Larsen, 1996 WL 442799, at *9; see also Henry v. City of New York, No. 05 CV 6023(SJ)(RML), 2007 WL 1062519, at *5 (E.D.N.Y. Mar. 30, 2007) ("In order to survive a motion to dismiss [a 1962(d) claim] . . . must allege 'some factual basis for a finding of a conscious agreement among the defendants.'" (citation omitted)).

**V.      RES JUDICATA OR COLLATERAL ESTOPPEL BARS PLAINTIFFS' CLAIMS.**

Under the principle of res judicata, Plaintiffs' claims are barred by the dismissal of the State Action, (See Soros Brief at Section 2(A).), even where GACC were not parties to the State Action. (See Defendant FIG LLC's Memorandum of Law in Support of Its Motion to Dismiss The Amended Complaint ("FIG Brief"), at Section I(A).) In any event, collateral estoppel precludes Plaintiffs from alleging that the GM Building sale was unlawful or fraudulent. (See FIG Brief at Section I(B).)

13

## **CONCLUSION**

For the foregoing reasons, the Amended Complaint should be dismissed with prejudice.

Dated: New York, New York
       April, 24 2009

                                                     /s/ Jerome S. Hirsch
Jerome S. Hirsch (jerome.hirsch@skadden.com)
Scott D. Musoff (scott.musoff@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
 FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Defendant German American
 Capital Corp.