UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE DICK WORLDWIDE, LTD. and LESLIE DICK, | |
| Plaintiffs, | No.  08 CV 7900 (BSJ) (THK) |
| - v - | ECF Case |
| GEORGE SOROS, ET AL., | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CONSECO, INC. AND KIRKLAND & ELLIS LLP'S MOTION TO DISMISS THE AMENDED COMPLAINT

.

Reed S. Oslan, P.C.
S. Maja Fabula
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000
(312) 862-2200

*Attorneys for Conseco, Inc. and Kirkland & Ellis LLP*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ..............................................................................................................3

    I.    Plaintiffs' Claims Against Conseco And Kirkland Are Barred By *Res Judicata*.........................................................................................................3

    II.    Plaintiffs' RICO Claims Against Conseco And Kirkland Are Barred By The Statute Of Limitations......................................................................................5

    III.    Plaintiffs Fail To Sufficiently Allege RICO Claims Against Conseco Or Kirkland. ..............................................................................................7

            1.    Plaintiffs Fail To Allege Conseco Or Kirkland's Involvement In The Alleged Enterprise.......................................................7

            2.    Plaintiffs' Allegations Of Money Laundering Do Not Allege A Predicate Act Under RICO...............................................8

            3.    Plaintiffs' Allegations Of Bid-Rigging Do Not Allege A Predicate Act Under RICO. ...............................................9

            4.    Plaintiffs' Conclusory And Speculative Allegations About Conseco's Bankruptcy Proceedings Do Not State A Claim Of Bankruptcy Fraud. .......................................................9

            5.    Plaintiffs Fail To State A RICO Conspiracy Claim Against Conseco Or Kirkland. ...................................................10

    IV.    Plaintiffs Have Not Stated Any Claims Against Conseco. ....................................11

        A.    The Discharge Injunction Bars All Pre-Confirmation Claims Against Conseco. .......................................................................12

        B.    Plaintiffs' Claims Are Barred Because They Arose Prior To The Confirmation Of Conseco's Plan Of Reorganization. ...............................13

    V.    The Claims Against Conseco And Kirkland Should Be Dismissed With Prejudice. ...........................................................................................14

CONCLUSION...........................................................................................................15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Akhenaten v. Najee, LLC*,
    544 F. Supp. 2d 320 (S.D.N.Y. 2008)................................................................. 5

*Alpert's Newspaper Delivery Inc. v. New York Times Co.*,
    876 F.2d 266 (2d Cir. 1989).......................................................................... 4

*Amalgamated Sugar Co. v. NL Indus., Inc.*,
    825 F.2d 634 (2d Cir.1987)........................................................................... 4

*Bankers Trust Co. v. Rhoades*,
    859 F.2d 1096 (2d Cir. 1988)...................................................................... 13

*Carousel Foods of America, Inc. v. Abrams & Co., Inc.*,
    423 F. Supp. 2d 119 (S.D.N.Y. 2006)............................................................. 10

*Central Virginia Community College v. Katz*,
    546 U.S. 356 (2006).................................................................................. 12

*Cieszkowska v. Gray Line New York*,
    295 F.3d 204 (2d Cir. 2002).......................................................................... 3

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,
    385 F.3d 159 (2d Cir. 2004)...................................................................... 7, 9

*In re Duplan Corp.*,
    212 F.3d 144 (2d Cir. S.D.N.Y. 2000)............................................................. 13

*In re Manville Forest Products Corp.*,
    225 B.R. 862 (Bankr. S.D.N.Y. 1998)............................................................. 13

*In re Merrill Lynch Ltd. Partnerships Litigation*,
    154 F.3d 56 (2d Cir. 1998)........................................................................... 6

*In re Teltronics Services, Inc.*,
    762 F.2d 185 (2d Cir.1985)........................................................................... 5

*In re Waterman Steamship Corp.*,
    157 B.R. 220 (S.D.N.Y. 1993)..................................................................... 12

*In re WorldCom, Inc.*,
    339 B.R. 836 (S.D.N.Y. 2006)..................................................................... 13

*Klehr v. A.O. Smith Corp.*,
    521 U.S. 179 (1997)............................................................................... 6, 7

*Litle v. Arab Bank*,
    507 F. Supp. 2d 267 (E.D.N.Y. 2007) ............................................................................ 6

*Moore v. PaineWebber, Inc.*,
    189 F.3d 165 (2d Cir. 1999)............................................................................................. 9

*Morgan Consultants v. American Telephone and Telegraph Co.*,
    546 F. Supp. 844 (S.D.N.Y. 1982)................................................................................... 5

*Morin v. Trupin,*
    711 F. Supp. 97 (S.D.N.Y. 1989).................................................................................. 11

*Oggioni v. Oggioni,*
    46 A.D.3d 646, 848 N.Y.S.2d 245, 247 (2d Dep't 2007)............................................... 13

*Procapui-Productores de Camaroes De Icapui Ltda. v. Layani (Procapui I)*,
    No. 07-CV-6227, 2008 WL 3338199 (S.D.N.Y. Jan. 11, 2008) ....................................... 9

*Ray v. General Motors Acceptance Corp.*,
    No. 92-CV-5043, 1995 WL 151852 (E.D.N.Y. Mar. 28, 1995)........................................ 8

*Rotella v. Wood*,
    528 U.S. 549 (2000)......................................................................................................... 6

*Ruskay v. Jensen,*
    342 F. Supp. 264 (S.D.N.Y. 1972)................................................................................... 5

*Somerville House Management, Ltd. v. Arts & Entertainment Television*,
    No. 92-Civ-4705, 1993 WL 138736 (S.D.N.Y. April 28, 1993)....................................... 5

*Stolow v. Greg Manning Auctions, Inc.*,
    No. 03-7259, 2003 WL 22717684 (2d Cir. Nov. 17, 2003) ............................................ 7

*Waldman v. Village of Kiryas Joel*,
    39 F. Supp. 2d 370 (S.D.N.Y. 1999)................................................................................ 3

*Wexner v. First Manhattan Co.*,
    902 F.2d 169 (2d Cir. 1990)........................................................................................... 10

**Statutes**

11 U.S.C. § 1141 ..................................................................................................... 12, 14

11 U.S.C. § 524........................................................................................................... 12

Defendants Conseco, Inc. ("Conseco") and Kirkland & Ellis LLP ("Kirkland") submit this memorandum of law in support of their motion to dismiss the Complaint with prejudice. To avoid duplication of arguments, Conseco and Kirkland join the Brief In Support Of The Soros Defendants' Motion To Dismiss The Amended Complaint (the "Soros Brief"), filed on April 24, 2009, and refer to and incorporate by reference the legal and factual analysis set forth therein. Conseco and Kirkland submit this supplemental memorandum to address arguments specific to them.

## PRELIMINARY STATEMENT

Plaintiffs' Amended Complaint (the "Complaint") alleges that the Defendants acted in concert to perpetrate a vast RICO enterprise to which Plaintiffs fell victim. Plaintiffs' convoluted allegations span months of bankruptcy proceedings and involve a dozen different corporations and individuals. But the only injury Plaintiffs have even attempted to allege arises from the rejection of their offer to purchase the GM Building in 2003. And with this allegation, the true purpose of Plaintiffs' Complaint becomes clear: Plaintiffs are, once more, protesting the selection of Harry Macklowe as the purchaser of the GM Building.

Plaintiffs have already litigated these claims in New York State Court. Two years ago, Plaintiffs sued Conseco, Carmel Fifth, LLC ("Carmel Fifth")[1] and others involved in the GM Building sale. In this state action, Plaintiffs alleged that the GM Building sale had been "rigged" to favor Harry Macklowe and that Plaintiffs' offer to purchase the building should have been accepted. *See* Declaration of John Oller, dated April 24, 2009 [Dkt. # 129] ("Oller Decl.") Ex. B

---

[1] Carmel Fifth is an indirect subsidiary of Conseco and one of the original named defendants in this action. Plaintiffs' recent Amended Complaint does not name Carmel Fifth as a Defendant. *Compare* Compl. [Dkt. #1] at ¶¶ 11-42 (identifying parties) *with* Corrected Amended Compl. [Dkt. #126] at ¶¶ 97-129 (same).

(State Compl.) at ¶¶ 34, 49.  The New York Supreme Court dismissed Plaintiffs' Complaint as to all defendants.  (Oller Decl. Exs. C, D, F, and G.)  Just one week after exhausting every possible appeal of that dismissal, Plaintiffs filed their Complaint before this Court.  Only now, Plaintiffs recast their allegations as RICO, wire fraud, and bankruptcy fraud claims.  That Plaintiffs have chosen to proceed on different legal theories and sensational allegations is of no moment.  Plaintiffs' claims arise from their involvement in the GM Building sale and from a mistaken belief that their offer to purchase the GM Building was "the highest and best" offer which sellers should have accepted.  (Compl. ¶ 423.)  These same allegations formed the basis of Plaintiffs' State Action.  *See* Oller Decl. Ex. B (State Compl.) at ¶¶ 49-55.  Consequently, the New York State Court's dismissal of Plaintiffs' prior action is *res judicata* as to Plaintiffs' RICO claims in this action.

Even setting aside the *res judicata* effect of the State Action, it is clear that Plaintiffs' claims have no legal merit.  Plaintiffs' allegations of racketeering activity against Conseco and Kirkland relate to the GM Building sale and Conseco's bankruptcy proceedings, both of which concluded prior to September 9, 2003 — the day Conseco emerged from bankruptcy.  Plaintiffs make no allegations of fraud or racketeering activity by either Conseco or Kirkland after this date.  Plaintiffs' Complaint thus has two additional fatal flaws.  *First*, Plaintiffs delayed over five years before filing their claims against Conseco and Kirkland in this action.  But the statute of limitations period for RICO claims is four years.  In short, every count against Conseco and Kirkland is time-barred.  *Second*, Plaintiffs claims arose prior to September 9, 2003, the day Conseco's plan of reorganization was confirmed.  The Order confirming Conseco's plan of reorganization discharged Conseco from liability for all pre-confirmation claims and barred

2

further pursuit of such claims against both Conseco and its post-bankruptcy successor, "New Conseco."

## ARGUMENT

**I.     Plaintiffs' Claims Against Conseco And Kirkland Are Barred By *Res Judicata*.**

Plaintiffs' RICO claims are based, at bottom, on allegations of bid-rigging and bankruptcy fraud in connection with the GM Building sale.  *See* Soros Brief at 11-14.  These same allegations also formed the basis of Plaintiffs' New York State Court complaint. *Id.*  Like the Soros Defendants, Carmel Fifth and New Conseco were named defendants in the State Action.  *See* Oller Decl Ex. B (State Compl.) at ¶ 10. [2]  Furthermore, just as Plaintiffs' claims in the State Action against the Soros Defendants were dismissed, Plaintiffs' claims against Carmel Fifth and New Conseco were dismissed.  *Id.* at Ex. B (order granting motion to dismiss).  That dismissal was affirmed on appeal.  Accordingly, *res judicata* bars Plaintiffs from re-litigating their claims before this Court.  *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 204-06 (2d Cir. 2002) (upholding dismissal of plaintiff's claims against identical party named in first suit).

This *res judicata* bar applies equally to Plaintiffs' RICO claims against Conseco and Kirkland.  For *res judicata* to apply, the subsequent action must be between "the same parties or those in privity with them . . . ."  *Cieszkowska*, 295 F. 3d at 205.  *See further Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 381 (S.D.N.Y. 1999) ("*[R]es judicata* is available to a newly named defendant with a close or significant relationship to a defendant previously sued[.]")  The concept of privity "is to be applied with flexibility."  *Amalgamated Sugar Co. v. NL Indus., Inc.*,

---

2    New Conseco, a Delaware corporation, is the post-bankruptcy successor to Defendant Conseco, but New Conseco has not been named as a Defendant in this action.

825 F.2d 634, 640 (2d Cir. 1987).  Both Conseco and Kirkland possess sufficient relationship to the defendants in the original State Action to assert a *res judicata* defense.

First, Conseco is clearly in privity, for *res judicata* purposes, with the "Conseco" entity named in the State Action.  In the prior State Action, Plaintiffs sued "Conseco" except, unlike in this case, they named New Conseco, the post-bankruptcy successor and a Delaware corporation, as a defendant.  *See* Oller Decl. Ex. B (State Compl.) at ¶ 10.  In this action, Plaintiffs have named Conseco, an Indiana corporation which was dissolved shortly after its bankruptcy proceedings were completed, as a defendant.  (Compl. ¶ 103.)  Plaintiffs' naming of a different "Conseco" entity in this action does not allow them to circumvent *res judicata*.  "The issue is one of substance rather than the names in the caption of the case."  *Alpert's Newspaper Delivery, Inc. v. New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989).  *See further Amalgamated Sugar Co. v. NL Indus., Inc.,* 825 F.2d 634, 640 (2d Cir.1987) ("[A] finding of privity . . . depends on whether, under the circumstances, the interests of the [defendant] were adequately represented [in the earlier action].")  Furthermore, in both Plaintiffs' Complaint and the prior action, no distinction was ever made between Old and New Conseco.  Rather, Plaintiffs alleged in both actions that "Conseco" retained Eastdil to market the GM Building and that "Conseco" rigged the sale of the GM Building.  (*Compare* Oller Decl. Ex. B (State Compl.) at ¶¶ 21, 41 with Compl. ¶¶ 410, 417-21.)  This Court should therefore find that Plaintiffs' claims against Conseco are barred by *res judicata*.

Second, Kirkland should also be permitted to assert a *res judicata* defense because of its close relationship with the defendants named in the State Action.  Kirkland served as counsel to New Conseco and Carmel Fifth in the State Action.  Kirkland also represented Conseco in connection with the GM Building sale and during Conseco's bankruptcy proceedings.  (Compl.

¶¶ 121, 281.)  This attorney-client relationship establishes privity between the parties for the purpose of  the application of *res judicata*.  *See Morgan Consultants v. American Tel. and Tel. Co.*, 546 F. Supp. 844, 846-48 (S.D.N.Y. 1982) (attorney who represented defendant in first and second suits, but was not named in the earlier suits, was held to be in privity with client for application of *res judicata* when he was named in the third suit); *Akhenaten v. Najee, LLC*, 544 F. Supp. 2d 320, 329 (S.D.N.Y. 2008) (same).  Thus, the *res judicata* effect of the dismissal in the State Action applies equally to Plaintiffs' claims against Kirkland.

Finally, even setting aside their relationship to the defendants in the prior State Action, both Conseco and Kirkland are alleged to be co-conspirators with the Soros Defendants, who were defendants in the State Action.   (Compl. ¶¶ 14-20.)   It is well established that co-conspirators are in privity with their fellow conspirators for *res judicata* purposes.  *See In re Teltronics Services, Inc.,* 762 F.2d 185, 192 (2d Cir.1985) (newly-added defendant "was alleged to be a co-conspirator in the second Southern District action filed against the [other] defendants, and is entitled to the *res judicata* effect of that decision"); *Ruskay v. Jensen,* 342 F. Supp. 264, 270-71 (S.D.N.Y. 1972) (sufficient relationship existed between alleged co-conspirators to permit newly-added defendants to assert *res judicata* defense), *aff'd,* 552 F.2d 392 (2d Cir.), *cert. denied,* 434 U.S. 911 (1977); *Somerville House Management, Ltd. v. Arts & Entertainment Television*, No. 92-Civ-4705, 1993 WL 138736, at *2-3 (S.D.N.Y. April 28, 1993) (same).

This Court should therefore find that Plaintiffs' RICO claims against Conseco and Kirkland are barred by *res judicata*.

## II.   Plaintiffs' RICO Claims Against Conseco And Kirkland Are Barred By The Statute Of Limitations.

Plaintiffs' claims are based on allegations regarding the GM Building sale and bankruptcy fraud in connection with Conseco's bankruptcy proceedings.  All of this alleged

misconduct occurred prior to September 9, 2003.  *See* Soros Brief at 14, 30-34.  RICO claims, however, are subject to a four-year statute of limitations.  *See generally Klehr v. A.O. Smith Corp.* 521 U.S. 179, 190 (1997).  Because Plaintiffs delayed for five years in bringing their RICO claims, their RICO claims relating to the GM Building sale and Conseco's bankruptcy proceedings are time-barred.

Additionally, Plaintiffs clearly believed that they could bring RICO claims against Conseco and Kirkland no later than November 24, 2003.  On November 24, 2003, Plaintiffs threatened to bring RICO claims relating to their alleged injuries during the GM Building sale.  *See* Oller Decl. Ex. H at Ex. 1 thereto.  In fact, Plaintiffs specifically threatened to bring RICO claims against Conseco and its agents involved in the sale. *Id.*  Consequently, the limitations period for Plaintiffs' RICO claims as to Conseco and Kirkland began running no later than November 24, 2003.  *See In re Merrill Lynch Ltd. P'ships Litg.*, 154 F.3d 56, 58 (2d Cir. 1998) (statute of limitations begins running when Plaintiff discovers its injury);  *Little v. Arab Bank*, 507 F. Supp. 2d 267, 274 (E.D.N.Y. 2007) ("[T]he fact that [plaintiffs] were not aware of all possible defendants is not determinative of plaintiffs' awareness of their potential cause of action and does not delay the date of accrual, even if identification of other defendants was not immediately knowable"); *Rotella v. Wood*, 528 U.S. 549, 555 (2000) (same, as to RICO claims).

Despite having made this unambiguous threat of a RICO action, Plaintiffs assert that the statute of limitations should be tolled.  (Compl. ¶¶ 80-96.)  They contend that they were unable to ascertain the full, "concrete" extent of their injuries until 2008.  (*Id.*)   But there is no requirement that the amount of plaintiff's alleged damages be certain before a claim can accrue.  *See* Soros Brief at 32-33.

Finally, Plaintiffs' allegations regarding Mr. Macklowe's real estate investments in 2007 and 2008 do not save Plaintiffs' RICO claims against Conseco and Kirkland.[3]  (Soros Brief at 34-35.) It is well established that a "plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations period." *Klehr*, 521 U.S. at 190.  *See also Stolow v. Greg Manning Auctions, Inc.*, No. 03-7259, 2003 WL 22717684 (2d Cir. Nov. 17, 2003) (RICO and bid-rigging claims brought more than four years after alleged injury were barred by statute of limitations).

**III.     Plaintiffs Fail To Sufficiently Allege RICO Claims Against Conseco Or Kirkland.**

The Soros Brief succinctly identifies the numerous defects in Plaintiffs' RICO claims. Among other things, Plaintiffs' allegations of a RICO enterprise and "continuous" racketeering activity are insufficient as a matter of law, Plaintiffs have no standing to pursue RICO claims based on alleged racketeering conduct that caused them no injury, and Plaintiffs have failed to adequately plead the alleged predicate acts and elements of a RICO enterprise.  *See* Soros Brief at 30-48.   Conseco and Kirkland incorporate these arguments in full and address below additional issues specific to their circumstances.

**1.     Plaintiffs Fail To Allege Conseco Or Kirkland's Involvement In The Alleged Enterprise.**

Plaintiffs' Complaint attempts to allege an enterprise by listing all the Defendants and labeling them a conspiracy.  (Compl. ¶¶ 13-26.)  Far more, however, is required to allege an enterprise.  *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 175 (2d Cir. 2004) ("Plaintiffs' conclusory naming of a string of entities does not adequately allege an

---

[3] Indeed, Plaintiffs' allegations of racketeering activity in 2007 and 2008 do not even mention Conseco or Kirkland. (Compl. ¶¶ 478-86.)

enterprise.")  Plaintiffs' allegations must establish an ongoing organization grouped together for the common purpose of engaging in a course of conduct.  *See* Soros Brief at 35-37.  Plaintiffs' allegations fall woefully short of this standard.  In particular, Plaintiffs do not allege how or when Conseco and Kirkland joined this alleged enterprise.  Nor do they allege any coherent theory as to how the enterprise was run or which Defendants belonged to the enterprise.  Instead, Plaintiffs simply allege that virtually every action Conseco and Kirkland took in connection with Conseco's bankruptcy proceedings and the GM Building sale was "racketeering activity" or was in furtherance of the RICO enterprise.  *See, e.g.,* Compl. ¶ 281-307.  These conclusory allegations are insufficient to plead an enterprise, let alone that Conseco and Kirkland participated in one.

### 2. Plaintiffs' Allegations Of Money Laundering Do Not Allege A Predicate Act Under RICO.

Plaintiffs' Complaint alleges that the purpose of the RICO enterprise was to commit money laundering.  (Compl. ¶ 13.)  These spurious allegations are pure speculation.  As explained more fully in the Soros Brief, Plaintiffs have alleged that money was "laundered" but do not contain any factual allegations regarding the alleged "unlawful activity" or "criminally derived property" that are essential to an allegation of money laundering.  Soros Brief at 40.  *See, e.g., Ray v. General Motors Acceptance Corp.*, No. 92-CV-5043, 1995 WL 151852 (E.D.N.Y. Mar. 28, 1995) (plaintiff failed to plead predicate act of money laundering when "there were no allegations, let alone those with factual support, which indicated that defendant engaged in any transaction involving the proceeds of prior unlawful activity").  Therefore, Plaintiffs cannot sustain RICO claims against Conseco and Kirkland based on these conclusory allegations of money-laundering.

3.    **Plaintiffs' Allegations Of Bid-Rigging Do Not Allege A Predicate Act Under RICO.**

Plaintiffs' chief claim against Conseco and Kirkland is that they "rigged" the sale of the GM Building.  (Compl. ¶ 136.)  But bid-rigging is not a predicate act under RICO.  *See  Linens of Europe, Inc. v. Best Mfg., Inc.*, No. 03 Civ. 9612, 2004 WL 2071689, at *15 (S.D.N.Y. Sept. 16, 2004).  Accordingly, Plaintiffs cannot sustain RICO claims against Conseco and Kirkland based on these bid-rigging allegations.

4.    **Plaintiffs' Conclusory And Speculative Allegations About Conseco's Bankruptcy Proceedings Do Not State A Claim Of Bankruptcy Fraud.**

Nor can Plaintiffs sustain a RICO claim based on their alleged predicate acts of bankruptcy fraud.  A claim of bankruptcy fraud, like any fraud claim, is subject to the particularity requirements of Federal Rule of Civil Procedure 9(b).  *See First Capital Asset Mgmt. Inc. v. Satinwood, Inc.*, 385 F.3d at 178 (heightened pleading requirements apply to a complaint alleging bankruptcy fraud as a predicate act in a RICO case); *Procapui-Productores de Camaroes De Icapui Ltda. v. Layani)*, No. 07-CV-6227, 2008 WL 3338199, at *3  (S.D.N.Y. Jan. 11, 2008) (same).

Plaintiffs' Complaint fails to meet this standard.  Plaintiffs have simply appended "false," "fraudulent" or "racketeering activity" to their descriptions of pleadings filed by Kirkland, and strategies pursued by Conseco, in the Conseco bankruptcy proceedings.  Nor are any particulars provided "as to the respect in which plaintiffs contend the statements were fraudulent."  *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999).  Instead, Plaintiffs make conclusory allegations that the pleadings were in furtherance of the enterprise.  *See, e,g,* Compl. ¶ 347-49 (alleging arguments made regarding bankruptcy court's ability to exercise jurisdiction over disputes regarding the GM Building were fraudulent).  These vague allegations do not satisfy

Rule 9(b)'s pleading requirements. *See Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990) (allegations of fraud may not be based on speculative or conclusory allegations).

Finally, Plaintiffs' attempt to equate Kirkland's ordinary acts of representation to "bankruptcy fraud" fails as a matter of law. As examples of alleged "fraudulent offenses" by Kirkland, Plaintiffs cite Kirkland's willingness to file motions and pleadings with the bankruptcy court. (Compl. ¶¶ 285-94.) These ordinary acts of representation cannot reasonably be equated to racketeering activity. Indeed, the Southern District has held that "no reasonable attorney" can conclude that a law firm stating their client's legal position is an act "in furtherance of a RICO enterprise." *Carousel Foods of America, Inc. v. Abrams & Co., Inc.*, 423 F. Supp. 2d 119, 121 (S.D.N.Y. 2006) (sanctioning attorney and plaintiff under Rule 11 for bringing RICO claim against law firm where predicate acts were based on ordinary acts of representation).

In short, Plaintiffs have not pled with sufficient particularity a single misstatement by Conseco or Kirkland, nor explained the basis for their allegations that Conseco Defendants and Kirkland's representations to the bankruptcy court were false. Accordingly, Plaintiffs' Complaint does not satisfy Rule 9(b) and should be dismissed.

### 5. Plaintiffs Fail To State A RICO Conspiracy Claim Against Conseco Or Kirkland.

As explained above, as well as in the Soros brief, Plaintiffs' Complaint does not state RICO claims. Their conspiracy claim pursuant to §1962(d) fails for this reason alone. *See* Soros Brief at 39-40.

Additionally, Plaintiffs have not alleged any facts to support their claim of conspiracy. To state a RICO conspiracy claim under § 1962(d), "a plaintiff must plead as to each alleged co-conspirator: (1) an agreement to join the conspiracy; (2) the acts of each co-conspirator in furtherance of the conspiracy; and (3) that the co-conspirator knowingly participated in the

same" and agreed to the commission of two or more predicate acts.  *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F.Supp.2d 282, 303 (S.D.N.Y. 2000).   Plaintiffs, however, have not alleged any agreement by Kirkland and Conseco to join a conspiracy nor the manner in which Kirkland and Conseco joined this alleged conspiracy.   Plaintiffs instead allege nothing more than that all actions undertaken by Kirkland and Conseco during Conseco's bankruptcy proceedings were undertaken to advance the conspiracy.   These conclusory allegations fail to state a claim for RICO conspiracy.  *See Morin v. Trupin,* 711 F. Supp. 97, 111 (S.D.N.Y. 1989) ("bare allegations of 'conspiracy'" are "insufficient to support a civil RICO claim").

## IV.    Plaintiffs Have Not Stated Any Claims Against Conseco.

Plaintiffs' claims against Conseco fail as a matter of law for the simple reason that Conseco no longer exists.  Defendant Conseco was a corporation organized under the laws of Indiana.  *See* Compl. ¶ 103 (naming the Indiana corporation as defendant).   On December 17, 2002, Conseco filed a Chapter 11 petition for relief.  (Compl. ¶ 31); *In re Conseco, Inc.*, No. 02-B49672 (Bankr. N.D. Ill.)  The company ultimately emerged from bankruptcy on September 9, 2003 as Conseco, Inc., a Delaware corporation ("New Conseco"). (Compl. ¶ 444.)  This post-bankruptcy entity is not a defendant in this lawsuit.  Instead, Plaintiffs have sued Conseco, the pre-bankruptcy entity.  This careless pleading is fatal to their claims.  As with all bankruptcies, the confirmation of Conseco's plan of reorganization discharged Conseco from liability for pre-confirmation claims, including Plaintiffs' claims.  28 U.S.C. § 1141(d)(1); 11 U.S.C. § 524.

Plaintiffs apparently attempt to avoid the effect of discharge by simply appending "post-bankruptcy entity" to their allegations regarding Conseco.  *See, e.g.,* Compl. ¶¶ 557-59.  This appellation is meaningless.  Indeed, it makes no sense that Plaintiffs would attempt to attribute liability for actions allegedly taken during the bankruptcy proceedings to an entity which

11

Plaintiffs concede did not exist until *after* the bankruptcy proceedings were complete.  In fact, the post-bankruptcy New Conseco is a corporation organized under the laws of Delaware that has not been named a defendant in this action.  Thus, Plaintiffs' allegations regarding "post bankruptcy" Conseco are irrelevant.  Furthermore, Plaintiffs cannot cure this defect by simply amending or substituting New Conseco as a defendant.  Discharge in bankruptcy operates as an injunction against the pursuit of pre-confirmation claims. 28 U.S.C.§ 1141(d)(1); 11 U.S.C. § 524.  Consequently, regardless of whether Plaintiffs sue Conseco or New Conseco, their claims are barred.

### A.    The Discharge Injunction Bars All Pre-Confirmation Claims Against Conseco.

A primary purpose of the bankruptcy code is to give the debtor a "fresh start," free from prior liabilities.  As the United States Supreme Court has explained, "[c]ritical features of every bankruptcy proceeding are the exercise of exclusive jurisdiction over all of the debtor's property, the equitable distribution of that property among the debtor's creditors, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts."  *Central Virginia Community College v. Katz*, 546 U.S. 356, 364 (2006).  Central to the bankruptcy code's "fresh start" provisions is the concept of discharge.

Accordingly, the Bankruptcy Code provides that a discharge in bankruptcy discharges the debtor "from any debt that arose before the date of such confirmation" and further enjoins "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 1141(d)(1); U.S.C. § 524.  *See, e.g., In re Waterman Steamship Corp.*, 157 B.R. 220, 221 (S.D.N.Y. 1993) ("Under § 1141 of the Bankruptcy Code, the confirmation of a chapter 11 plan of reorganization discharges the debtor from any debt that arose prior to confirmation[.]")  This bar on the pursuit

12

of pre-confirmation debts applies equally to contingent liabilities. *In re Manville Forest Products Corp.*, 225 B.R. 862, 865 (Bankr. S.D.N.Y. 1998) ("Congress intended that the meanings of 'debt' and 'claim' be coextensive").

Here, it is undisputed that Conseco's plan of reorganization was confirmed on September 9, 2003. (Compl. ¶ 444.)   This confirmation discharges Conseco from liability for pre-confirmation debts and enjoins further pursuit of those claims.   As explained below, all of Plaintiffs' claims relate to alleged conduct before Conseco's discharge in bankruptcy and must therefore be dismissed with prejudice. *See, e.g., In re WorldCom, Inc.*, 339 B.R. 836, 838-39 (S.D.N.Y. 2006) ("Because neither Pinkston nor Browning have valid claims that arose subsequent to the confirmation of appellee's plan of reorganization, this Court affirms the bankruptcy court's ruling that appellants' claims are discharged").

### B.   Plaintiffs' Claims Are Barred Because They Arose Prior To The Confirmation Of Conseco's Plan Of Reorganization.

For the purpose of applying a bankruptcy discharge injunction, a claim arises "when the relationship between the debtor and the creditor contained all of the elements necessary to give rise to a legal obligation . . . under the relevant non-bankruptcy law." *In re Duplan Corp.*, 212 F.3d 144, 151 (2d Cir. 2000) (citation and internal quotations omitted).   Under New York law, a cause of action for RICO accrues at the time the plaintiff "discovered or should have discovered the injury." *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1102 (2d Cir. 1988).

Plaintiffs' Complaint in this action alleges only pre-confirmation claims.   First, Plaintiffs allege bid-rigging in connection with the GM Building sale.   Plaintiffs concede, however, that Harry Macklowe was publicly reported as the purchaser of the GM Building by August 30, 2003. (Compl. ¶ 436).   Second,   Plaintiffs allege fraud in connection with Conseco and Conseco Finance's bankruptcy proceedings.   Plaintiffs' claims relating to these allegations of fraud during

13

the bankruptcy proceedings are indisputably claims arising prior to the confirmation of Conseco's plan of the reorganization.  Finally, Plaintiffs make no allegation of fraud or misconduct by Conseco after it emerged from bankruptcy on September 9, 2003.  *See* Compl. ¶¶ 478-86.

In short, all of Plaintiffs' claims arose prior to the confirmation of Conseco's plan of reorganization.  Consequently, 11 U.S.C. § 1141 discharges Conseco from the contingent liabilities arising from Plaintiffs' claims, and 11 U.S.C. § 524 forbids Plaintiffs from further pursuing their pre-confirmation claims against the dissolved entity or the successor, New Conseco.

## V.     The Claims Against Conseco And Kirkland Should Be Dismissed With Prejudice.

The defects in Plaintiffs' Complaint cannot be cured.  Setting aside Plaintiffs' failure to sufficiently plead any of their claims, all of Plaintiffs' claims are barred by the statute of limitations or precluded by *res judicata*.  *See* Soros Brief at 49.  This Court should therefore dismiss all of the claims against Conseco and Kirkland with prejudice.

14

## CONCLUSION

For all of the reasons herein and in the Soros Brief and the briefs submitted by the other Defendants, the Amended Complaint against Conseco and Kirkland should be dismissed with prejudice.

April 24, 2009                                    Respectfully submitted,

                                                   /s/  S. Maja Fabula
                                                  _____

                                                  Reed S. Oslan, P.C. (admitted *pro hac vice*)
                                                  S. Maja Fabula
                                                  KIRKLAND & ELLIS LLP
                                                  300 North LaSalle
                                                  Chicago, Illinois  60654
                                                  Telephone:  (312) 862-2000
                                                  Facsimile:  (312) 862-2200
                                                  reed.oslan@kirkland.com

                                                  Counsel for Defendants Conseco, Inc. and
                                                  Kirkland & Ellis LLP