Douglas H. Flaum
douglas.flaum@friedfrank.com
Stephanie J. Goldstein
stephanie.goldstein@friedfrank.com
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
One New York Plaza
New York, New York 10004
212-859-8254 (telephone)
212-859-4000 (facsimile)

Attorneys for Defendant
Harry Macklowe

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

LESLIE DICK WORLDWIDE, LTD. and LESLIE
DICK,

                                   Plaintiffs,

                  - against -

GEORGE SOROS, SOROS FUND MANAGEMENT
LLC, FIG, LLC, VORNADO REALTY TRUST,
GERMAN AMERICAN CAPITAL CORP., EASTDIL
SECURED, LLC, HARRY MACKLOWE, CONSECO,
INC., KIRKLAND & ELLIS, LLP, DONALD J.
TRUMP, and John Does "1" through "10,"

                                  Defendants.

|  |  |
|---|---|
| : | No. 08 CV 7900 (BSJ/THK) |
| : | |
| : | ECF Case |

-------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF
## HARRY MACKLOWE'S MOTION TO DISMISS THE ACTION WITH PREJUDICE

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT...................................................................................................................... 3

I.      *RES JUDICATA* IS AN ABSOLUTE BAR TO PLAINTIFFS'
        ASSERTION OF RICO CLAIMS AGAINST MR. MACKLOWE
        BASED ON THE SALE OF THE GM BUILDING................................................ 3

II.     PLAINTIFFS DO NOT STATE A RICO CONSPIRACY CLAIM
        AGAINST MR. MACKLOWE................................................................................ 5

CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Buneo v. City of New York,*
   No. 05-CV-6022, 2007 WL 1062959 (E.D.N.Y. Mar. 3, 2007)................................6, 7

*Giannone v. York Tape & Label Inc.,*
   548 F.3d 191 (2d Cir. 2008)..................................................................................4

*Hecht v. Commerce Clearing House, Inc.,*
   897 F.2d 21 (2d Cir. 1990)...................................................................................6

*Int'l Bhd. of Teamsters v. Carey,*
   163 F. Supp. 2d 271 (S.D.N.Y. 2001)...................................................................7

*Klehr v. A.O. Smith Corp.,*
   521 U.S. 179 (1992)............................................................................................6

*Leslie Dick Worldwide, Ltd. v. Macklowe Properties Inc.,* Index No. 600222/2006
   (N.Y. Supreme Ct. Dec. 20, 2006) 857 N.Y.S.2d 86 (1st Dep't 2008),
   *denying leave to appeal,* 11 N.Y.S.3d 702 (2008)................................................4

*Maltz v. Union Carbide Chems. & Plastics Co.,*
   992 F. Supp. 286 (S.D.N.Y. 1998)........................................................................6

*Migra v. Warren City School Dist. Bd. of Educ.,*
   465 U.S. 75 (1984)..............................................................................................4

*Nat'l Group for Commc'ns & Computers Ltd. v. Lucent Techs. Inc.,*
   420 F. Supp. 2d 253 (S.D.N.Y. 2006)...................................................................7

*Reisner v. Stoller,*
   51 F. Supp. 2d 430 (S.D.N.Y 1999).....................................................................5

*Tafflin v. Levitt,*
   493 U.S. 455 (1990)............................................................................................5

*United States v. Int'l Longshoremen's Ass'n,*
   518 F. Supp. 2d 422 (E.D.N.Y. 2007) ..............................................................7 n.2

*Waldman v. Village of Kiryas Joel,*
   39 F. Supp. 2d 370 (S.D.N.Y. 1999)................................................................4 n.1

*Weinraub v. Glen Rauch Secs., Inc.,*
   419 F. Supp. 2d 507 (S.D.N.Y. 2005)...................................................................5

**Other Authorities**

Fed. R. Civ. P. 8 ...............................................................................................................7 n.2

Fed. R. Civ. P. 9(b) .................................................................................................................1

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1

Defendant Harry Macklowe ("Mr. Macklowe") respectfully submits this memorandum of law in support of his motion to dismiss the Amended RICO Complaint [corrected] of plaintiffs Leslie Dick Worldwide, Ltd. and Leslie Dick (together, "Plaintiffs") with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). In order to avoid unnecessary duplication, Mr. Macklowe respectfully incorporates herein by reference Sections I-III of the Brief in Support of the Soros Defendants' Motion to Dismiss the Amended Complaint dated April 24, 2009 ("Soros Brief").

## PRELIMINARY STATEMENT

Faced with motions to dismiss their initial pleading in this action, Plaintiffs chose to try to cure the obvious defects in that pleading by amending, rather than defending it. But their most recent attempt to justify this action — largely by the addition of allegations addressing the purportedly legal basis for avoiding application of *res judicata* and the statutory limitations bar — fails miserably.

Try as they might, Plaintiffs cannot endlessly litigate their grievance over the fact that were not the successful bidders in connection with the 2003 sale of the General Motors building ("GM Building"). Plaintiffs first asserted claims based on that exact issue against Mr. Macklowe (and many of the other defendants named in this action) in New York State court almost three years ago (the "State Court Action"). Specifically, as Plaintiffs forthrightly stated, the State Court Action was about:

> business fraud and conspiracy relating to the solicitation of bids, purchase and sale of the General Motors Building, 767 Fifth Avenue, New York, New York. . . . [D]efendants engaged in bid rigging and fraud by conspiring to have Plaintiffs' August 27, 2003 bid rejected and instead have the Building sold to . . . the limited partnership specifically formed and designated by Harry Macklowe, George Soros and the other defendants. . . .

*See* State Court Action Verified Amended Complaint ¶ 1 (emphasis added), attached as Exhibit A to the Declaration of Stephanie J. Goldstein.

The State Court Action was dismissed with prejudice. But as soon as Plaintiffs had exhausted all avenues of appealing that dismissal, they just started over here, by affixing the

1

RICO conspiracy and antitrust labels to their so-called factual allegations of "fraud and conspiracy relating to the solicitation of bids, purchase and sale of the" GM Building. *Id.* Plaintiffs have now jettisoned all of their claims against Mr. Macklowe other than for RICO conspiracy, but even were that single claim remotely plausible (it is not), it suffers from an incurable defect: *res judicata.*

Under New York's governing law, *res judicata* bars parties, like Plaintiffs, who have already litigated and lost, from attempting the litigation equivalent of a mulligan by pursuing new claims predicated on the same transaction as to which claims have already been conclusively resolved. And, as a multitude of courts have held, litigants — like Plaintiffs — may not apply new legal theories to already litigated claims as a means to end run application of *res judicata.* Here, the core of this action involves the sale of the GM Building — the transaction that was already the subject of the New York State Court Action.

Because Plaintiffs recognize that they have no basis to proceed under dispositive precedent, Plaintiffs now suggest that federal law, rather than New York law, is determinative, and that federal courts graciously permit multiple bites at the proverbial apple. They are wrong on both scores. As enunciated by the United States Supreme Court, the law of the jurisdiction rendering the judgment — here, New York — determines its preclusive affect. And, as to federal law, Plaintiffs' selective dissertation does not accurately reflect that law or its application to the circumstances here. Indeed, even under federal law, Plaintiffs would be precluded from going forward.

But even if Plaintiffs' RICO conspiracy claim against Mr. Macklowe were actually considered, it is absolutely clear that Plaintiffs' hodgepodge of previously aired grievances comes nowhere close to stating a claim. As a predicate matter, by waiting almost five years from accrual of their claim before actually filing this action, Plaintiffs let the four-year limitations period applicable to RICO claims to lapse. Recognizing the impact of their own delay, in their latest pleading, Plaintiffs allege that they can toll the limitations period because their injury from

2

the sale of the GM Building was speculative.  The law is otherwise, particularly where, as here, Plaintiffs affirmatively stated, even before commencing the State Court Action, that such a claim was available to them.

Apart from *res judicata* and the statutory time bar, Plaintiffs have not adequately alleged a claim against Mr. Macklowe.  Critically, while Mr. Macklowe is alleged to have conspired with the other defendants to commit money laundering, the Amended Complaint contains only conclusory allegations, not the requisite factual ones, demonstrating an agreement to commit at least two predicate acts.  Plaintiffs cannot simply repeat, *ad nauseam*, their allegation that Mr. Macklowe was Mr. Soros' straw man in the purchase of the GM Building without providing well-grounded factual details as to how that resulted in his participation in a conspiracy to launder money.

In any event, there can be no conspiracy without an underlying substantive claim, and here there is none.  Plaintiffs do not adequately allege that their purported injuries have any relationship to the alleged improper conduct, and they turn the entire concept of an enterprise on its head, repeatedly alleging that the amorphous "RICO Enterprise" is the actor, rather than the object of illicit activity as is the case within the RICO construct.  Nor do Plaintiffs actually allege money laundering.

In sum, RICO conspiracy — and the threat of treble damages — may sound appealing to Plaintiffs, but not prevailing in the bid for the GM Building hardly creates such a claim.  This action should be dismissed with prejudice.

## ARGUMENT

I.  *RES JUDICATA* IS AN ABSOLUTE BAR TO PLAINTIFFS' ASSERTION OF RICO CLAIMS AGAINST MR. MACKLOWE BASED ON THE SALE OF THE GM BUILDING

*Res judicata* protects a party, like Mr. Macklowe, from having to endure endless litigation with adversaries, who when unsatisfied with the results of a prior action, attempt to reverse their predicament in another case.  Because *res judicata* accords respect to a judgment,

3

the law of the jurisdiction that rendered the judgment at issue unequivocally governs. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984) ("[I]t is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *Giannone v. York Tape & Label Inc.,* 548 F.3d 191, 192-93 (2d Cir. 2008) (same). Here, the applicable law is that of New York, which holds that where a final decision on the merits has been reached in a prior action, a plaintiff is foreclosed from asserting additional claims against a defendant that are based on the same transaction or series of transactions, provided those claims could have been asserted in the prior action. Soros Brief Sec. II.A., p. 17-18.[1]

Here, Mr. Macklowe — like the Soros Defendants, the Conseco Defendants and Eastdil — was a party to Plaintiffs' State Court Action, which was dismissed on the merits in December 2006 by the New York Supreme Court. *Leslie Dick Worldwide, Ltd. v. Macklowe Properties Inc.,* Index No. 600222/2006 (N.Y. Supreme Ct. Dec. 20, 2006). That decision was affirmed by the Appellate Division in April 2008, and the New York Court of Appeals denied Plaintiffs' motion for leave to appeal just eight days before this action was filed. 857 N.Y.S.2d 86 (1st Dep't 2008), *denying leave to appeal,* 11 N.Y.S.3d 702 (2008).

Like the State Court Action, this proceeding also is centered upon one transaction: the sale of the GM Building. Amended Compl. ¶¶ 339-437. Plaintiffs chose not to pursue their RICO conspiracy claim against Mr. Macklowe in the State Court Action, even though Plaintiffs were free to do so and claim to have been aware of them. Soros Brief Sec. II.A., pp. 20-21. *See*

---

[1]     The addition of factual allegations to the pleading, like those here concerning Mr. Macklowe's purchase of seven office buildings from Blackstone in 2007 and Mr. Macklowe's sale of the GM Building in 2008 (Amended Compl. ¶¶ 478-80, 483-85), does not alter this result. *E.g., Waldman v. Village of Kiryas Joel,* 39 F. Supp. 2d 370, 377 (S.D.N.Y. 1999) ("[t]he pleading of additional incidents in a second complaint will not necessarily bar the application of *res judicata*"). These allegations have absolutely nothing at all to do with the injury for which Plaintiffs seek to recovery, and do not independently provide Plaintiffs any basis for relief.

4

*also Tafflin v. Levitt,* 493 U.S. 455 (1990) (state and federal courts have concurrent jurisdiction over RICO claims); *Reisner v. Stoller,* 51 F. Supp. 2d 430 (S.D.N.Y 1999) (same). But no matter how Plaintiffs attempt to disguise their claims, having previously adjudicated claims relating to their losing bid, Plaintiffs cannot now craft new legal theories in an attempt to pursue them. New York law is crystal clear that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred [by *res judicata*], even if based upon different theories or if seeking a different remedy." *Weinraub v. Glen Rauch Secs., Inc.,* 419 F. Supp. 2d 507, 513 (S.D.N.Y. 2005).

Plaintiffs, in their new pleading, address none of these points. Instead, Plaintiffs simply assert that because this action involves different facts, as well as allegations that were previously undiscoverable, *res judicata* does not apply. But, as discussed in the Soros Brief, these principles are based on a mischaracterization of both federal law (which does not apply in any event) and the facts. Soros Br. at II.A.

In sum, *res judicata* is a doctrine intended to prevent litigants, like these ones, from subjecting a party, like Mr. Macklowe, to repetitive litigation over the same issues.

## II.   PLAINTIFFS DO NOT STATE A RICO CONSPIRACY CLAIM AGAINST MR. MACKLOWE

The sole claim against Mr. Macklowe is for allegedly conspiring with the other defendants to engage in money laundering. In sum and substance, Plaintiffs assert, without factual support, that Mr. Macklowe was a straw man buyer for the GM Building (Amended Compl. ¶¶ 412-30), that Mr. Macklowe borrowed money from some of the defendants to finance an acquisition of seven office buildings in 2007 (Amended Compl. ¶¶ 478-82) — which Plaintiffs never assert that they tried to buy — and that the GM Building was sold by Mr. Macklowe in 2008 to avoid foreclosure. Amended Compl. ¶¶ 483-84. It is impossible to fathom how this creates a RICO conspiracy.

As a preliminary matter, even if there were a substantive claim, Plaintiffs waited too long to assert. Soros Brief Sec. II.C. Plaintiffs cannot revive their stale claims by the addition of allegations concerning Mr. Macklowe's purchase and related financing of buildings in 2007, and his sale of the GM Building in 2008 that have nothing to do with the underlying claim. Amended Compl. ¶¶ 478-82. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1992) (plaintiffs "cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts"). Nor can they claim, as they expressly do in the Complaint, that the limitations period was tolled because their injury was too speculative when the GM Building was sold, the only purported injury. Plaintiffs affirmatively stated in 2003 that their allegations of fraud and conspiracy in connection with the sale of the GM Building provided grounds to assert RICO claims. Soros Br. at pp. 14-15, Sec. II.A., pp. 23-24, Sec. II.C., pp. 31-32.

Moreover, because Plaintiffs have not actually alleged substantive RICO claims for money laundering, they cannot assert a RICO conspiracy claim based upon it. Soros Brief Sec. II.D.3, pp. 48-49. They have not alleged a viable enterprise, a cognizable claim of money laundering, a racketeering pattern or causation. In short, Plaintiffs have done nothing than note commercial transactions.

But, over and above those deficiencies, Plaintiffs fail to allege that Mr. Macklowe actually engaged in a RICO conspiracy. As the Second Circuit has stated,

> Because the core of a RICO civil conspiracy is an agreement to
> commit predicate acts, a RICO civil conspiracy complaint, at the
> very least, must allege specifically such an agreement.

*Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990). Accordingly, a "complaint must allege some factual basis for a finding of conscious agreement among the defendants." *Id.* at 26 n.4. *See also Maltz v. Union Carbide Chems. & Plastics Co.*, 992 F. Supp. 286, 310 (S.D.N.Y. 1998) ("at a minimum, a complaint sounding in conspiracy must either expressly allege an agreement on the part of the co-conspirators or put forth sufficient facts from which a trier of fact can infer that such an agreement was made."); *Buneo v. City of New York,*

6

No. 05-CV-6022, 2007 WL 1062959, at *5 (E.D.N.Y. Mar. 3, 2007) (RICO conspiracy requires that each defendant "by their words or actions, manifested a conscious agreement to commit any predicate acts" in furtherance of the common purpose of the enterprise."). And the agreement must be "to commit two predicate acts in furtherance of the common purpose of the RICO enterprise." *Int'l Bhd. of Teamsters v. Carey,* 163 F. Supp. 2d 271, 285 (S.D.N.Y. 2001).

Here, however, all Plaintiffs have done is repeat the conclusion that Mr. Macklowe acted as the strawman for other defendants, and financed other commercial real estate transactions. Simply claiming that these acts created a conspiracy is wholly insufficient without the requisite factual allegations that plausibly suggest an agreement to commit the money laundering acts at issue. *Nat'l Group for Commc'ns & Computers Ltd. v. Lucent Techs. Inc.,* 420 F. Supp. 2d 253, 272 (S.D.N.Y. 2006).[2]

---

[2]    Indeed, the 153-page, 600 paragraph Amended Complaint runs afoul of the more minimal notice pleading requirements under Fed. R. Civ. P. 8, which requires that a pleading provide a "short and plain statement" of the grounds for relief. Thus, under Rule 8, prolix, confused pleadings that fail to give fair notice of the claims being asserted against each of the Defendants and impose undue burdens on a defendant's ability to respond should be dismissed. *United States v. Int'l Longshoremen's Ass'n,* 518 F. Supp. 2d 422, 463 (E.D.N.Y. 2007).

## CONCLUSION

For all the foregoing reasons and those set forth in the Soros Brief insofar as incorporated herein, the Court should (i) dismiss the Complaint without leave to amend and the action with prejudice because any further amendment would be futile (Soros Br. Sec. III) and (ii) grant Mr. Macklowe such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            April 24, 2009

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By: /s/ *Stephanie J. Goldstein*
            Douglas H. Flaum
            Stephanie J. Goldstein

douglas.flaum@friedfrank.com
stephanie.goldstein@friedfrank.com
One New York Plaza
New York, New York 10004-1980
(212) 859-8000

Attorneys for Defendant
Harry Macklowe

7277013

8